UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

**LARYSSA JOCK, et al.,**

   Plaintiffs and Counterclaim Defendants,

   v.

**STERLING JEWELERS INC.,**

   Defendant and Counterclaim Plaintiff.

------------------------------------------------------------ x

Index No. 1:08 CV 2875 (JSR)

U.S. District Judge Jed S. Rakoff

**NOTICE OF MOTION FOR BIFURCATED SCHEDULING, CONSIDERATION, AND DISPOSITION OF LEGAL ISSUES RELATIVE TO THE WORKPLACE DISPUTE RESOLUTION AGREEMENT BETWEEN EACH PLAINTIFF AND DEFENDANT**

      PLEASE TAKE NOTICE that upon the accompanying Declaration of Gerald L. Maatman, Jr., Esq. and the accompanying Defendant and Counterclaim Plaintiff's Memorandum of Law in Support of its Motion for Bifurcated Scheduling, Consideration, and Disposition of Legal Issues Relative to the Workplace Dispute Resolution Agreement Between Each Plaintiff and Defendant ("RESOLVE"), Defendant Sterling Jewelers Inc. ("Sterling") will, before the Honorable Jed S. Rakoff, United States District Judge, at the United States Courthouse for the Southern District of New York, 500 Pearl Street, Room 620, New York, New York 10007-1312, move this Court for an Order: (i) bifurcating this litigation to address and dispose of the three threshold RESOLVE issues delineated in Sterling's Counterclaim prior to any other aspect of this litigation; (ii) staying any other aspect of this litigation pending the resolution of the three threshold RESOLVE issues delineated in Sterling's Counterclaim; (iii) directing that any and all decisions related to whether arbitrations conducted under RESOLVE must be conducted on an individual basis and not as a class or collective action be decided at the onset of the litigation before any other aspect of this litigation; (iv) directing that any and all decisions related to

whether the Court, not an arbitrator, decides whether or not Counterclaim Defendants' claims are time-barred pursuant to the terms of RESOLVE be decided at the onset of the litigation before any other aspect of this litigation; (v) directing that any and all decisions related to the appropriate limitations period and/or period of liability for claims of alleged violations of the Equal Pay Act set forth in Count III of Plaintiffs' First Amended Complaint does not begin on February 27, 2003, based on Plaintiffs' reliance on the alleged submittal of an individual RESOLVE claim by an individual employee on February 27, 2006, but rather begins two (2) years (for an alleged non-willful violation) or three (3) years (for an alleged willful violation) from the date that each employee filed her own action or appropriately filed an opt-in notice of consent to any existing action based on the period of liability as provided by the Equal Pay Act; and (vi) granting such other relief that the Court may deem just and proper.

In accordance with the Court's directives during the telephone conference on May 2, 2008, Defendant and Counterclaim Plaintiff is to serve its moving papers on May 2, 2008, Plaintiffs and Counterclaim Defendants are to serve their opposition papers by May 16, 2008,

and Defendant and Counterclaim Plaintiff shall serve its Reply by May 23, 2008.  Oral argument on the motion shall be on June 2, 2008 at 4:30 p.m.

Dated: New York, New York
　　　　May 2, 2008

                         Respectfully submitted,

                         SEYFARTH SHAW LLP


                         By: /s/ Gerald L. Maatman, Jr.
                            Gerald L. Maatman, Jr. (GM-3201)
                            gmaatman@seyfarth.com
                            Lorie E. Almon (LA-4937)
                            lalmon@seyfarth.com
                            David Bennet Ross (DR-8613)
                            dross@seyfarth.com
                            Richard I. Scharlat (RS-5127)
                            rscharlat@seyfarth.com
                       620 Eighth Avenue, 32nd Floor
                       New York, New York 10018-1405
                       Telephone: (212) 218-5500
                       Facsimile: (212) 218-5526


                       ZASHIN & RICH CO., L.P.A.
                       Stephen S. Zashin
                        *(petition for admission pending)*
                          ssz@zrlaw.com
                       55 Public Square, 4th Floor
                       Cleveland, Ohio 44113
                       Telephone: (216) 696-4441
                       Facsimile: (216) 696-1618

                       *Attorneys for Defendant and Counterclaim Plaintiff Sterling Jewelers Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2008, I electronically filed the foregoing NOTICE OF MOTION FOR BIFURCATED SCHEDULING, CONSIDERATION, AND DISPOSITION OF LEGAL ISSUES RELATIVE TO THE WORKPLACE DISPUTE RESOLUTION AGREEMENT BETWEEN EACH PLAINTIFF AND DEFENDANT with the Clerk of the United States District Court, Southern District of New York using the CM/ECF system, which sent notification of such filing to the following

>Joseph M. Sellers
>Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
>1100 New York Avenue, N.W.
>Suite 500, West Tower
>Washington, D.C. 20005
>
>Sam J. Smith
>Burr & Smith, LLP
>442 West Kennedy Blvd., Suite 300
>Tampa, FL 33606
>
>Thomas A. Warren
>The Law Offices of Thomas A. Warren
>2032-D Thomasville Road
>Tallahassee, FL 32308
>P.O. Box 1657
>Tallahassee, FL 32302
>
>Attorney for Plaintiffs And On Behalf
>Of All Counsel for Plaintiffs

      /s/ Gerald L. Maatman, Jr.
      Gerald L. Maatman, Jr.