# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

**LARYSSA JOCK, et al.,**

    Plaintiffs and Counterclaim Defendants,

       v.

**STERLING JEWELERS INC.,**

    Defendant and Counterclaim Plaintiff.

------------------------------------------------------- x

Index No. 1:08 CV 2875 (JSR)

U.S. District Judge Jed S. Rakoff

## DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR BIFURCATED SCHEDULING, CONSIDERATION, AND DISPOSITION OF LEGAL ISSUES RELATIVE TO THE WORKPLACE DISPUTE RESOLUTION AGREEMENT BETWEEN EACH PLAINTIFF AND DEFENDANT

Dated: May 2, 2008

SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
Telephone: (212) 218-5500
Facsimile: (212) 218-5526

ZASHIN & RICH CO., L.P.A.
55 Public Square, 4th Floor
Cleveland, Ohio 44113
Telephone: (216) 696-4441
Facsimile: (216) 696-1618

*Attorneys for Defendant and Counterclaim Plaintiff Sterling Jewelers Inc.*

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

*Chambers v. NASCO,*
    501 U.S. 32 (1991)............................................................................................3

*Hoffmann-La Roche Inc. v. Sperling,*
    493 U.S. 165 (1989)..........................................................................................3

*Jacobson v. Cohen,*
    151 F.R.D. 526 (S.D.N.Y. 1993) .....................................................................3

*Julian v. Equifax Check Services Inc.,*
    178 F.R.D. 10 (D. Conn. 1998).........................................................................4

*Marisol A. v. Giuliani,*
    126 F.3d 372 (2d Cir. 1997)..............................................................................3

## FEDERAL STATUTES AND RULES

Fed. R. Civ. P. 16.......................................................................................................1, 4

i

## PRELIMINARY STATEMENT

Defendant and Counterclaim Plaintiff Sterling Jewelers Inc. ("Sterling" or "Defendant") respectfully submits this memorandum of law in support of its motion for a scheduling order providing for the disposition of issues relative to the workplace dispute resolution agreement ("RESOLVE") between each Plaintiff and Defendant, pursuant to Fed. R. Civ. P. 16. The Court has the discretion under Rule 16(b) to create or modify a scheduling order which addresses all substantive pretrial issues, including the arbitrability of claims under RESOLVE. RESOLVE presents threshold issues before this Court that should be determined at the outset of these proceedings. Accordingly, pursuant to Rule 16, Sterling respectfully submits that legal issues stemming from RESOLVE and impacting the structure and viability of Plaintiffs' lawsuit should be addressed and disposed of before any other aspects of this litigation.

## STATEMENT OF FACTS

This case is brought by sixteen (16) named Plaintiffs as a class action with over 20,000 putative class members for alleged gender discrimination under Title VII of the Civil Rights Act of 1964, and a collective action for alleged unequal pay under the Equal Pay Act. (Declaration of Gerald L. Maatman, Jr., Esq. ("Maatman Decl."), ¶¶ 1,4.) On March 20, 2008, this Court issued its Notice of Court Conference and scheduling order setting a conference on May 14, 2008, for the purpose of case management and scheduling. (Id. at ¶3.)

Each of the named Plaintiffs entered into the RESOLVE workplace dispute resolution agreement with Defendant. On April 30, 2008, Sterling filed its initial responsive pleading including a Counterclaim, which raise a host of legal issues relative to the impact of RESOLVE on each named Plaintiff and the pending matter.

Specifically, in its Counterclaim filed on April 30, 2008, Sterling seeks a judgment from the Court declaring that:

1.      Any arbitrations conducted under RESOLVE must be conducted on an individual basis and not as a class or collective action;

2.      The claims of Counterclaim Defendants Pagan, Contreras, Maddox, McConnell, and House are time-barred or waived pursuant to the terms of RESOLVE; and

3.      The appropriate limitations period and/or period of liability for claims of alleged violations of the Equal Pay Act set forth in Count III of Plaintiffs' First Amended Complaint does not begin on February 27, 2003, based on Plaintiffs' reliance on the alleged submittal of an individual RESOLVE claim by an individual employee on February 27, 2006, but rather begins two (2) years (for an alleged non-willful violation) or three (3) years (for an alleged willful violation) from the date that each employee filed her own action or appropriately filed an opt-in notice of consent to any existing action based on the period of liability as provided by the Equal Pay Act.

