UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LARYSSA JOCK, et al., : Index No. 1:08 CV 2875 (JSR)
:
: U.S. District Judge Jed S. Rakoff
Plaintiffs and Counterclaim Defendants, :
: **DECLARATION OF GERALD L.**
v. : **MAATMAN, JR., ESQ.**
:
STERLING JEWELERS INC., :
:
Defendant and Counterclaim Plaintiff. :
------------------------------------------------------------ x

      GERALD L. MAATMAN, JR., ESQ., being duly sworn, declares under penalty of perjury:

      1.      I am a member of the Bar of the State of New York and a partner in the firm of Seyfarth Shaw LLP, attorneys for Defendant and Counterclaim Plaintiff Sterling Jewelers Inc. ("Sterling") in the above-captioned case. This Declaration is submitted in support of Sterling's opposition to plaintiff's motion to refer this matter to arbitration and stay proceedings.

      2.      Sterling operates approximately 1,300 retail jewelry stores nationwide, with at least one store in each of the fifty states.

      3.      The operation of these stores are managed through two divisions, the In-mall division, which is comprised of in-mall stores (representing approximately 75% of all retail outlets) and the Jared Division, which is comprised of free-standing stores (representing the remaining 25% of Sterling's retail outlets).

      4.      Between the two divisions, there are several different store names, such as Kay Jewelers, Belden Jewelers, Jared the Galleria of Jewelry, and Osterman Jewelers.

      5.      Prospective employees can obtain employment by walking into any Sterling retail outlet and completing a written job application for a position at that store.

6. Prospective employees may apply for entry level jobs ranging from Office, Sales Support, and Inventory to more competitive positions, such as Sales, Diamond Department, and Store Manager.

7. The overwhelming number of applicants who are hired to work in the stores in which they applied for employment.

8. Plaintiffs used the press to publicize the filing of the lawsuit in federal court. Attached hereto as Exhibit A is a printout from plaintiffs' counsel's website which contains links to press about the litigation.

9. Prior to filing this lawsuit, Plaintiffs' counsel wrote to Sterling, expressly repudiating RESOLVE. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's counsel's letter to the American Arbitration Association, dated March 19, 2008.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed on May 19, 2008

    /s/ Gerald L. Maatman, Jr.
Gerald L. Maatman, Jr. (GM-3201)

# EXHIBIT A



## COHEN MILSTEIN HAUSFELD & TOLL

### Sterling Jewelers

Sterling Jewelers, the nation's largest chain of jewelry stores, was charged with committing widespread sex discrimination against its female retail sales employees in a class action lawsuit filed by Cohen Milstein, along with co-lead counsel Burr & Smith and Thomas A. Warren, in federal court in the Southern District of New York on March 18, 2008.

Sterling Jewelers operates more than 1300 stores located in shopping malls and centers in every state in the nation. The stores operate under at least 12 retail brand names, including Jared The Galleria of Jewelry, Kay Jewelers, Belden Jewelers, JB Robinson Jewelers, Marks & Morgan Jewelers, Weisfield Jewelers, Osterman Jewelers, Shaw's Jewelers, Rogers Jewelers, LeRoy's Jewelers, Goodman Jewelers and Friedlanders Jewelers.
The suit was filed by 15 current and former female employees who have worked at stores located in New York, Florida, California, Texas, Indiana, Missouri, Massachusetts, Nevada and New Jersey. The suit claims Sterling Jewelers has engaged in a pattern or practice of sex discrimination by denying female retail sales employees equal opportunities to be promoted into and within management jobs, and by paying them less than men performing the same work, at the same levels, in the same stores and at the same time period. The suit seeks fundamental changes to Sterling's personnel policies, as well as awards of earnings and benefits lost because of discrimination and compensatory and punitive damages.
"While Sterling Jewelers sold more than $ 1 billion in jewelry last year, it failed to pay the women behind the counter the same wages it paid men and failed to offer them the same chances for promotion." said

### Documents

- Class Action Complaint - March 18, 2008
- Co-Counsel Information

### News

- Press Release - March 19, 2008
- Jewelry Giant Not a Girl's Best Friend: Suit - March 20, 2008
- Sterling Jewelers Inc. Target of Sexual Bias Lawsuit - March 20, 2008
- Sex Bias Suit Filed Against Sterling Jewelers - March 19, 2008

### Attorneys

- Joseph M. Sellers
- Jenny R. Yang
- Sahar F. Aziz

Joseph M. Sellers, a partner in Cohen Milstein Hausfeld & Toll, PLLC and co-lead counsel for the plaintiffs.

Sam J. Smith, Burr & Smith, co-lead counsel said, "It is outrageous that female employees with similar experience were hired for several dollars per hour less than male employees working in the same job in the same store."

"Sterling treated female employees as second class citizens in their promotion practices as well and gave preferences to men who were significantly less qualified," added Tallahassee attorney and co-lead counsel Thomas A. Warren.

After examining sworn charges of discrimination filed by the plaintiffs and reviewing statistical analyses of Sterling's workforce data, the U.S. Equal Employment Opportunity Commission (EEOC) found reasonable cause on January 3, 2008, to believe Sterling subjected its female retail sales employees throughout the company "to a pattern or practice of sex discrimination in regard to promotion and compensation."

Sterling Jewelers is wholly owned by the UK-based company Signet. It is traded on the NYSE as SIG.

The plaintiffs' attorneys have established a toll-free number for individuals who have information regarding the allegations or who want information about the lawsuit; that number is 866 854-5152.

