## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
                                     :

**LARYSSA JOCK, et al.,**            :

                                     :

           Plaintiffs, on behalf of    :
           themselves and others
           similarly situated         :    Index No.  1:08-cv-02875 (JSR)

                                     :

      -against-                        :

                                     :

**STERLING JEWELERS INC.,**       :

                                     :

           Defendant.              :

                                     :

---------------------------------------- X

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE COUNTERCLAIMS FROM THE PLEADINGS PURSUANT TO RULE 12(f) OR, IN THE ALTERNATIVE, <u>MOTION TO DISMISS COUNTERCLAIMS PURSUANT TO RULE 12(b)(6)</u>

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II.     FACTUAL AND PROCEDURAL BACKGROUND  . . . . . . . . . . .  2

III.    ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

        A.      STERLING'S COUNTERCLAIMS ARE DEFENSES TO
                BE RAISED DURING MANDATORY ARBITRATION,
                AND THUS SHOULD BE STRICKEN AS REDUNDANT,
                IMMATERIAL, AND IMPERTINENT . . . . . . . . . . . . . . . .  4

                1.      The Enforceability of the Arbitration Agreement
                        Makes The Issues Raised in the Counterclaims
                        Redundant, Immaterial, and Impertinent to These
                        Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

                2.      Sterling's Counterclaims Are Redundant,
                        Immaterial, And Impertinent  . . . . . . . . . . . . . . . . . . .  7

        B.      THE COURT MUST DISMISS STERLING'S
                COUNTERCLAIMS PURSUANT TO FEDERAL RULE
                CIVIL PROCEDURE 12(b)(6) BECAUSE THEY FAIL
                TO STATE A CLAIM UPON WHICH RELIEF CAN BE
                GRANTED IN THESE PROCEEDINGS  . . . . . . . . . . . . . .  8

                1.      The Federal Arbitration Act Supersedes Sterling's
                        Choice of Forum Provision  . . . . . . . . . . . . . . . . . . . .  10

                2.      Sterling's Counterclaims For Declaratory Relief
                        Are Defenses That The Court Should Dismiss  . . . . .  13

IV.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

## **TABLE OF AUTHORITIES**

**Cases**

*Aeronaves de Mexico, SA v. Triangle Aviation Services, Inc.*,
  389 F. Supp. 1388 (S.D.N.Y. 1974)................................................................. 14
*Brown v. Stone*, 66 F.Supp.2d 412 (E.D.N.Y. 1999) ........................................ 14
*Certain Underwriters At Lloyds, London v. Cravens Dargan & Co.*,
  197 Fed. Appx. 645 (9th Cir. 2006).................................................................. 8
*Conley v. Gibson*, 355 U.S. 41 (1957) ............................................................... 9
*Conticommodity Services, Inc. v. Philipp & Lion*, 613 F.2d 1222 (2d Cir. 1980)........ 7, 11
*CPR (USA) Inc., v. Philip*, 187 F.3d 245 (2d Cir. 1999) ................................... 6
*David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*, 923 F.2d 245
  (2d Cir.), *cert. dismissed*, 501 U.S. 1267 (1991) ........................................ 10
*Davox Corp. v, Ditigal Sys. Int'l, Inc.*, 846 F. Supp 144 (D. Mass. 1993) ...................... 15
*Great American Insurance Co. v. Houston General Insurance Co.*,
  735 F. Supp 581 (S.D.N.Y. 1991)..................................................................... 14
*Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003) ........................................ 6, 7
*Hall Street Associates, LLC v. Mattel*, 128 S. Ct. 1396 (2008) ................................... 9, 12
*Hann v. Venetian Blind Corp.*, 15 F.Supp. 372 (S.D. Cal. 1936) ................................... 15
*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002)........................................ 5, 12
*John Wiley & Sons, Inc., v. Livingston*, 376 U.S. 543 (1964) ...................................... 6
*Lewis v. Shaffner Store Co.*, 218 F. Supp. 238 (S.D.N.Y. 1963)..................................... 4
*Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976) .......................... 4
*Mitsubishi Motors Corp, v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) ............ 6
*Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 (1983)..................... 10
*North American Airlines, Inc. v. International Brotherhood of Teamsters,*
   *AFL-CIO, et al.*, 2005 U.S. Dist. LEXIS 4385 (S.D.N.Y. March 20, 2005) .............. 15
*Preston v. Ferrer*, 128 S. Ct. 978 (2008) ......................................................... 12
*Prima Paint Corp. v. Flood & Conkline Mfg. Co.*, 388 U.S. 395 (1967)........................ 10
*Public Service Commission of Utah, et al. v. Wycoff Company*,
  344 U.S. 237 (1952)..................................................................................... 13, 15
*Quanta Specialty Lines Ins. Co. v. Investors Capital Corp.*,
  2008 U.S. Dist. LEXIS 35319 (S.D.N.Y. Apr. 30, 2008)........................................ 9, 14
*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ........................................................... 9
*Schweizer Aircraft Corp. v. Local 1752, Int'l Union, United Auto.,*
  *Aerospace & Agric. Implement Workers*, 29 F.3d 83 (2d Cir. 1994) ...................... 7
*Sturge v. Diversified Transport Corporation, Berman Enterprises, Inc.*,
  772 F. Supp. 183 (S.D.N.Y. 1991).................................................................. 14, 15
*Tepper Realty Co. v. Mosaic Tile Co.*, 259 F. Supp. 688 (S.D.N.Y. 1966)..................... 11
*World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362 (2d Cir. 1965) ................ 11


