UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

LARYSSA JOCK, et al.,

        Plaintiffs,

        on behalf of themselves and
        others similarly situated,

    -against-

STERLING JEWELERS INC.,

        Defendant.

------------------------------------ X

Index No. 1:08-cv-02875 (JSR)

## DECLARATION OF JOSEPH M. SELLERS

I, Joseph M. Sellers, hereby declare the following:

1. I am a partner in the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. where I chair the firm's civil rights and employment practice. I make this Declaration in support of Plaintiffs' Reply for Motion to Refer to Arbitration and Stay The Litigation. I am a counsel of record for the plaintiffs in this action.

2. On April 23, 2008, I had a telephone conversation with Gerald Maatman, Jr., counsel for Sterling Jewelers Inc. ("Sterling"), during which Mr. Maatman orally confirmed that Sterling intended to cover any costs of arbitration assessed by the American Arbitration Association in excess of a nominal filing fee in the amount required by the court.

3. On Friday April 25, 2008, I sent an email to Mr. Maatman to propose that the parties enter into a stipulation to refer the pending action to arbitration. That same day, Mr. Maatman responded to my email and declined Plaintiffs' proposal to stipulate to refer this action to arbitration. *See* Plaintiffs' Reply to Motion to Refer to Arbitration, Ex. A.

4. Later in the afternoon of April 25, 2008, I informed Mr. Maatman by telephone of Plaintiffs' intention to file a motion to compel arbitration as a result of Sterling's refusal to stipulate to arbitration. During this telephone conversation, Mr. Maatman asked that Plaintiffs agree to support an extension of time within which Sterling could answer or otherwise respond to Plaintiffs' Amended Complaint from April 30, 2008 to May 8, 2008.

5. On Tuesday April 29, 2008, I sent an email to Mr. Maatman informing him that my earlier proposal that the parties stipulate to the referral of this action to arbitration did not require Sterling's agreement with Plaintiffs' position on procedural issues, such as whether Plaintiffs may proceed as a class in arbitration. Rather I advised Mr. Maatman that the Plaintiffs were prepared to leave those issues to be briefed before the arbitrator. I again sought to obtain Sterling's consent to stipulate to refer the pending action to arbitration, in order that an arbitrator could decide the procedural issues in dispute as well as the merits of Plaintiffs' claims. I stated in my email that, in the absence of such an agreement, Plaintiffs would move to compel submission of this action to arbitration. *Id.*

6. Although Sterling requested and Plaintiffs agreed to support an extension of time within which Sterling could answer or otherwise respond to the Amended Complaint to May 8, 2008, Sterling filed its Answer and Counterclaims on April 30, 2008 – five days after I informed Mr. Maatman of Plaintiffs' intent to file a motion to compel in the absence of Sterling's agreement to stipulate to refer the action to arbitration.

7. Shortly after filing Sterling's Answer and Counterclaim, Mr. Maatman responded by email at 5:05pm on Wednesday April 30, 2008 to my proposal that the parties' stipulate to submitting this action to arbitration by rejecting this proposal. *Id.*

8. Sterling attached signed RESOLVE Arbitration Agreements for Plaintiffs Maria House

and Lisa McConnell to the Answer and Counterclaims. *See* Dkt. No. 31, Exs. A, E. Sterling did not attach the signed Arbitration Agreements of Plaintiffs Kelly Contreras, Denise Maddox, and Gloria Pagan against whom Sterling filed counterclaims. Nor did Sterling attach signed Arbitration Agreements for any of the other Plaintiffs.

9. On Thursday May 1, 2008, I sent Mr. Maatman an email requesting copies of signed Arbitration Agreements for all of the Plaintiffs. Mr. Maatman did not respond to my request and Sterling has yet to provide Plaintiffs with copies of Arbitration Agreements at issue in Sterling's pending Motion for Bifurcated Scheduling. *See* Plaintiffs' Reply to Motion to Refer to Arbitration, Ex. A.

10. Upon information and belief, Plaintiffs Boyle, Follet, Reed, Rodrigues, Smith, and Wolf were hired after June 1, 1998 when RESOLVE was first implemented at Sterling, and therefore they were likely required to sign Arbitration Agreements upon hire. Plaintiffs Maddox, Contreras, Jock, Shahmirzadi, and Souto-Coons were hired before June 1, 1998, and therefore may not have signed Arbitration Agreements. Because Sterling has not responded to Plaintiffs counsel's repeated requests for copies of all of the Plaintiffs' Arbitration Agreement, Plaintiffs' counsel only have copies of Plaintiffs House and McConnell's Arbitration Agreements that were attached to the Answer and Counterclaims.

The foregoing statement is made under penalty of perjury under the laws of the District of Columbia and is true and correct to the best of my knowledge and belief.

May 27, 2008  
Washington, D.C.

_____  
Joseph M. Sellers