UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LARYSSA JOCK, *ET AL.*,

       Plaintiff,

   vs.

STERLING JEWELERS INC.,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

           08 Civ. 2875 (JSR)

## DECLARATION OF GERALD L. MAATMAN, JR., ESQ.

     GERALD L. MAATMAN, JR., ESQ., being duly sworn, declares under penalty of perjury:

     1.   I am a member of the Bar of the State of New York and a partner in the firm of Seyfarth Shaw LLP, attorneys for Defendant Sterling Jewelers Inc. ("Sterling") in the above-captioned case. I submit this Declaration in support of Sterling's opposition to Plaintiff's motion to strike counterclaims pursuant to Rule 12(f), or, in the alternative, to dismiss counterclaims pursuant to Rule 12(b)(6).

     2.   True and accurate copies of the RESOLVE agreements for Noreen Arena; Susan Lee Bailey; Erica Caldwell; Darlene Cerlanek; Lisa Follet; Michele Guyer; Maria House; Ashley Kalemba; Vicki Osborn; Jennifer Molina; Gloria Pagan and Khristina Rodrigues are annexed hereto at Exhibit A .

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed on June 2, 2008

           /s/ Gerald L. Maatman, Jr.
           Gerald L. Maatman, Jr.

# EXHIBIT A

# RESOLVE PROGRAM
### Alternative Dispute Resolution

---

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

4

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

| | |
|---|---|
| _Noreen Arena_ | _4-2-05_ |
| Employee Signature | Date |

| | |
|---|---|
| _Noreen Arena_ | _1054_ |
| Print Name | Store Number |

For Sterling Jewelers Inc.                    5

# RESOLVE PROGRAM
## Alternative Dispute Resolution

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

4

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_Susan Lee Bailey_                    _November 15 2004_
Employee Signature                              Date

_Susan Lee Bailey_                    _November 15, 2004_
Print Name                                  Store Number

_____            5
For Sterling Jewelers Inc.

# RESOLVE PROGRAM
## Alternative Dispute Resolution

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; the Sarbanes-Oxley Act; The Uniformed Services Employment and Reemployment Rights Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay $25.00 of the Employee's arbitration filing fee as imposed by the American Arbitration Association ("AAA").

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law. However, a party does not need to file an administrative charge to initiate RESOLVE. Further, the time limitation set forth in RESOLVE will continue to run during an administrative charge or any other action filed in any other forum.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims. Further, employee and Sterling agree to follow the time periods in the appeal process set forth below:

RECEIVED MAY 2 1 2007

4

| Party | Time Limit  (Time limitations will be strictly enforced) |
|---|---|
| Sterling | postmarked 30 calendar days from date of receipt of Step 1 claim form to send initial claim review determination. |
| Employee | 30 calendar days from date of Step 1 claim form determination to request, complete, postmark and send Step 2 appeal claim form. |
| Sterling | 45 calendar days from date of receipt of Step 2 appeal claim form to notify claimant of the assignment of either the Step 2 review panel or mediation. |
| Employee | 30 calendar days from the date of notice of an unsuccessful Step 2 to request, complete, postmark and send Step 3 claims appeal form. |

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

The AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by an authorized Sterling representative and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement. Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

| | |
|---|---|
| *E. Caldwell* | *5. 8.01* |
| Employee Signature | Date |
| *Erica Caldwell* | *2320* |
| Print Name | Store Number |
| *Kar Thomas* | *Mgr* |
| Sterling Jewelers Inc. | Title |

5

# RESOLVE PROGRAM
## Alternative Dispute Resolution

**EMPLOYEE COPY**

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are available upon request, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_____          _____
Employee Signature                                         Date

_____          _____
Print Name                                                      Store Number

_____
For Sterling Jewelers Inc.

# RESOLVE PROGRAM
## Alternative Dispute Resolution

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

4

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_Lisa M. Follett_

Employee Signature

_10/28/04_

Date

_Lisa M. Follett_

Print Name

_33 1_

Store Number

For Sterling Jewelers Inc.                    5

# RESOLVE PROGRAM
## Alternative Dispute Resolution
### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

4

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

| | |
|---|---|
| _Michele L. Guyer_ | _8/1/05_ |
| Employee Signature | Date |

| | |
|---|---|
| _Michele L. Guyer_ | _1864_ |
| Print Name | Store Number |

_____
For Sterling Jewelers Inc.                                5

**CALIFORNIA**                                          **EMPLOYEE COPY**
**RESOLVE PROGRAM**
Alternative Dispute Resolution

