UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
:
**LARYSSA JOCK, et al.,**          :
:
      Plaintiffs, on behalf of   :
      themselves and others     :
      similarly situated        :   Index No.  1:08-cv-02875 (JSR)
:
  -against-                 :
:
**STERLING JEWELERS INC.,**       :
:
      Defendant.                :
:
------------------------------------- X

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO STRIKE COUNTERCLAIMS FROM THE PLEADINGS
PURSUANT TO RULE 12(f) OR, IN THE ALTERNATIVE, MOTION TO
DISMISS COUNTERCLAIMS PURSUANT TO RULE 12(b)(6) (Dkt. 38)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

I.      The Counterclaims are Defenses Raised in Sterling's Answer
and Should be Stricken as Redundant, Immaterial, or
Impertinent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

II.     As Defenses to Plaintiffs' Claims That Merely Affect the Scope
of Liability, the Counterclaims are Not Claims for Which Relief
Can Be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

III.    The Supreme Court has Limited Expansion Of Judicial
Authority over Issues under the Purview Of the Arbitrator. . . . . . . . . .   5

IV.    The Word "May" is by Definition Permissive and at Most
Grants the Court Discretion to Adjudicate Procedural Issues. . . . . . . .   7

V.     Over Half of the Named Plaintiffs and Opt-In Plaintiffs are
Not Bound by the Agreement or the Rules Containing the
Permissive Language . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

**TABLE OF AUTHORITIES**

**Cases**

*Aetna Ins. Co. v. Haworth*, 300 U.S. 227 (1937) .................................................................. 3

*AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 106 S. Ct. 1415,
   89 L. Ed. 2d 648 (1986) ...................................................................................................... 6

*Becker v. Hobbs*, 590 N.W.2d 360 (Neb. 1999) ................................................................... 4

*Celanese Corporation v. Arelle of California*, 1979 U.S. Dist. LEXIS
   15092 (S.D.N.Y. Jan. 15, 1979) ......................................................................................... 3

*Contec Corp. v. Remote Solution Co.*, 398 F.3d 205 (2d Cir. N.Y. 2005) ......................... 7

*Crossbridge, Inc. v. Shank*, 74 Ohio App. 3d 779
   (Ohio Ct. App., Franklin County 1991) ............................................................................ 8

*Donahue v. Silberstein,* 1990 Ohio App. LEXIS 4540
   (Ohio Ct. App., Franklin County Oct. 16, 1990) .............................................................. 8

*Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St. 2d 102 (Ohio 1971) ............................. 8

*Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003) .......................................... 1, 6

*Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396 (2008) ....................... 5, 6, 7

*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002) ...................................... 1, 6, 7

*Lincoln National Corporation, et al v. Steadfast Insurance Company*,
   2006 U.S. Dist. LEXIS 38535 (N.D. Ind. January 9, 2006) ............................................ 4

*Manhattan Fire & Marine Ins. Co. v. Nassau Estates II*, 217 F.Supp. 196 (D. N.J. 1963) 3

*Mapletown Foods, Inc. v. Mid-America Mgmt. Corp.*, 2007 Ohio 2767
   (Ohio Ct. App., Cuyahoga County June 7, 2007) ............................................................ 9

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) .......................... 4

*PaineWebber Inc. v. Bybyk*, 81 F.3d 1193 (2nd Cir. 1996) ................................................ 7

*Russell Realty Co. v. Feghali*, 121 Ohio App. 3d 291
   (Ohio Ct. App., Cuyahoga County 1997) ......................................................................... 8

*Shaw Group, Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115 (2d Cir. N.Y. 2003) ................... 7

*United States v. Int'l Bhd. Of Teamsters,* 970 F.2d 1132 (2d Cir. 1992) ............................ 8

*United Steel Workers of America v. Saint Gobain Ceramics & Plastics, Inc.*,
    505 F.3d 417 (6th Cir. 2007) ................................................................................ 6