## ARGUMENT

### I.   THIS COURT HAS THE AUTHORITY TO ADDRESS PRELIMINARY ISSUES

It is well settled that district courts have broad authority to manage proceedings in the interest of justice, fairness, and economy.  *See* Fed. R. Civ. P. 16(a) ("In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as ... establishing early and continuing control so that the case will not be protracted because of lack of management."); *see also Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989) ("This authority is well settled, as courts traditionally have exercised considerable authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (internal citations omitted); *Chambers v. NASCO*, 501 U.S. 32, 43-50 (1991) (discussing the courts' inherent authority to manage their case load).

When the litigation involves questions of complex and multiple issues of law and fact, courts are encouraged to exercise their discretion to simplify issues and expedite resolution.  *See* Fed. R. Civ. P. 16(c)(2)(L) (granting court authority to take action on "adopting special procedures for managing potentially difficult or protracted actions that may involve complex legal issues"); *Marisol A. v. Giuliani*, 126 F.3d 372, 379 (2d Cir. 1997) (Rule 16(c) grants the district court wide latitude at pre-trial conferences to narrow the issues); *Jacobson v. Cohen*, 151 F.R.D. 526, 527 (S.D.N.Y. 1993) (multiple parties and voluminous documentation involved "make the 'formulation and simplification of the issues' under [the Federal Rules] particularly important"); *see also* Manual for Complex Litigation 4th § 11.33 (listing actions by the court to help identify, define, and resolve issues in complex litigation).

Issues affecting the disposition of claims in an action should be managed through deadlines set pursuant to Rule 16.  *See Julian v. Equifax Check Servs. Inc.,* 178 F.R.D. 10 (D. Conn 1998).  Rule 16(b) is a tool for the district court to control its docket and provides for a timely resolution of disputes through the use of scheduling orders.  178 F.R.D. at 14.  The Rule 16 advisory committee notes indicate that all pretrial motions, including motions for summary judgment, were intended to be subject to Rule 16(b).  *Id.*  Addressing principal pretrial steps as a preliminary matter permits the court to intervene and assume judicial control at an early stage of the proceedings. *Id.* at 14; Fed. R. Civ. P. 16 Advisory Committee Notes, Introduction (1983 Amendment).

Given the complexity of the preliminary issues related to the RESOLVE program and the impact of their resolution on the direction of this litigation, Sterling submits that special procedures are warranted to address them as a threshold matter.

## II.    THIS COURT SHOULD ADDRESS THE RESOLVE ISSUES AS A THRESHOLD MATTER

Sixteen named Plaintiffs have brought this case as a class action with over 20,000 putative class members for alleged gender discrimination under Title VII of the Civil Rights Act of 1964, and a collective action for alleged unequal pay under the Equal Pay Act.  However, each named Plaintiff entered into the RESOLVE workplace dispute resolution program, thereby agreeing to use RESOLVE to resolve workplace disputes with Sterling.

Each of the individual RESOLVE agreements signed by the Counterclaim Defendants provide that:

> Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator.  Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator.  **However, where a party has already initiated a judicial proceeding** [like each of the Counterclaim Defendants], **a court may decide procedural questions that**

**grow out of the dispute and bear on the final disposition of the matter** (e.g., one (1) year for filing a claim).

(*See* Sterling's April 30, 2008 Counterclaim ¶ 28 and Ex. G, Docket Entry No. 19) (emphasis added).

The RESOLVE arbitration rules also state that:

> Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. **However, where a party already has initiated a judicial proceeding** [like each of the Counterclaim Defendants], **a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter** (e.g., one (1) year for filing a claim).

(*See* Sterling's April 30, 2008 Counterclaim ¶ 29 and Ex. G, Docket Entry No. 19) (emphasis added).

Because each of the Counterclaim Defendants has "initiated a judicial proceeding" within the meaning of RESOLVE by filing their Complaint in this lawsuit, this Court has the authority to decide the three causes of action set forth in Sterling's April 30, 2008 Counterclaim.