Cohen, Milstein, Hausfeld & Toll, P.L.L.C.　　1100 New York Ave. NW, Ste 500, West Tower　　Washington, D.C. 20005
T: 202.408.4600　F: 202.408.4699　E: lawinfo@cmht.com　© 2008 CMHT, All Rights Reserved
Attorney Advertising　Prior results do not guarantee a similar outcome.

# EXHIBIT B



# COHEN MILSTEIN
## HAUSFELD & TOLL PLLC



RECEIVED
MAR 20 2008
Employee Relations

Joseph M. Sellers
(202) 408-4600
jsellers@cmht.com

March 19, 2008

**VIA OVERNIGHT DELIVERY**

Sterling Jewelers, Inc.
Att: Joseph L. Spagnola
RESOLVE Program Administrator
375 Ghent Road
Akron, OH 44333

      Re:   Claims of Laryssa Jock, Jacquelyn Boyle, Christy Chadwick, Lisa Follett, Maria House, Carol King, Denise Maddox, Lisa McConnell, Carolyn Morse, Gloria Pagan, Judy Reed, Linda Rhodes, Khristina Rodrigues, Nina Shahmirzadi, Leighla Smith, Sharon Scroggins, Tana Shiver, Dawn Souto-Coons and Marie Wolf

Dear Mr. Spagnola:

      We represent the women named above, each of whom has submitted EEOC charges alleging a pattern or practice of sex discrimination in promotion and compensation decisions at Sterling Jewelers stores in violation of Title VII of the Civil Rights Act of 1964. At your insistence, each of these women also filed a complaint in accordance with RESOLVE Program requirements, alleging the same claims previously filed with the EEOC and fifteen of them also alleged violations of the Equal Pay Act on behalf of themselves and all other similarly-situated women. As you know, the parties agreed to suspend proceedings in the RESOLVE Program in order to explore the possibility of resolving the claims of the charging parties and others similarly situated. On February 26, 2008, the parties agreed that the mediation process, which was ongoing for more than a year, has failed.

      Accordingly, on behalf of each of the women named above and all others similarly situated, we hereby provide notice of their intention to proceed with litigation of their claims. As Sterling Jewelers and the charging parties on behalf of themselves and all other similarly-situated women have engaged in multiple sessions of mediation, before two different mediators, and engaged in an extensive Early Neutral Evaluation of the same claims already pending in the

1100 New York Avenue, N.W.    Suite 500, West Tower    Washington, D.C. 20005    t: 202 408 4600    f: 202 408 4699    www.cmht.com

Washington, D.C.    New York    Philadelphia    Chicago    San Francisco    London

Mr. Joseph L. Spagnola
March 19, 2008
Page 2

RESOLVE Program, no further purpose would be served by utilizing the mediation process prescribed by the RESOLVE Program.

Although the RESOLVE Program provides for arbitration of claims not resolved in the earlier stages of the process, we believe that at least two features of the arbitration program offered to participants in the RESOLVE Program render it unenforceable. First, the Program fails to shift to Sterling Jewelers the costs associated with initiating the arbitration process. *See* Sterling Jewelers, Inc. RESOLVE Program Guidelines and Supplementary Arbitration Rules. Those costs include a requirement to pay the AAA filing fee of $3,250 and another required payment to the AAA that will likely exceed $50,000 as the amount increases with the monetary value of the filed claims. *See* American Arbitration Association, Supplementary Rules for Class Arbitrations, Rule 11; Employment Arbitration Rules; and Commercial Arbitration Rules, www.adr.org. As each of these costs greatly exceeds the filing fee required by the federal courts, the arbitral forum cannot serve as an equivalent forum in which to pursue these claims. *Green Tree Fin. Corporation-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). Moreover, the terms of arbitration that Sterling has imposed prohibit an arbitrator to modify a company rule, policy, or procedure in making his decision. *See* Sterling Jewelers Inc. RESOLVE Program Arbitration Rules. As that term bars an arbitrator from awarding injunctive relief, the centerpiece of the relief Courts normally consider awarding under Title VII of the Civil Rights Act of 1964, it too would preclude the arbitration from serving as a forum equivalent to the courts. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628 (U.S. 1985) ("by agreeing to arbitrate statutory claims, a party does not forgo the substantive rights afforded by the statute"). As such, these terms, among others, render unenforceable Sterling's requirement that the charging parties confine enforcement of their discrimination claims to arbitration.

In the absence of an enforceable requirement that the charging parties named above adjudicate their claims in arbitration, they elect to prosecute their claims of sex discrimination on behalf of themselves and all others similarly situated in a judicial forum.

Very truly yours,

Sam Smith            Joseph M. Sellers            Thomas Warren

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2008, I electronically filed the foregoing Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Refer to Arbitration and Stay the Litigation and the Declaration of Gerald L. Maatman, Jr., Esq., together with Exhibits A and B, with the Clerk of the United States District Court, Southern District of New York using the CM/ECF system, which sent notification of such filing to the following:

>Joseph M. Sellers
>Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
>1100 New York Avenue, N.W.
>Suite 500, West Tower
>Washington, D.C. 20005
>
>Sam J. Smith
>Burr & Smith, LLP
>442 West Kennedy Blvd., Suite 300
>Tampa, FL 33606
>
>Thomas A. Warren
>The Law Offices of Thomas A. Warren
>2032-D Thomasville Road
>Tallahassee, FL  32308
>P.O. Box 1657
>Tallahassee, FL  32302
>
>Attorney for Plaintiffs And On Behalf
>Of All Counsel for Plaintiffs

  /s/ Gerald L. Maatman, Jr.
  Gerald L. Maatman, Jr.