**Statutes**

Equal Pay Act, 29 U.S.C. § 206(d)(1) ........................................................ passim
Federal Arbitration Act, 9 U.S.C. § 1 ........................................................... 5
Federal Arbitration Act, 9 U.S.C. § 2 ........................................................... 10

Federal Arbitration Act, 9 U.S.C. § 3 ...................................................................... passim
Federal Arbitration Act, 9 U.S.C. § 4 ...................................................................... passim
Federal Arbitration Act, 9 U.S.C. § 9 ............................................................................ 12
Federal Arbitration Act, 9 U.S.C. § 10 .......................................................................... 12
Federal Arbitration Act, 9 U.S.C. § 11 .......................................................................... 12
Title VII of the Civil Rights Act of 1964 .................................................................. passim

## Other Authorities

*Moore's Federal Practice*, Chapter 2-12, Civil § 12.37 (2007) ........................................ 4

## Rules

Federal Rules Civil Procedure, Rule 12(f) ................................................................... 1, 4
Federal Rules of Civil Procedure, Rule 12(b)(6) ................................................... 1, 4, 8, 15

## I.    INTRODUCTION

Plaintiffs file this motion to strike the Counterclaims of Defendant Sterling Jewelers Inc. ("Sterling") as redundant, immaterial, and impertinent pursuant to Rule 12(f) of the Federal Rules Civil Procedure or, in the alternative, dismiss Sterling's Counterclaims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Sterling's Counterclaims attempt, through the vehicle of requests for declaratory relief, to interpose matters properly within the purview of arbitration into a judicial forum.  Once a court has established that the parties agreed to arbitrate their claims, under prevailing federal law, the type of issues Sterling asserts in its Counterclaims are for an arbitrator to decide.  In the instant case, no party contends that they have not agreed to arbitrate the Title VII and Equal Pay Act claims that are the subject of this litigation. Sterling's Counterclaims seek a declaration from the Court on issues directly related to Plaintiffs' Title VII and Equal Pay Act claims, including whether the claims may proceed in a class arbitration, whether certain Plaintiffs' claims are time-barred pursuant to the RESOLVE program, and the scope of the liability period for the Equal Pay Act. Sterling's Counterclaims can be stricken from the pleading as they all clearly arise out of claims that the parties have agreed are subject to arbitration.

In addition, the Plaintiffs have appropriately requested that the Court refer this entire matter to arbitration and stay proceedings pursuant to Sections 3 and 4 of the Federal Arbitration Act.  Sterling cannot contract to circumvent these statutory provisions; and therefore, its Counterclaims must be dismissed.  Moreover, the Court has discretion to dismiss Sterling's Counterclaims, which are defenses posed as requests for

declaratory relief, pled to obtain preliminary rulings from this Court on issues that are not ripe for determination.

Accordingly, Plaintiffs respectfully request that the Court strike or dismiss from the pleadings Sterling's Counterclaims, and immediately refer this case to arbitration, for expeditious and consistent resolution of all disputes in a single forum.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On March 18, 2008, Plaintiffs, current and former employees of Sterling, filed their Complaint with this Court alleging a company-wide pattern or practice gender discrimination in pay and promotion decisions in violation of Title VII and the Equal Pay Act.  Dkt. 1.[1]  Since June 1998,[2] Sterling has required newly hired employees to enter into a contractual agreement to resolve employment disputes, including claims of employment discrimination, through an alternative dispute resolution program called the RESOLVE Program.  RESOLVE is a three-step alternative dispute resolution system in which the final step provides for arbitration before the American Arbitration Association ("AAA").  *See* Ex. B to Dkt. 26.

Plaintiffs discovered prior to filing their Complaint that two provisions of the RESOLVE program rendered it potentially invalid.  *See* Dkt. 26, 1-2.[3]  Plaintiffs therefore filed a Complaint in this Court in order for the Court to determine in the first instance if the parties' Agreement was indeed enforceable.  *Id.*  Concurrently, Plaintiffs

---

[1] Plaintiffs' filed an Amended Complaint on April 24, 2008.  *See* Dkt. 11.

[2] Sterling contends that persons employed prior to the implementation of the RESOLVE alternative dispute resolution program in June 1998 are nonetheless bound by its terms through their continued employment. *See* Counterclaim, Dkt 36, ¶¶ 10, 15, 16.

[3] The two provisions Plaintiffs had questioned, and sought judicial review of, were whether Plaintiffs could seek injunctive relief under the arbitration agreement and whether Plaintiffs would be required to bear costs that exceed those charged in federal court under the arbitration agreement.

filed a demand for arbitration with the AAA and requested to stay arbitration proceedings until the Court determined whether the parties' Agreement was enforceable. *See* Dkt. 26, 3; Letter to Parties from Jonathan Weed, dated April 29, 2008, attached hereto as Ex. A.