---

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions, which grow out of the dispute and bear on the final disposition, are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee acknowledges that he/she has the right to opt out of this Agreement by sending a letter to RESOLVE Program Administration, c/o RESOLVE Program Administrator at 375 Ghent Road, Akron, Ohio 44333, and postmarked within 30 calendar days, stating Employee wishes to "opt-out" of this Agreement. Employee also acknowledges that he/she has an affirmative duty to report to the RESOLVE Program Administrator in writing if he/she has in any manner been threatened or coerced to enter into this Agreement.

| | |
|---|---|
| _Employee Signature_ | _Date_ |
| MARIA HOUSE | 2/98 |
| Print Name | Store Number |

_____

For Sterling Jewelers Inc.

# RESOLVE PROGRAM
## Alternative Dispute Resolution

**EMPLOYEE COPY**

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are available upon request, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_____          _____
Employee Signature                              Date

_____          _____
Print Name                                          Store Number


_____
For Sterling Jewelers Inc.

# CALIFORNIA
# RESOLVE PROGRAM
Alternative Dispute Resolution

## Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions, which grow out of the dispute and bear on the final disposition, are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee acknowledges that he/she has the right to opt out of this Agreement by sending a letter to **RESOLVE Program Administration**, c/o RESOLVE Program Administrator at 375 Ghent Road, Akron, Ohio 44333, and postmarked within 30 calendar days, stating Employee wishes to "opt-out" of this Agreement. Employee also acknowledges that he/she has an affirmative duty to report to the RESOLVE Program Administrator in writing if he/she has in any manner been threatened or coerced to enter into this Agreement.

_Vicki Osborn_  
Employee Signature

_3/5/04_  
Date

_Vicki Osborn_  
Print Name

_#454_  
Store Number

_____

For Sterling Jewelers Inc.

# RESOLVE PROGRAM
## Alternative Dispute Resolution

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are available upon request, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

| | |
|---|---|
| _Jennifer Molina_ | _8 · 23 · 05_ |
| Employee Signature | Date |
| _Jennifer Molina_ | _2441_ |
| Print Name | Store Number |

_____
For Sterling Jewelers Inc.

5

# RESOLVE PROGRAM
## Alternative Dispute Resolution

### Arbitration Agreement

I hereby agree to utilize the Sterling RESOLVE Program to pursue any dispute, claim, or controversy ("claim") against Sterling, its predecessors, successors, affiliates, parent, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and servants ("Sterling") regarding any alleged unlawful act regarding my employment or the termination of my employment which could have otherwise been brought before an appropriate government administrative agency or in an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act of 1967; The Older Workers Benefit Protection Act; Title VII of the Civil Rights Act of 1964; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States code; the Employee Retirement income Security Act of 1974; The Immigration Reform and Control Act; the Americans with Disabilities Act of 1990; The Fair Labor Standard Act; The Occupational Safety and Health Act; The Family and Medical Leave Act; any state Human Rights/Civil Rights Statutes; Minimum Wage Act; Equal Pay Law; any other federal, state or municipal civil or human rights law or any other municipal, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law. **I understand that by signing this Agreement I am waiving my right to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any government agency or court, and I am also waiving my right to commence any court action. I may, however, seek and be awarded equal remedy through the RESOLVE Program.** I also retain the right to file a charge or complaint with appropriate governmental administrative agencies, such as the National Labor Relations Board or the Equal Employment Opportunity Commission and to assist or cooperate with such agencies in their investigation or prosecution of charges, although I waive my right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies.

I agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In this event the claim shall be arbitrated by one Arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. I understand that I will be required to pay the first $150 of the costs of commencing an arbitration with the AAA and that the remainder of these costs will be paid by Sterling. The decision or award of the Arbitrator shall be final and binding upon the parties. The Arbitrator shall have the power to award any types of legal or equitable relief that would be available in a court of competent jurisdiction including, but not limited to, the costs of arbitration, attorney fees and punitive damages for causes of action when such damages are available under law. An arbitration award may be entered as a judgment or order in any court of competent jurisdiction. I agree that any relief or recovery to which I am entitled from any claims

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement.