*Wilkerson v. Butler*, 229 F.R.D. 166 (E.D. Cal. 2005) ........................................................ 3

*Wilson v. Tucker*, 1997 Ohio App. LEXIS 153 (Ohio Ct. App., Ross
    County Jan. 14, 1997) ........................................................................................ 8

**Statutes**

9 U.S.C. § 3 ................................................................................................................ 5

9 U.S.C. § 4 ................................................................................................................ 5

9 U.S.C. § 9 ................................................................................................................ 5

**Rules**

Federal Rule of Civil Procedure Rule 12(b)(6) ............................................................. 1, 3, 5

Federal Rule of Civil Procedure Rule 12(f) ................................................................... 1, 3

**Other Authorities**

Webster's New World Dictionary (3d Ed. 1988) 837 ....................................................... 9

**INTRODUCTION**

The crux of the parties' dispute is whether the Court should refer this case in its entirety to arbitration. The answer is a resonating yes. Supreme Court and Second Circuit precedent, the Federal Arbitration Act, and a strong federal policy in favor of arbitration all direct the Court to refer this case in its entirety to arbitration. Sterling has now conceded that (1) the arbitration agreement is silent on class arbitration, *see* Opposition to Motion to Strike at 7 ("Def's Opp"); (2) procedural issues are presumptively under the purview of the arbitrator, *see* Def's Opp at 5; and (3) the permissive language was added to the arbitration agreements and the RESOLVE rules after 2003 in response to *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 457 (2003) and *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002), s*ee* Def's Opp. at 5 n. 3 and Ex. A; thus, the permissive language does not bind Plaintiffs hired before that date. These significant concessions expose the frailty of Sterling's pursuit to have the Court rule on procedural issues in direct contradiction with overwhelming authority in support of arbitration.

Sterling's counterclaims should be stricken under Federal Rule of Civil Procedure Rule 12(f), or in the alternative, dismissed under Rule 12(b)(6) as the counterclaims are redundant of Sterling's defenses, which will be addressed at the appropriate time. Sterling's unfounded allegations of repudiation and waiver are not supported by the factual history of this case and attempt to divert attention from the central issue that an enforceable arbitration agreement exists under which procedural matters should be referred to arbitration. The factual history most relevant to the Court's analysis is the following:

1. On March 18, 2008, Plaintiffs commenced litigation based on a reasonable belief that the arbitration agreement was unenforceable. Plaintiffs filed suit to obtain a ruling from the Court on the enforceability of the agreement. *See* Plaintiffs' Motion to Compel and Stay Litigation, Dkt. 26 ("Pl. Mot. Compel and Stay").

2. On April 18, 2008, Plaintiffs obtained Sterling's representations about the cost of arbitration and injunctive relief available under arbitration to satisfy Plaintiffs that the arbitration agreement was enforceable. *See* Plaintiffs' Motion to Strike or Dismiss, Dkt. 39 ("Pl. Mot. Strike"), Ex. B.

3. On April 25, 2008, less than two months after filing suit and two weeks before the Court's scheduling conference, Plaintiffs offered to stipulate to proceed to arbitration. *See* Plaintiffs' Reply to Motion to Compel and Stay, Dkt. 42 ("Pl. Reply Mot. Compel and Stay"), Ex. A.

4. On April 30, 2008, Sterling refused to stipulate to arbitration, filed its Answer, and sought three preliminary procedural rulings couched as counterclaims for declaratory judgments. *See* Pl. Reply Mot. Compel and Stay at 2-3, Ex. A.

5. On May 5, 2008, Plaintiffs filed a motion to refer the case in its entirety to arbitration. *See* Pl. Mot. Compel and Stay.