Sterling requests this Court to decide the impact of RESOLVE on this litigation as a threshold matter, including that: (1) any arbitrations conducted under RESOLVE must be conducted on an individual basis and not as a class or collective action; (2) this Court, not an arbitrator, decide whether or not Counterclaim Defendants' claims are time-barred pursuant to the terms of RESOLVE; and (3) the appropriate statutory Equal Pay Act limitations period and/or period of liability begins two (2) years (for an alleged non-willful violation) or three (3) years (for an alleged willful violation) from the date that each employee filed her own action or appropriately filed an opt-in notice of consent to any existing action based on the period of liability as provided by the Equal Pay Act., as certain named Plaintiffs' participation in RESOLVE does not circumvent the clear statutory requirements of the Equal Pay Act limitations periods.

Resolution of these three threshold RESOLVE issues will impact the viability and structure of Plaintiffs' action before this Court.  Indeed, resolution of these threshold issues will serve to achieve the orderly and expeditious disposition of this case. Accordingly, Sterling seeks an order:

(a)    Bifurcating this litigation to address and dispose of the three threshold RESOLVE issues delineated in Sterling's Counterclaim prior to any other aspect of this litigation;

(b)    Staying any other aspect of this litigation pending the resolution of the three threshold RESOLVE issues delineated in Sterling's Counterclaim;

(c)    Directing that any and all decisions related to whether arbitrations conducted under RESOLVE must be conducted on an individual basis and not as a class or collective action be decided at the onset of the litigation before any other aspect of this litigation;

(d)    Directing that any and all decisions related to whether the Court, not an arbitrator, decides whether or not Counterclaim Defendants' claims are time-barred pursuant to the terms of RESOLVE be decided at the onset of the litigation before any other aspect of this litigation;

(e).    Directing that any and all decisions related to the appropriate limitations period and/or period of liability for claims of alleged violations of the Equal Pay Act set forth in Count III of Plaintiffs' Amended Complaint does not begin on February 27, 2003, based on Plaintiffs' reliance on the alleged submittal of an individual RESOLVE claim by an individual employee on February 27, 2006, but rather begins two (2) years (for an alleged non-willful violation) or three (3) years (for an alleged willful violation) from the date that each employee filed her own action or appropriately filed an opt-in notice of consent

6

to any existing action based on the period of liability as provided by the Equal Pay Act; and

(f)     For such other relief that the Court may deem just and proper.

Dated: New York, New York
      May 2, 2008

                    Respectfully submitted,

                    SEYFARTH SHAW LLP

                    By: /s/ Gerald L. Maatman, Jr.
                      Gerald L. Maatman, Jr. (GM-3201)
                      gmaatman@seyfarth.com
                      Lorie E. Almon (LA-4937)
                      lalmon@seyfarth.com
                      David Bennet Ross (DR-8613)
                      dross@seyfarth.com
                      Richard I. Scharlat (RS-5127)
                      rscharlat@seyfarth.com
                  620 Eighth Avenue, 32nd Floor
                  New York, New York 10018-1405
                  Telephone: (212) 218-5500
                  Facsimile: (212) 218-5526

                  ZASHIN & RICH CO., L.P.A.
                      Stephen S. Zashin
                      *(petition for admission pending)*
                      ssz@zrlaw.com
                  55 Public Square, 4th Floor
                  Cleveland, Ohio 44113
                  Telephone: (216) 696-4441
                  Facsimile: (216) 696-1618

                  *Attorneys for Defendant and Counterclaim Plaintiff Sterling Jewelers Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2008, I electronically filed the foregoing DEFENDANT'S

MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR BIFURCATED

SCHEDULING, CONSIDERATION, AND DISPOSITION OF LEGAL ISSUES RELATIVE

TO THE WORKPLACE DISPUTE RESOLUTION AGREEMENT BETWEEN EACH

PLAINTIFF AND DEFENDANT with the Clerk of the United States District Court, Southern

District of New York using the CM/ECF system, which sent notification of such filing to the

following:

> Joseph M. Sellers
> Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
> 1100 New York Avenue, N.W.
> Suite 500, West Tower
> Washington, D.C. 20005
>
> Sam J. Smith
> Burr & Smith, LLP
> 442 West Kennedy Blvd., Suite 300
> Tampa, FL 33606
>
> Thomas A. Warren
> The Law Offices of Thomas A. Warren
> 2032-D Thomasville Road
> Tallahassee, FL  32308
> P.O. Box 1657
> Tallahassee, FL  32302
>
> Attorney for Plaintiffs And On Behalf
> Of All Counsel for Plaintiffs

> __/s/ Gerald L. Maatman, Jr._____
> Gerald L. Maatman, Jr.