On April 30, 2008, Sterling filed its Answer and three Counterclaims against Plaintiffs seeking: (1) a declaration "that any arbitrations conducted under RESOLVE must be conducted on an individual basis and not as a class action or collective action;" (2) a declaration that Plaintiffs Kelly Contreras, Maria House, Denise Maddox, Lisa McConnell, and Gloria Pagan's claims pursuant to RESOLVE are time-barred; and (3) a declaration that the statute of limitations period for alleged violations of the Equal Pay Act begin "from the date that each employee filed her own action or appropriately filed an opt-in notice of consent to any existing action" (hereinafter, "Sterling's Counterclaims"). Counterclaim, Dkt. 36, ¶¶ 50-60.[4]

On May 2, 2008, Sterling filed a "Motion for Bifurcated Scheduling, Consideration, and Disposition of Legal Issues Relative to the Workplace Dispute Resolution Agreement Between Each Plaintiff And Defendant" in which it seeks to entangle the Court in preliminary matters that should be determined by an arbitrator. Dkts. 21-23. On May 5, 2008, Plaintiffs timely filed a "Motion to Refer to Arbitration and Stay Litigation" after Sterling represented that Plaintiffs shall have the same rights and remedies in arbitration as otherwise available to them in a judicial forum. *See* Letter

---

[4] Defendant's Answer and Counterclaim was originally filed at Dkt. 19, but was struck and now is filed at Dkt. 31. Defendant's filed an Amended Answer and Counterclaim on May 20, 2008. *See* Dkt. 36.

from Gerald Maatman to Joseph Sellers, dated April 18, 2008, attached hereto as Ex. B. Both parties' motions are currently pending before the Court.[5]

Plaintiffs now respectfully move the Court to strike, or in the alternative, dismiss Sterling's Counterclaims pursuant to the Federal Rules of Civil Procedure, Rule 12(f) and Rule 12(b)(6), as Sterling's Counterclaims are not properly before the Court.

## III.    ARGUMENT

### A.  STERLING'S COUNTERCLAIMS ARE DEFENSES TO BE RAISED DURING MANDATORY ARBITRATION, AND THUS SHOULD BE STRICKEN AS REDUNDANT, IMMATERIAL, AND IMPERTINENT

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "the court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Allegations that are neither responsive nor relevant to the issues involved in the action are 'impertinent' or 'immaterial.'" *Moore's Federal Practice*, Chapter 2-12, Civil § 12.37 (2007).  To strike an immaterial and/or impertinent matter from a pleading, the moving party must demonstrate that no evidence supporting the allegations would be admissible, that the allegations would have no bearing on the subject matter of the litigation, and that to permit the allegations to proceed would result in prejudice to the moving party. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).  Motions to strike are generally granted if the certain type of relief requested is not recoverable under applicable law. *Moore's Federal Practice*, Chapter 2-12, Civil § 12.37.  A decision to strike is only overruled by showing abuse of discretion. *See Lewis v. Shaffner Store Co.*, 218 F. Supp. 238, 240 (S.D.N.Y. 1963).

---

[5] Plaintiffs filed their Opposition to Sterling's Motion for Bifurcated Scheduling on May 16, 2008. Dkt. 33.  Sterling filed their Opposition Motion to Plaintiffs' Motion to Refer to Arbitration and Stay Litigation on May 19, 2008.  Dkt. 34-35.

As the parties now agree that there is a valid agreement to arbitrate, Sterling's purported Counterclaims, which are in fact defenses to Plaintiffs' claims, are issues for an arbitrator to decide and the Court need only address the threshold issue of the enforceability of the agreement.  *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002).  Sterling's purported Counterclaims are redundant, immaterial, and impertinent to these proceedings and should be stricken.

**1.    The Enforceability of the Arbitration Agreement Makes The Issues Raised in the Counterclaims Redundant, Immaterial, and Impertinent to These Proceedings**

Both parties agree that there is an enforceable Arbitration Agreement that governs Plaintiffs' Title VII and EPA claims.  Sterling admits, in its Answer, that the RESOLVE program is enforceable.  *See* Amended Answer, Dkt. 36, ¶ 7.  Sterling asserts as an affirmative defense that Plaintiffs' "Complaint violates their agreements to arbitrate and should be stayed."  *Id*. at ¶ 402.  Sterling also asserts as an affirmative defense that the "claims of a named Plaintiff, or any putative class member, are subject to mandatory arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*, and must be brought, if at all, through Sterling's mandatory RESOLVE program." *Id*. at ¶ 403.  After ensuring that the terms of arbitration provide the same rights and remedies available in a judicial forum, Plaintiffs now agree that arbitration is proper, and accordingly have requested that the Court refer this matter to arbitration and stay this proceeding.  *See* Dkt. 26.