_Gloria Huff_ _____     ___ 8-9-05 ___
Employee Signature                        Date


_Gloria Huff_ _____     ___ 122 ___
Print Name                              Store Number


_____          5
For Sterling Jewelers Inc.

# RESOLVE PROGRAM
## Alternative Dispute Resolution

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program.  The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law.  Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration.  In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program.  The arbitrator's decision shall be final and binding.  The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred.  Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

4

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_Christina Rodriguez_        _6-18-04_
Employee Signature                     Date

_Khristina Rodrigues_        _1222_
Print Name                          Store Number

For Sterling Jewelers Inc.       5

# RESOLVE PROGRAM
Alternative Dispute Resolution

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

4

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_____          _____
Employee Signature          4-2-05
                            Date

_____          _____
NoReen  AReNA          1054
Print Name          Store Number

_____          5
For Sterling Jewelers Inc.

# RESOLVE PROGRAM
## Alternative Dispute Resolution

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

4

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_Susan Lee Bailey_      _November 15 2004_
Employee Signature                            Date

_Susan Lee Bailey_      _November 15, 2004_
Print Name                               Store Number

For Sterling Jewelers Inc.      5

# RESOLVE PROGRAM
Alternative Dispute Resolution

## Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; the Sarbanes-Oxley Act; The Uniformed Services Employment and Reemployment Rights Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay $25.00 of the Employee's arbitration filing fee as imposed by the American Arbitration Association ("AAA").

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law. However, a party does not need to file an administrative charge to initiate RESOLVE. Further, the time limitation set forth in RESOLVE will continue to run during an administrative charge or any other action filed in any other forum.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims. Further, employee and Sterling agree to follow the time periods in the appeal process set forth below:

RECEIVED MAY 2 1 2007

4

| Party | Time Limit  (Time limitations will be strictly enforced) |
|---|---|
| Sterling | postmarked 30 calendar days from date of receipt of Step 1 claim form to send initial claim review determination. |
| Employee | 30 calendar days from date of Step 1 claim form determination to request, complete, postmark and send Step 2 appeal claim form. |
| Sterling | 45 calendar days from date of receipt of Step 2 appeal claim form to notify claimant of the assignment of either the Step 2 review panel or mediation. |
| Employee | 30 calendar days from the date of notice of an unsuccessful Step 2 to request, complete, postmark and send Step 3 claims appeal form. |

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

The AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by an authorized Sterling representative and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement. Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_E. Caldwell_ 
Employee Signature

_Erica Caldwell_ 
Print Name

_Kar Ohman_ 
Sterling Jewelers Inc.

_5·8·07_ 
Date

_2320_ 
Store Number

_Mgr_ 
Title

5

# RESOLVE PROGRAM

**EMPLOYEE COPY**

Alternative Dispute Resolution

Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are available upon request, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

| | |
|---|---|
| _Stephen M Cedanek_ | _3-14-07_ |
| Employee Signature | Date |
| | |
| _Darlene M. Cedanek_ | _0331_ |
| Print Name | Store Number |

_____

For Sterling Jewelers Inc.

# RESOLVE PROGRAM
## Alternative Dispute Resolution

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

4

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_Lisa M. Follett_
Employee Signature

_10/28/04_
Date

_Lisa M. Follett_
Print Name

_33\_
Store Number

For Sterling Jewelers Inc.                    5

# RESOLVE PROGRAM
## Alternative Dispute Resolution

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

4

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_Michele L. Guyer_ _____      ___8/1/05_____
Employee Signature                                        Date

_Michele L. Guyer_ _____      ___1864_____
Print Name                                                  Store Number

_____      ____5____
For Sterling Jewelers Inc.

# CALIFORNIA
# RESOLVE PROGRAM
Alternative Dispute Resolution

---

Arbitration Agreement

---

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions, which grow out of the dispute and bear on the final disposition, are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee acknowledges that he/she has the right to opt out of this Agreement by sending a letter to RESOLVE Program Administration, c/o RESOLVE Program Administrator at 375 Ghent Road, Akron, Ohio 44333, and postmarked within 30 calendar days, stating Employee wishes to "opt-out" of this Agreement. Employee also acknowledges that he/she has an affirmative duty to report to the RESOLVE Program Administrator in writing if he/she has in any manner been threatened or coerced to enter into this Agreement.