Although Sterling attempts to question Plaintiffs' motives in filing this litigation, it is Sterling that has taken contradictory positions in an attempt to hedge its bets between the Court and arbitration. On the one hand, Sterling repeatedly admits in its Answer that the arbitration agreement is enforceable, that all claims must be brought in arbitration, and asks the Court to stay the litigation. Answer, Dkt. 36 at ¶¶ 7, 9, 402, 403, 414. On

the other hand, Sterling proclaims that it has the unilateral right to decide "whether to exercise its right to arbitrate Plaintiffs' claims" based upon how the Court rules on the procedural issues presented in its motion to bifurcate scheduling. *See* Def's Opp. at 8, 13. It is a rare occurrence indeed to find a company refusing to enforce its own mandatory alternative dispute resolution program imposed on its employees upon hire.

Accordingly, Plaintiffs respectfully request that the Court strike the counterclaims pursuant to Fed. R. Civ. P. 12(f), or in the alternative, dismiss the counterclaims pursuant to Rule 12(b)(6).

### I.   The Counterclaims are Defenses Raised in Sterling's Answer and Should be Stricken as Redundant, Immaterial, or Impertinent

Sterling implicitly concedes defenses raised in its Answer are identical to its purported counterclaims. Def's Opp. at 4. Such needless repetition of other averments warrants striking the counterclaims as redundant. *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005); *see also Celanese Corporation v. Arelle of California*, 1979 U.S. Dist. LEXIS 15092, **3-6 (S.D.N.Y. Jan. 15, 1979) (striking counterclaims that seek declaratory relief as redundant to affirmative defenses); *Manhattan Fire & Marine Ins. Co. v. Nassau Estates II*, 217 F.Supp. 196, 198-99 (D. N.J. 1963) (striking a defense as redundant because it was identical to denials of complaint). Rather than raise a justiciable controversy whose adjudication would relieve Sterling of liability, the requested declaratory judgments merely affect the scope of damages. *See Aetna Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937) (defining a "controversy" as one admitting specific relief through a decree of a conclusive character). Hence, Sterling's purported counterclaims are not susceptible to an "immediate and definite determination of the legal rights of the parties" that would relieve Sterling of liability on Plaintiffs' claims.

3

*Manhattan Fire & Marine Ins. Co.*, 217 F. Supp. at 198 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

The Court should, therefore, strike the counterclaims as redundant to Sterling's defenses that will be addressed at the appropriate stage in resolution of this case. *See Lincoln National Corporation, et al v. Steadfast Insurance Company*, 2006 U.S. Dist. LEXIS 38535, *13 (N.D. Ind. January 9, 2006) (striking counterclaims that raises issues already present in the litigation by way of [Plaintiffs'] Complaint or [Defendant's] Answer and affirmative defenses").

## II. As Defenses to Plaintiffs' Claims That Merely Affect the Scope of Liability, the Counterclaims are Not Claims for Which Relief Can Be Granted

Despite Sterling's recognition that its counterclaims are duplicative of its defenses to the Complaint, it nonetheless asks the Court to prematurely rule on procedural matters properly addressed at a much later stage in the litigation. Def's Opp. at 5-6; *see, e.g., Becker v. Hobbs*, 590 N.W.2d 360, 364 (Neb. 1999) (a counterclaim is an enforceable cause of action from which a separate judgment might be had).

Specifically, Sterling's third counterclaim seeks a ruling on the scope of damages under the Equal Pay Act, which is normally addressed after liability has been established. Counterclaim, Dkt. 36 at ¶ 60. This counterclaim mirrors Sterling's fourth affirmative defense raising a statute of limitations defense. Answer at ¶ 385. Similarly, the second counterclaim seeks a ruling on whether five plaintiffs have exhausted administrative remedies under RESOLVE, a defense normally raised after the completion of discovery at the summary judgment phase. Answer at ¶ 404. This counterclaim mirrors Sterling's twenty-third affirmative defense. Counterclaim at ¶ 58. Finally, Sterling's first counterclaim seeks to stay the case including discovery so that the Court may rule on

4

whether the Plaintiffs may proceed as a class in arbitration. Counterclaim at ¶ 51. This is clearly an intermediate procedural ruling rather than any cause of action for which relief can be granted. In fact, the first counterclaim is nothing more a defense to Plaintiffs' class action allegations. *See* Answer at ¶ 414.