The Federal Arbitration Act ("FAA") requires the Court to compel parties to arbitration on issues they have agreed to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985).  In addition, any procedural questions which "grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for

an arbitrator, to decide." *See Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 457

(2003) (quoting *John Wiley & Sons, Inc., v. Livingston*, 376 U.S. 543, 557 (1964)); *see*

*also Mitsubishi Motors Corp, v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)

(establishing that any doubt about the scope of arbitrable issues should be resolved in

favor of arbitration); *CPR (USA) Inc., v. Philip*, 187 F.3d 245, 254 (2d Cir. 1999) (finding

that when there is a broad agreement to arbitrate, doubts should be resolved in favor of

coverage). It is also beyond dispute that any substantive questions of contract are for the

arbitrator to determine. *See Bazzle*, 539 U.S. at 453.

Sterling's defenses couched as Counterclaims improperly seek a declaration from

the Court on issues that are clearly matters for an arbitrator to decide. Sterling's First

Counterclaim requests that the Court declare that arbitrations be conducted on an

individual and not a class or collective basis. Counterclaim, Dkt. 36, ¶ 51. The Supreme

Court has squarely held that this is not an issue to be resolved by the courts. *See Bazzle*,

539 U.S. at 453 (the determination of whether the plaintiffs may pursue claims in

arbitration on behalf of themselves and others should be determined by an arbitrator in

the first instance).

Sterling's Second Counterclaim requests that the Court declare that Plaintiffs

Kelly Contreras, Maria House, Denise Maddox, Lisa McConnell, and Gloria Pagan's

claims pursuant to RESOLVE are time-barred. Counterclaim, Dkt. 36 at ¶ 53-58. The

Supreme Court and the Second Circuit have consistently held that this too is not an issue

properly decided by the courts. *See John Wiley & Sons, Inc.,* 376 U.S. at 557 (an

arbitrator is the proper authority to decide whether contractual prerequisites to arbitration

have been satisfied); *Schweizer Aircraft Corp. v. Local 1752, Int'l Union, United Auto.,*

*Aerospace & Agric. Implement Workers*, 29 F.3d 83, 88 (2d Cir. 1994) (whether time requirements within collective bargaining agreement were met, as well as interpretation of the CBA, were questions for the arbitrator); *Conticommodity Services, Inc. v. Philipp & Lion*, 613 F.2d 1222, 1226 (2d Cir. 1980) (whether a party's demand to arbitrate was barred by the one year provision in the contract was an issue for the arbitrator to decide).

Sterling's Third Counterclaim requests that the statute of limitations period for alleged violations of the Equal Act Pay begin "from the date that each employee filed her own action or appropriately filed an opt-in notice of consent to any existing action" is an issue that is also clearly one for an arbitrator to decide.  Counterclaim, Dkt. 36, ¶ 60. While Plaintiffs believe this issue is quite possibly a substantive one (and thus clearly one for an arbitrator), even if it is procedural, it remains within the purview of the arbitrator as it "grow[s] out of the dispute and bear[s] on its final disposition."  *Bazzle*, 539 U.S. at 457.

## 2.  Sterling's Counterclaims Are Redundant, Immaterial, And Impertinent

Sterling asks the Court to make rulings limiting the scope of impending arbitration proceedings by relying on language in a version of its arbitration agreement that not all Plaintiffs signed.[6]  This language states that "a court *may* decide procedural issues . . . after a judicial proceeding has been initiated."[7]  Counterclaim, Dkt 36, ¶¶ 28,

---

[6] To date, Sterling has failed to provide Plaintiffs' counsel with copies of arbitration agreements signed by the Named Plaintiffs.  On May 20, 2008, Sterling amended its Answer to reflect that only Counter Defendant Maria House had signed an arbitration agreement with the discretionary language permitting the court to decide procedural issues of arbitrability.

[7] *See* Counterclaim, Dkt. 36, Ex. A (the arbitration agreement signed by Plaintiff Maria House includes language) and Ex. E (the arbitration agreement signed by Plaintiff Lisa McConnell does not include language); *see also* Plaintiffs Motion in Opposition to Defendant's Motion for Bifurcated Scheduling, Consideration, and

29 (emphasis added).  This is discretionary language embedded in the parties'

comprehensive agreement to arbitrate, and the entire matter should be referred to

arbitration.  Moreover, Sterling seeks to force the Court to adjudicate issues that

Congress mandated to be within the authority of an arbitrator.  Any discovery or evidence

in support of these allegations will not alter the parties' agreement that requires that

Plaintiffs' Title VII and EPA claims be resolved through arbitration.[8]

      Not only do Sterling's Counterclaims present issues that are for an arbitrator, they

unnecessarily consume this Court's resources, the parties' time, and defeat the goal of

"streamlined proceedings and expeditious results."  *See Mitsubishi Motors Corp*., 473

U.S. at 633.  This prejudices Plaintiffs by causing delay to the uncontested arbitration by

requiring them to respond to Sterling's Counterclaims and further judicial proceedings.

      In any event, if the Court chooses not to strike Sterling's Counterclaims pursuant

to 12(f), Sterling's Counterclaims must be dismissed pursuant to Rule 12(b)(6).