| | |
|---|---|
| _Maria House_ | _6/20/05_ |
| Employee Signature | Date |
| _MARIA HOUSE_ | _2198_ |
| Print Name | Store Number |

_____
For Sterling Jewelers Inc.

**RESOLVE PROGRAM**                    **EMPLOYEE COPY**
Alternative Dispute Resolution

Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are available upon request, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_____          _____
Employee Signature                                          Date

_____          _____
Print Name                                                      Store Number

_____
For Sterling Jewelers Inc.

**TO BE SIGNED & RETURNED**

# CALIFORNIA
# RESOLVE PROGRAM
## Alternative Dispute Resolution

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions, which grow out of the dispute and bear on the final disposition, are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee acknowledges that he/she has the right to opt out of this Agreement by sending a letter to **RESOLVE Program Administration**, c/o RESOLVE Program Administrator at 375 Ghent Road, Akron, Ohio 44333, and postmarked within 30 calendar days, stating Employee wishes to "opt-out" of this Agreement. Employee also acknowledges that he/she has an affirmative duty to report to the RESOLVE Program Administrator in writing if he/she has in any manner been threatened or coerced to enter into this Agreement.

_Vicki Osborn_
Employee Signature

_3/5/04_
Date

_Vicki Osborn_
Print Name

_#454_
Store Number

For Sterling Jewelers Inc.

# RESOLVE PROGRAM
## Alternative Dispute Resolution

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

4

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are available upon request, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_Jennifer Molina_
Employee Signature

_8 · 23 · 05_
Date

_Jennifer Molina_
Print Name

_2441_
Store Number

_____
For Sterling Jewelers Inc.

5

# RESOLVE PROGRAM
## Alternative Dispute Resolution
### Arbitration Agreement

I hereby agree to utilize the Sterling RESOLVE Program to pursue any dispute, claim, or controversy ("claim") against Sterling, its predecessors, successors, affiliates, parent, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and servants ("Sterling") regarding any alleged unlawful act regarding my employment or the termination of my employment which could have otherwise been brought before an appropriate government administrative agency or in an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act of 1967; The Older Workers Benefit Protection Act; Title VII of the Civil Rights Act of 1964; The Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States code; the Employee Retirement income Security Act of 1974; The Immigration Reform and Control Act; the Americans with Disabilities Act of 1990; The Fair Labor Standard Act; The Occupational Safety and Health Act; The Family and Medical Leave Act; any state Human Rights/Civil Rights Statutes; Minimum Wage Act; Equal Pay Law; any other federal, state or municipal civil or human rights law or any other municipal, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law. **I understand that by signing this Agreement I am waiving my right to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any government agency or court, and I am also waiving my right to commence any court action. I may, however, seek and be awarded equal remedy through the RESOLVE Program.** I also retain the right to file a charge or complaint with appropriate governmental administrative agencies, such as the National Labor Relations Board or the Equal Employment Opportunity Commission and to assist or cooperate with such agencies in their investigation or prosecution of charges, although I waive my right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies.

I agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In this event the claim shall be arbitrated by one Arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. I understand that I will be required to pay the first $150 of the costs of commencing an arbitration with the AAA and that the remainder of these costs will be paid by Sterling. The decision or award of the Arbitrator shall be final and binding upon the parties. The Arbitrator shall have the power to award any types of legal or equitable relief that would be available in a court of competent jurisdiction including, but not limited to, the costs of arbitration, attorney fees and punitive damages for causes of action when such damages are available under law.  An arbitration award may be entered as a judgment or order in any court of competent jurisdiction. I agree that any relief or recovery to which I am entitled from any claims

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_Gloria Huff_
Employee Signature