Accordingly, the Court should dismiss Sterling's counterclaims pursuant to Rule 12(b)(6).

### III. The Supreme Court has Limited Expansion Of Judicial Authority over Issues under the Purview Of the Arbitrator

The Supreme Court in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396, 1402-1405 (2008), held that the mandatory language in the Federal Arbitration Act stating that "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected" cannot be expanded by contract. *See* 9 U.S.C. § 9. In response to Plaintiffs' Motion, Sterling sets forth the same flawed reasoning that the defendant in *Hall Street Associates* argued, and the Court rejected, that they "ought to prevail simply because arbitration is a creature of contract." *Id*. at 1404. The Supreme Court found this argument "comes up short" because the language in Sections 10 and 11 of the FAA are exclusive and cannot be expanded by agreement of the parties. *Id*.

Like Sections 9, 10, and 11 of the FAA, Sections 3 and 4 are exclusive as they set forth mandatory directives for a court to follow. Section 3 of the FAA directs that a court "*shall* on application of one of the parties stay the trial of the action." 9 U.S.C. § 3 (emphasis added). Section 4 of the FAA states that a court "*shall* make an order directing the parties to proceed to arbitration" upon finding there is no dispute in regard to the "making" of the agreement to arbitrate or "the failure, neglect, or refusal" to arbitrate. 9 U.S.C. § 4 (emphasis added). The Supreme Court's rationale in *Hall Street Associates* is

5

analogous here, and as a result, Sterling should not be permitted to use contractual provisions as cover to thwart mandatory procedures set forth by the FAA in Sections 3 and 4.

Sterling's reliance on dicta in non-binding *United Steel Workers of America v. Saint Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417 (6th Cir. 2007) is equally misplaced. Not only does the case precede the Supreme Court's holding in *Hall Street*, but the reasoning in *Saint Gobain* supports Plaintiffs' position that the entire matter should be referred to arbitration. In *Saint Gobain,* the court referred to an arbitrator the parties' dispute regarding the meaning of a time-limitation provision because the contract was silent as to who would decide this issue. *Id*. at 418. The court held that "when [parties] do not indicate a *preference* for judicial or arbitral resolution of a dispute . . . there is nothing unusual about courts establishing default rules or presumptions about the meaning of such silence." *Id*. at 424 (emphasis added). *Bazzle* and *Howsam* decided that the default rule for the procedural matters at issue here is for the arbitrator to make such decisions. *See Bazzle*, 539 U.S. at 457; *Howsam*, 537 U.S. at 85. The permissive language in the more recent versions of Sterling's Arbitration Agreements providing that a court *may* in its discretion decide procedural issues after a judicial process is initiated does not establish that the parties had a *preference* for the court to decide these procedural issues.[1] As such, even under *Saint Gobain*, the Court should strike or dismiss Sterling counterclaims, stay these proceedings, and refer this matter to arbitration.

---

[1] *See Saint Gobain*, 505 F.3d at 424; *see also AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 650-51, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986) ("If doubt exists over whether a dispute falls on one side or the other of this line, the presumption in favor of arbitrability makes the question one for the arbitrator").

6

Similarly, Sterling misinterprets the Supreme Court's holding in *Howsam* in contending that it supports a finding here that the parties agreed that a court should decide procedural issues. *See* Def's Opp at p. 8. To the contrary, in *Howsam*, the Supreme Court *rejected* the defendant's argument that the court should decide the procedural issue relating to the applicability of the NASD time limit rule. 537 U.S. at 86. The Court noted that "without the help of a special *arbitration-disfavoring presumption*, we cannot conclude that the parties intended to have a court, rather than an arbitrator, interpret and apply the NASD time limit rule." *Id.* (emphasis added). Just as the permissive language in the more recent versions of the Sterling Arbitration Agreement cannot be interpreted as a "preference" for the court to decide procedural issues, such language cannot be interpreted as an "arbitration-disfavoring presumption." Moreover, Sterling relies solely on cases that expand the *arbitrator's* authority and notably fails to cite to any cases that interpret *Howsam* to expand *judicial* authority. The absence of such authority is consistent with the Supreme Court's holding in *Hall Street Associates* prohibiting the parties from contracting to expand judicial authority under the FAA.[2]