    **B**    <u>**THE COURT MUST DISMISS STERLING'S COUNTERCLAIMS**</u>
<u>**PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 12(b)(6)**</u>
<u>**BECAUSE THEY FAIL TO STATE A CLAIM UPON WHICH**</u>
<u>**RELIEF CAN BE GRANTED IN THESE PROCEEDINGS**</u>

When reviewing a motion to dismiss for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6), a court must accept the material facts alleged in

defendant's answer and counterclaim as true and construe all reasonable inferences in

---

Disposition of Legal Issues Relative to the Workplace Dispute Resolution
Agreement Between Each Plaintiff And Defendant, Dkt. 33 (describing the
various known versions of Sterling's arbitration agreement).
[8] *See, e.g., Certain Underwriters At Lloyds, London v. Cravens Dargan & Co*., 197 Fed.
Appx. 645 (9th Cir. 2006)(finding when underwriter and company agreed there was valid
arbitration agreement, but underwriter disputed arbitration procedure outlined in
company's arbitration demand, district court acted properly by merely enforcing demand
and leaving terms of arbitration procedure to arbitrator).

favor of defendant. *Quanta Specialty Lines Ins. Co. v. Investors Capital Corp*., 2008 U.S. Dist. LEXIS 35319, ** 8-10 (S.D.N.Y. Apr. 30, 2008). The court may dismiss the counterclaims if it "appears beyond doubt that the [counter-claimant] can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)).

The Supreme Court has squarely held that courts should confine their inquiry as to whether the agreement is enforceable and whether the subject of the litigation is covered by the arbitration agreement. All remaining issues are to be adjudicated by an arbitrator. The parties cannot contract to expand judicial authority bestowed by the Federal Arbitration Act ("FAA"), as discussed below. *See Hall Street Associates, LLC v. Mattel*, 128 S. Ct. 1396 (2008) (parties may not contractually expand judicial review of an arbitration award). Accordingly, the Counterclaims should be referred to an arbitrator pursuant to Sections 3 or 4 of the FAA. 9 U.S.C. §§ 3, 4. Yet, Sterling seeks for this court to disregard precedent and statutory law solely based on permissive language from one version of Sterling's mandatory arbitration agreement, which states "a court *may* decide procedural issues . . . after a judicial proceeding has been initiated." Counterclaim, Dkt 36, ¶¶ 28, 29. Even if all reasonable inferences are made in favor of Sterling, Sterling is not entitled to present evidence to support its Counterclaims since these claims are within the exclusive providence of the arbitrator to decide. *See Quanta Specialty Lines Ins. Co.*, 2008 U.S. Dist. LEXIS 35319, **8-9 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a motion to dismiss a counterclaim is proper when the defendant is not entitled to present evidence to support their claim). Thus, Sterling's Counterclaims fail to state a claim for which this court may grant relief.

1.    **The Federal Arbitration Act Supersedes Sterling's Choice of Forum Provision**

The FAA governs the strong national policy in favor of arbitration. "Federal policy strongly favors arbitration as an alternative dispute resolution process." *David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*, 923 F.2d 245, 248 (2d Cir.), *cert. dismissed*, 501 U.S. 1267 (1991). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983). Under Section 2 of the FAA, Congress mandates that an agreement to arbitrate is valid, irrevocable, and enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The parties here no longer dispute whether the arbitration agreement is enforceable. *Supra*, Section A.1. Plaintiffs have moved the Court to stay the entire proceeding including Sterling's Counterclaims pursuant to Section 3 of the FAA and to refer the matter to arbitration pursuant to Section 4 of the FAA. *See* Plaintiffs' Motion to Refer to Arbitration, Dkt. 26.

Section 3 of the FAA mandates the following:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). The Supreme Court has held "that in passing upon a § 3 application for a stay while the parties arbitrate, a federal court must consider *only* issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conkline Mfg. Co.*, 388 U.S. 395, 403-04 (1967) (emphasis added).

The Court indicated that a court's review is limited to "honor the plain meaning of the statute, but also the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Id.* "Section 3 makes no provision for preliminary trials of issues which have been, or may be, raised in an answer but *commands* a stay if the claim asserted in the complaint is one which is subject to the arbitration agreement." *Tepper Realty Co. v. Mosaic Tile Co.,* 259 F. Supp. 688, 693 (S.D.N.Y. 1966) (emphasis added).

Pursuant to Section 4 of the FAA, unless the "making" of the agreement to arbitrate or "the failure, neglect, or refusal" of one party to arbitrate is in dispute, the court *must* compel arbitration. *See Conticommodity Services Inc.*, 613 F.2d at 1225-26 (2d Cir. 1980)(whether a party's demand to arbitrate was barred by the one year provision in the contract is within the exclusive province of the arbitrator for the arbitrator to decide); *World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362, 364-365 (2d Cir. 1965) (stating that the words "failure, neglect, or refusal" in Section 4 provided for "judicial disposition of [only] certain issues").