_8-9-05_
Date

_Gloria Huff_
Print Name

_122_
Store Number

For Sterling Jewelers Inc.                5

# RESOLVE PROGRAM
## Alternative Dispute Resolution

### Arbitration Agreement

I, my heirs, spouse, successors, assigns, agents and representatives (collectively called "Employee"), hereby agree to utilize the Sterling RESOLVE Program to pursue any pre-employment, employment or post-employment dispute, claim, or controversy (collectively called "claim") against Sterling Jewelers Inc., its predecessors, successors, affiliates, parents, subsidiaries, divisions, related companies, current and former directors, officers, shareholders, representatives, employees, insureds, members and attorneys (collectively called "Sterling") regarding any alleged unlawful act regarding my application for employment, employment or the termination of my employment which could have otherwise been brought before an appropriate court including, but not limited to, claims under the Age Discrimination in Employment Act; Title VII of the Civil Rights Act of 1964; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act; the Americans with Disabilities Act; The Fair Labor Standard Act; The Family and Medical Leave Act; any state anti-discrimination statutes; wage and hour laws; equal pay laws; any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; or any public policy, contract, tort or common law.

In consideration for signing this Agreement, Sterling agrees to: 1) utilize the RESOLVE Program for any claims against Employee (e.g., theft, embezzlement, restitution, trade secrets/propriety information, other willful misconduct, etc.); and 2) pay all costs of arbitration imposed by the American Arbitration Association ("AAA") including filing fees as set forth by AAA.

This Agreement waives the parties rights to obtain any legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any court, and they also waive their right to commence any court action to the extent that is permissible under law provided that either party may seek equitable relief to preserve the status quo pending final disposition under the RESOLVE Program. The parties may seek and be awarded any remedy through the RESOLVE Program that they could receive in a court of law. Nothing in this Agreement precludes either party from filing a charge or complaint with appropriate governmental administrative agencies and to assist or cooperate with such agencies in their investigation or prosecution of charges or complaints, although the parties waive their right to any remedy or relief as a result of such charges or complaints brought by such governmental administrative agencies to the extent that is permissible under law.

The parties agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In such an event, the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ("AAA") as amended by the Sterling RESOLVE Program. The arbitrator's decision shall be final and binding. The arbitrator shall have the power to award any types of legal or equitable relief that would be available under applicable law.

Unless prohibited by law, a demand to use the RESOLVE Program must be made in writing and must be postmarked or delivered to the RESOLVE Program Administrator no later than one (1) year after the alleged unlawful conduct has occurred. Failure expressly to demand use of RESOLVE, in writing, within that time limitation shall serve as a waiver and release with respect to all such claims.

4

This Agreement is being made under the provision of the Federal Arbitration Act (9 U.S.C., Section 1-14) and will be construed and governed accordingly. Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be decided by the arbitrator. Likewise, procedural questions which grow out of the dispute and bear on the final disposition are also matters for the arbitrator. However, where a party already has initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter (e.g., one (1) year for filing a claim).

A copy of the RESOLVE Program Arbitration Rules are attached, and the AAA Employment Dispute Resolution Rules ("National Rules for the Resolution of Employment Disputes") are available for review on AAA's web site at www.adr.org. In the event of a conflict between the RESOLVE Program Arbitration Rules and the AAA Employment Dispute Resolution Rules, the RESOLVE Program Arbitration Rules will control.

Employment with Sterling is at-will and may be terminated at any time for any reason by either party with or without prior notice.

Any claim under this Agreement shall be governed by the law of the jurisdiction in which the claim arose. This Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of Ohio. Absent an undue hardship as determined by arbitrator, the arbitration shall occur near where Employee worked for Sterling.

If any term or provision of this Agreement is declared illegal or unenforceable and cannot be modified to be enforceable, such term or provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The terms of this Agreement cannot be orally modified. This Agreement may not be modified unless the Agreement is altered in writing and signed by Sterling's Executive Committee and Employee.

The parties understand and agree that this Agreement contains adequate consideration, the receipt and sufficiency of which is hereby acknowledged. Employee has been advised of his/her right to consult with an attorney of his/her choice regarding this Agreement.

Employee understands that he/she would not be or remain employed by Sterling absent signing this Agreement. The parties have knowingly, voluntarily and free from duress or coercion entered into this Agreement

_Khristina Rodrigues_                              _6-18-04_
Employee Signature                                   Date


_Khristina Rodrigues_                              _1222_
Print Name                                          Store Number


_____              5
For Sterling Jewelers Inc.