### IV.    The Word "May" is by Definition Permissive and at Most Grants the Court Discretion to Adjudicate Procedural Issues

Sterling cannot insert language into the contract to change the meaning of the parties' agreement to its favor. Sterling argues that the language in the contract that states "a court may decide procedural questions . . ." should be interpreted as "a court

---

[2] For instance, arbitrators can be given the authority to decide questions of arbitrability that are usually reserved for the courts. *See Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208 (2d Cir. N.Y. 2005); *Shaw Group, Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 121 (2d Cir. N.Y. 2003); *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1202 (2nd Cir. 1996). Such decisions are not inconsistent with the Supreme Court's holding in *Hall Street Associates*.

7

[and not an arbitrator] may decide procedural questions . . . ." *See* Def's Opp. at 6. The procedural language at issue permits, rather than mandates, that the court decide procedural issues when a party has initiated a judicial proceeding. This interpretation does not render the provision "superfluous." Moreover, such a reading is in accordance with the Second Circuit's decision in *United States v. Int'l Bhd. Of Teamsters,* 970 F.2d 1132, 1136 (2d Cir. 1992), which declined to adopt the appellant's interpretation of a contract provision when doing so would render a subsequent provision completely without meaning.

Tellingly, Sterling has failed to cite any cases in which a court found that interpreting a provision containing the word "may" to be permissive rather than mandatory renders that provision superfluous or otherwise without meaning. In fact, an interpretation of the word "may" as connoting permissiveness or discretion, rather than suggesting a mandate, is consistent with Ohio contract law, which governs the parties agreement.[3]  *See Russell Realty Co. v. Feghali*, 121 Ohio App. 3d 291, 295 (Ohio Ct. App., Cuyahoga County 1997) (use of the term "may" as opposed to "shall" in a lease termination clause agreement clearly and unambiguously meant the leaseholder had the *choice* to exercise this option); *Donahue v. Silberstein,* 1990 Ohio App. LEXIS 4540 (Ohio Ct. App., Franklin County Oct. 16, 1990) (noting that in interpreting statutes, the use of may indicates permissiveness); *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St. 2d 102, 107 (Ohio 1971) (same); *Crossbridge, Inc. v. Shank*, 74 Ohio App. 3d 779, 786 (Ohio Ct. App., Franklin County 1991) (same); *Wilson v. Tucker*, 1997 Ohio App. LEXIS 153 (Ohio Ct. App., Ross County Jan. 14, 1997) ("the court's entry [with respect to the

---

[3] The RESOLVE Arbitration Agreements contain a provision stating that they shall be interpreted in accordance with the laws of the state of Ohio.

time limits for summary judgment] uses the term "may" which [is] clearly optional or permissive as opposed to term "shall" which is mandatory."). Thus, interpreting the word "may" to permit, rather than mandate, the court to decide procedural issues is consistent with the clear and unambiguous meaning of the word. Webster's New World Dictionary (3d Ed. 1988) 837.

### V. Over Half of the Named Plaintiffs and Opt-In Plaintiffs are Not Bound by the Agreement or the Rules Containing the Permissive Language.