There is no dispute here that the parties have entered into an enforceable arbitration agreement. Nor do the parties deny that their claims are intended for arbitration. In an attempt to improperly bring defenses set forth posed as Counterclaims before this Court, Sterling relies solely on contractual language in one version of the RESOLVE program stating merely that "a court *may* decide procedural issues . . . after a judicial proceeding has been initiated" to attempt to override the dictates of Sections 3 and 4 of the FAA. *See* Counterclaim, Dkt 36, ¶ 28.

11

Recently, the Supreme Court in *Hall Street Associates* rejected a similar attempt by the parties to contractually expand judicial review of an arbitration award. 128 S. Ct. at 1404-05. The question certified by the Court was whether statutory grounds for prompt vacatur and modification under Section 9 through 11 of the FAA may be supplemented by the parties' private contract. *Id*. at 1400. The petitioner argued that the parties' agreement allowed a court to review the arbitrator's decision for legal error. *Id*. at 1401. The Court disagreed, and held that Sections 9 through 11 of the FAA cannot be expanded by contract. *Id*. at 1405. The Court determined that a "statute with no textual hook for expansion [referring to Sections 10 and 11 of the FAA] cannot authorize contracting parties to supplement review for specific instances." *Id*. at 1404. The Court also found that language in Section 9 directing that "the court 'must grant' the order 'unless the award is vacated, modified, or corrected . . . '" carried no flexibility for expansion. *Id*. at 1405.

Similarly, Sections 3 and 4 of the FAA provide no "textual hook" for an expansion of a court's duties under the FAA. *See Dean Witter Reynolds, Inc.*, 470 U.S. at 218 (the FAA "leaves no place for the exercise of discretion by a district court"). Sterling and the Plaintiffs cannot and did not contractually agree to supersede the FAA and confer onto a court, without restriction, any "procedural issue" it deems appropriate.

A few months after *Hall Street Associates* was decided, the Supreme Court held that "when parties agree to arbitrate all questions arising under a contract, state laws lodging primary jurisdiction in another forum, whether judicial or administrative, are superseded by the FAA." *Preston v. Ferrer*, 128 S. Ct. 978 (2008). Pursuant to Sterling's alternate dispute resolution program, the parties agreed to arbitrate "any . . . dispute,

claim, or controversy . . . which could have been brought before an appropriate

government administrative agency or in an appropriate court including, but not limited to,

. . . Title VII of the Civil Rights Act of 1964 . . . [and] equal pay law . . . ."  Plaintiffs'

claims and Sterling's Counterclaims are clearly issues the parties agreed to arbitrate.  The

Court's review is therefore limited to whether the parties have an enforceable agreement.

Once the Court finds the parties entered into a valid agreement to arbitrate their claims,

Section 3 of the FAA mandates a stay of the proceedings and Section 4 mandates a

referral of the entire dispute to arbitration.  Sterling and the Plaintiffs cannot contract to

usurp this process clearly established by the FAA.

     Accordingly, Sterling fails to state a claim upon which this Court can grant relief.

All the allegations in Sterling's Counterclaims, when taken as true, with every inference

in favor of Sterling, cannot confer onto this Court the authority to decide these claims.

There is no set of facts Sterling can allege that will entitle it to the declaratory relief it

seeks; therefore, dismissal of Sterling's Counterclaims is required.

### 2.     Sterling's Counterclaims For Declaratory Relief Are Defenses That The Court Should Dismiss

     Sterling's request for "preliminary findings and conclusions intended to fortify [it]

against future [litigation]" is an improper invocation of declaratory relief.  *Public Service*

*Commission of Utah, et al. v. Wycoff Company*, 344 U.S. 237, 246 (1952) ("when the

request [for declaratory relief] is not for ultimate determination of rights but for

preliminary findings and conclusions intended to fortify the litigant against future

regulations, it would be a rare case in which the relief should be granted").  The Supreme

Court has barred the use of the declaratory judgment procedure to preempt and prejudice

issues committed for initial decision in another forum.  *Id.* (holding that courts should

avoid futile or premature interventions in the form of declaratory relief); *Sturge v. Diversified Transport Corporation, Berman Enterprises, Inc.*, 772 F. Supp. 183, 186 (S.D.N.Y. 1991). Thus, an action for declaratory relief that is in essence a defense to an impending action in another forum, arbitration in this case, should be dismissed. *Id.*; *see also Quanta Specialty Lines Ins. Co.*, 2008 U.S. Dist. LEXIS 35319, at *18 (S.D.N.Y. Apr. 30, 2008) (when adjudication of counterclaims is subject to authority of another tribunal, the court should dismiss the counterclaims); *Aeronaves de Mexico, SA v. Triangle Aviation Services, Inc.*, 389 F. Supp. 1388 (S.D.N.Y. 1974) (because issues raised by plaintiff in his request for a declaratory judgment could also be determined in an arbitration proceeding, it was within the discretion of the district court to dismiss the duplicative proceedings).