In its various pleadings filed in conjunction with this issue, Sterling incorrectly asserts that all Plaintiffs are bound by such language because the *current* version of the RESOLVE Arbitration Rules contains the language permitting the Court to decide procedural issues. *See* Def's Opp. at 5; Def's Motion for Bifurcated Scheduling at 5; Reply to Motion for Bifurcated Scheduling at 4; Opp. Motion to Compel and Stay at 8-9. Sterling, thus, disregards the fact that Sterling and more than half the Named Plaintiffs had no intent to permit or mandate the court decide procedural issues when one party had initiated a judicial proceeding. Sterling's position directly contradicts basic rules of contract interpretation, the objective of which "is to ascertain and effectuate the intent of the parties to the agreement when drafted." *Mapletown Foods, Inc. v. Mid-America Mgmt. Corp.*, 2007 Ohio 2767, P21 (Ohio Ct. App., Cuyahoga County June 7, 2007).

Furthermore, the terms of the contract require that any modifications to the agreement by Sterling be made in writing and agreed to by the employee. Sterling has produced no proof of written consent by the Plaintiffs to this modification of their original contract. The following language in the earliest versions of the Arbitration

9

Agreement make no mention of any set of Arbitration Rules promulgated by Sterling as it states:

> I agree to follow the multi-step process outlined in the RESOLVE Program, which culminates in the use of arbitration. In this even the claim shall be arbitrated by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association as amended by the RESOLVE Program.

*See* Arbitration Agreement, Ex. E to Dkt. 36. Moreover, any changes to the RESOLVE Program for Named and opt-in Plaintiffs, including modifications to their arbitration agreement or its Rules, could only be modified if made in writing and agreed to by them. *See Id.*; Arbitration Agreement, Ex. A to Dkt. 36. As a result, any ruling by the Court on this issue would require extensive and time-consuming discovery to determine which Named Plaintiffs and opt-in Plaintiffs are bound by which version of the Arbitration Agreement, when the Arbitration Rules were modified, and whether Sterling obtained consent from each Named Plaintiff and opt-in Plaintiff to modify the agreements they entered into.

## CONCLUSION

For the foregoing reasons, the Court should reject Sterling's attempt to prematurely seek rulings on defenses through the misapplication of the declaratory judgment regime. These issues should be resolved in context at the proper time in arbitration. Plaintiffs therefore respectfully request that the Court strike the counterclaims as redundant, immaterial, or impertinent, or in the alternative, dismiss the counterclaims for failure to state a claim for which relief can be granted.

Dated:  June 9, 2008           Respectfully submitted,

**BURR & SMITH, LLP**

/s/ Sam J. Smith
Sam J. Smith, FL Bar No. 0818593
Loren B. Donnell, FL Bar No. 013429
442 W. Kennedy Blvd., Suite 300
Tampa, FL  33606-1495
Telephone: (813) 253-2010
Facsimile: (813) 254-8391
ssmith@burrandsmithlaw.com
ldonnell@burrandsmithlaw.com

Lynda J. Grant (LG-4784)
150 East 52nd Street, 30th Floor
New York, NY  10022
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
lgrant@cmht.com

Joseph M. Sellers
Jenny R. Yang (JY-9667)
Sahar F. Aziz
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
jsellers@cmht.com
jyang@cmht.com
saziz@cmht.com

Thomas A. Warren
Thomas A. Warren Law Offices, P.L.
2032-D Thomasville Blvd.
Tallahassee, FL  32308
Telephone: (850) 385-1551
Facsimile: (850) 385-6008
tw@nettally.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 9th day of June, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Stephen S. Zashin
>ZASHIN & RICH CO., L.P.A.
>55 Public Square, 4th floor
>Cleveland, Ohio 44113
>Telephone:  (216) 696-4441
>Facsimile:  (216) 696-1618
>ssz@zrlaw.com
>
>Gerald L. Maatman, Jr.
>SEYFARTH SHAW
>131 South Dearborn St., Suite 2400
>Chicago, IL  60603-5577
>gmaatman@seyfarth.com
>
>**Attorneys for Defendant Sterling Jewelers Inc.**

                                            */s/ Sam J. Smith*
                                            Sam J. Smith