Under the guise of counterclaims, Sterling attempts to prematurely obtain rulings on procedural issues, not causes of action, which would otherwise be directed to an arbitrator. *See Great American Insurance Co. v. Houston General Insurance Co*., 735 F. Supp 581 (S.D.N.Y. 1991) ("the misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action"). Sterling's Counterclaim that the Plaintiffs may not proceed as a class in arbitration is not sufficient to support an independent cause of action against Plaintiffs. *Brown v. Stone*, 66 F.Supp.2d 412, 428-29 (E.D.N.Y. 1999) (assessing whether a counterclaim is sufficient to support an independent cause of action against plaintiff in the same capacity in which plaintiff suits are determined). Similarly Sterling's Counterclaim invoking the expiration of the RESOLVE statute of limitations period is an affirmative defense to Plaintiffs'

Equal Pay Act claims, which is not a viable cause of action that would entitle Sterling to independent relief. *See* Amended Answer, Dkt. 36, ¶ 385. Equally unavailing is Sterling's attempt to couch as a counterclaim the common defense invoked by defendants accused of violating the Equal Pay Act to limit damage calculations after liability has been established. Sterling's request for a separate declaratory judgment on an issue inherently part of the adjudication on the merits of Plaintiffs' claims is not only atypical, but clearly a maneuver to embroil the Court in matters that are under the purview of the arbitrator after liability is established at a much later phase of the arbitration proceedings.

Hence Sterling's Counterclaims are a thinly-veiled attempt to restate affirmative defenses already available through Sterling's denial of Plaintiff's allegations. *See Hann v. Venetian Blind Corp*., 15 F.Supp. 372 (S.D. Cal. 1936); *Public Service Commission of Utah,* 344 U.S. at 242-243 ("[Declaratory judgments] must be a real and substantial controversy admitting of specific relief . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."). The Court should reject such an abuse of the declaratory relief regime and dismiss Sterling's Counterclaims pursuant to Rule 12(b)(6). *See Public Service Commission of Utah*, 344 U.S. at 248 (dismissing a declaratory action that would in essence act as a defense to an impending action); *Sturge*, 772 F. Supp. at 186. (holding that district court has discretion to decline to hear declaratory judgment actions); *North American Airlines, Inc. v. International Brotherhood of Teamsters, AFL-CIO, et al.*, 2005 U.S. Dist. LEXIS 4385 (S.D.N.Y. March 20, 2005) (dismissing claim for declaratory relief as gamesmanship); *see also, Davox Corp. v, Ditigal Sys. Int'l, Inc.*, 846 F. Supp 144, 148 (D. Mass. 1993) (dismissing

15

a claim seeking declaratory relief as inappropriate, because to do otherwise would award

conduct inconsistent with the strong policy of alternative dispute resolution).

## IV.    CONCLUSION

For the aforementioned reasons, Plaintiffs respectfully request this Court to strike

or in the alternative to dismiss Sterling's Counterclaims seeking declarations from the

Court on procedural issues that shall be resolved in arbitration.

Dated:  May 22, 2008                          Respectfully submitted,

                                              **BURR & SMITH, LLP**


                                              /s/ Sam J. Smith_____
                                              Sam J. Smith, FL Bar No. 0818593
                                              Loren B. Donnell, FL Bar No. 013429
                                              442 W. Kennedy Blvd., Suite 300
                                              Tampa, FL  33606-1495
                                              Telephone: (813) 253-2010
                                              Facsimile: (813) 254-8391
                                              ssmith@burrandsmithlaw.com
                                              ldonnell@burrandsmithlaw.com

                                              Lynda J. Grant (LG-4784)
                                              150 East 52nd Street, 30th Floor
                                              New York, NY  10022
                                              Telephone: (212) 838-7797
                                              Facsimile: (212) 838-7745
                                              lgrant@cmht.com

                                              Joseph M. Sellers
                                              Jenny R. Yang (JY-9667)
                                              Sahar F. Aziz
                                              1100 New York Avenue, N.W.
                                              Suite 500, West Tower
                                              Washington, DC  20005
                                              Telephone: (202) 408-4600
                                              Facsimile: (202) 408-4699
                                              jsellers@cmht.com
                                              jyang@cmht.com
                                              saziz@cmht.com

16

Thomas A. Warren
Thomas A. Warren Law Offices, P.L.
2032-D Thomasville Blvd.
Tallahassee, FL 32308
Telephone: (850) 385-1551
Facsimile: (850) 385-6008
tw@nettally.com

**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Stephen S. Zashin
ZASHIN & RICH CO., L.P.A.
55 Public Square, 4th floor
Cleveland, Ohio 44113
Telephone: (216) 696-4441
Facsimile: (216) 696-1618
ssz@zrlaw.com

Gerald L. Maatman, Jr.
SEYFARTH SHAW
131 South Dearborn St., Suite 2400
Chicago, IL 60603-5577
gmaatman@seyfarth.com

**Attorneys for Defendant Sterling Jewelers Inc.**

_/s/ Sam J. Smith_
Sam J. Smith

17

# EXHIBIT A

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

April 29, 2008

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

### VIA FACSIMILE AND E-MAIL

Joseph M. Sellers, Esq.
Cohen, Milstein, Hausfeld & Toll, P.L.L.C
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005

Sam J. Smith, Esq.
Burr & Smith
442 W. Kennedy Boulevard, Suite 300
Tampa, FL 33606

Thomas A. Warren, Esq.
Thomas A. Warren Law Offices, P.L.
2032-D Thomasville Boulevard
Tallahassee, FL 32308

Sahar F. Aziz
Cohen Milstein Hausfeld & Toll PLLC
1100 New York Avenue
Washington, DC 20005

Gerald L. Maatman, Esq.
Seyfarth Shaw, LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603-5577

Stephen S. Zashin, Esq.
Zashin & Rich Co., L.P.A.
55 Public Square, 4th Floor
Cleveland, OH 44113

Re: 11 160 00655 08
    Laryssa Jock, Jacquelyn Boyle, Christy Chadwick,
    Lisa Follett, Maria House, Denise Maddox, Lisa
    McConnell, Gloria Pagan, Judy Reed, Linda Rhodes,
    Khristina Rodrigues, Nina Shahmirzadi, Leighla
    Smith, Dawn Souto-Coons, and Marie Wolf,
    individually and on behalf of all others similarly
    situated
    and
    Sterling Jewelers, Inc.

Dear Counsel:

This will acknowledge receipt of a letter dated April 28, 2008 from Mr. Sellers, a copy of which we note
has been exchanged with the other party.

As indicated in the Association's letter dated April 11, 2008, Claimants have met the filing requirements of the rules by filing a demand for arbitration providing for administration by the American Arbitration Association under its rules.

Accordingly, in the absence of an agreement by the parties or a court order dismissing this matter, the Association will continue to hold this matter in abeyance.

Please do not hesitate to contact me with any questions or concerns.

Sincerely,


Jonathan J. Weed
Case Manager
401 431 4721
WeedJ@adr.org

*Supervisor Information: Heather Santo, 401 431 4702, SantoH@adr.org*

EXHIBIT B



131 South Dearborn Street

Suite 2400

Chicago, Illinois 60603

(312) 460-5000

fax (312) 460-7000

www.seyfarth.com

Writer's direct phone
(312) 460-5964

Writer's e-mail
gmastman@seyfarth.com

April 18, 2008

## BY FAX AND REGULAR MAIL

Joseph M. Sellers
Cohen Milstein Hausfeld & Toll PLLC
1100 New York Ave. NW, Suite 500
Washington, D.C. 20005

Re:    Jock, et al. v. Sterling Jewelers Inc.

Dear Joe:

I am writing in response to your letter of March 24, 2008, and as a result of our subsequent telephone calls.

As Sterling Jewelers Inc. ("Sterling") recently explained to the American Arbitration Association ("AAA"), none of your clients have completed Step 2 of RESOLVE, some have only recently begun Step 1, and some have never initiated a RESOLVE claim. Your clients that have attempted to initiate RESOLVE have already received communications from Sterling advising them of the steps they each must complete to proceed through RESOLVE.

It is Sterling's position that your clients are not free to abandon these preliminary steps in RESOLVE and proceed immediately to arbitration or court merely because they may believe – in the words of your letter – that "no further purpose would be served" by completing the RESOLVE requirements.

Your statement that RESOLVE is supposedly unenforceable because it "cost[s] more to a plaintiff than the cost of proceeding in a judicial forum" is inaccurate. RESOLVE does not impose a financial burden upon a claimant that is any greater than the financial burdens of a judicial proceeding. Your clients must pay a nominal filing fee, if any, to initiate arbitration had they simply complied with the RESOLVE program rules. Step 3 of RESOLVE occurs not by filing a demand directly with the AAA, but by submitting a completed Step 3 Claim Form along with a completed arbitration demand form directly to the RESOLVE Administrator. The RESOLVE Program Administrator then submits this completed paperwork directly to the AAA along with any required filing fee. Had your clients not abandoned the RESOLVE process, your clients would have received this information at the time they received their respective Step 2 determinations.

BRUSSELS    WASHINGTON, D.C.    SAN FRANCISCO    SACRAMENTO    NEW YORK    LOS ANGELES    HOUSTON    CHICAGO    BOSTON    ATLANTA



The expenses to which you refer in your letter are not relevant to these issues. Nonetheless, Sterling will write to the AAA and request that it refund any money paid by your clients with respect to the initiation of the arbitration, given that the initiation of the arbitration was premature and not in compliance with the RESOLVE program.

Finally, with respect to the final point in your letter, RESOLVE provides that an arbitrator is free to award any relief that a claimant could achieve in a court of law. Specifically, RESOLVE provides that "[t]he Arbitrator shall have the power to award any types of legal or equitable relief that would be available in a court of competent jurisdiction including, but not limited to, the costs of arbitration, attorney fees and punitive damages for causes of action when such damages are available under law" (emphasis added). As a result, your statement that RESOLVE is unconscionable because it restricts the discretion of the arbitrator is contradicted by the terms of the RESOLVE Program.

Please advise me if you have any questions concerning any of the foregoing.

Very truly yours,

SEYFARTH SHAW LLP

Gerald L. Maatman, Jr.

GLM:hla

cc:    Sam Smith / Burr & Smith
Thomas Warren / Law Offices of Thomas Warren
Sterling Jewelers Inc.