UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

**Laryssa Jock, et al.**,  :

        Plaintiffs,  :

    -against-  :

**Sterling Jewelers Inc.**,  :

        Defendant.

[JOINT PROPOSED] CIVIL CASE MANAGEMENT PLAN
(JUDGE RAKOFF)

08 Civ. 2875 (JSR)

------------------------------------- X

**This Court requires that this case shall be ready for trial on**

**within 90 days after the end of merits discovery**

    After consultation with counsel for the parties, the following Case Management Plan is adopted.  This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

As the parties cannot agree on specific dates for the discovery schedule below, the joint proposed case management order identifies the parties' respective positions on each discovery deadline.

Plaintiffs' Position: As this case should be referred to arbitration, the arbitrator assigned should set dates for all ensuing proceedings.  In the event the Court retains the case for all purposes, the Plaintiffs propose the following dates as prescribed by the Court's Case Management Order Form cited in Rule 3(b) of the Individual Rules of Practice.

Defendant's Position: Defendant proposes that all dates below be determined after the Court rules on Defendant's counterclaims.

A.    The case **is** to be tried to a jury.

B.    As this case has been pled as a class certifiable under Fed. R. Civ. P. 23 and a collective action under 29 U.S.C. § 216(b),[1] the determination of whether these claims should proceed as a class action under Rule 23 shall be governed by

---

[1]   See MANUAL FOR COMPLEX LITIGATION, § 11.211 (4th Ed. 2008) (providing a checklist of procedures to consider in developing case-management plans for complex litigation).

1

368114.2 2

    Section F and/or a collective action under 29 U.S.C. § 216(b) shall be governed by Section D.  Accordingly, joinder of additional named parties must be accomplished by **July 11, 2008**.

    Defendant's Position: A date to be determined after the Court rules on Defendant's counterclaims.

C.    Amended pleadings may be filed without leave of Court until **July 25, 2008**.

D.    Plaintiffs shall file a motion for certification as a collective action under 29 U.S.C. § 216(b) on or before **August 1, 2008**, answering papers shall be served 21 days thereafter, and reply papers shall be served 21 days thereafter.

    Defendant's Position: A date to be determined after the Court rules on Defendant's counterclaims.

E.    Discovery shall be bifurcated into class certification and merits discovery.

    Class Discovery shall begin on **September 15, 2008** (in addition to the disclosures required by Fed. R. Civ. P. 26(a)).  Plaintiffs may use data and documents in this case that was produced in mediation proceedings that took place between the parties to expedite the completion of class discovery and Rule 23 class certification briefing.

    Defendant's Position: A date to be determined after the Court rules on Defendant's counterclaims.

    1.    Documents.  First request for production of documents for purposes of class certification under Fed. R. Civ. P. 23, if any must, be served by **February 6, 2009**.  Further document requests may be served as required, by no document request may be served later than 30 days prior to the date of the close of class discovery as set forth in item 6 below.

        Defendant's Position: A date to be determined after the Court rules on Defendant's counterclaims.

    2.    Interrogatories.  Interrogatories for purposes class certification under Fed. R. Civ. P. 23 and pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by **February 6, 2009**.  No other interrogatories are permitted except upon prior express permission of Judge Rakoff.  No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

        Defendant's Position: A date to be determined after the Court rules on Defendant's counterclaims.

    3.    Experts.  Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony for

purposes of class certification under Fed. R. Civ. P. 23 in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **February 6, 2009**. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a) by **March 6, 2009**. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer rebuttal expert testimony for purposes of class certification under Fed. R. Civ. P. 23 in respect of such claim must make the rebuttal report by **April 3, 2009.** No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but <u>such depositions must occur within the time limit for all depositions set forth below</u>.

<u>Defendant's Position</u>: Dates to be determined after the Court rules on Defendant's counterclaims.

4. <u>Depositions</u>. All depositions for purposes of class certification under Fed. R. Civ. P. 23 (<u>including any expert depositions, see item 3 above</u>) must be completed by **April 17, 2009**. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

    <u>Defendant's Position</u>: A date to be determined after the Court rules on Defendant's counterclaims.

5. <u>Requests to Admit</u>. Requests to Admit for purposes of class certification under Fed. R. Civ. P. 23, if any, must be served by **February 6, 2009**.

    <u>Defendant's Position</u>: A date to be determined after the Court rules on Defendant's counterclaims.

6. All class discovery is to be completed by **April 17, 2009**. Interim deadlines for items 1-5 above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

    <u>Defendant's Position</u>: A date to be determined after the Court rules on

        Defendant's counterclaims.

F.    Post-class discovery motion for class certification in the form prescribed by the Court's Individual Rules of Practice may be brought without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed no later than one week following the close-of—class-discovery-date and provided that the moving papers are served on or no later than **May 15, 2009**, answering papers are served 28 days thereafter, and reply papers are served 21 days thereafter.  Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served.  Additionally, on the same date that reply papers are served and filed, counsel for the parties must arrange to deliver a courtesy non-electronic hard copy of the complete set of papers to the Courthouse for delivery to Chambers.

    Defendant's Position: A date to be determined after the Court rules on Defendant's counterclaims.

G.    Merits Discovery.  After the court rules on a motion for class certification under Fed. R. Civ. P. 23, the parties shall meet and confer to develop a proposed plan for the remainder of the proceedings.  The period for discovery on the merits will not exceed 180 days thereafter.  The Court shall set a trial date within 90 days after the end of merits discovery.

J.    All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice.  Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

    SO ORDERED

                                                    _____
                                                      JED S. RAKOFF
                                                      U.S.D.J.

DATED:    New York, New York

        _____.

368114.2 2

| | |
|---|---|
| Dated: New York, New York<br>June 9, 2008 | Respectfully submitted, |
| **SEYFARTH SHAW** | **COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C.** |
| By: */s/ Gerald L. Maatman*<br>Gerald M. Maatman, Jr.<br>620 Eighth Avenue, 32nd floor<br>New York, New York 10018-1405<br>Telephone: (212) 218-5500<br>Facsimile: (212) 218-5526<br>gmaatman@seyfarth.com | By: */s/ Joseph M. Sellers*<br>Joseph M. Sellers<br>Jenny R. Yang (JY-9667)<br>Sahar F. Aziz<br>1100 New York Avenue, N.W.<br>Suite 500, West Tower<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699<br>jsellers@cmht.com<br>jyang@cmht.com<br>saziz@cmht.com<br><br>Lynda J. Grant (LG-4784)<br>150 East 52nd Street, 30th floor<br>New York, NY 10022<br>Telephone: (212) 838-7797<br>Facsimile: (212) 838-7745<br>lgrant@cmht.com<br><br>Sam J. Smith<br>Loren B. Donnell<br>Burr & Smith<br>442 W. Kennedy Boulevard, Suite 300<br>Tampa, FL 33606<br>Telephone: (813) 253-2010<br>Facsimile: (813) 254-8391<br>ssmith@burrandsmithlaw.com<br>ldonnell@burrandsmithlaw.com<br><br>Thomas A. Warren<br>Thomas A. Warren Law Offices, P.L.<br>2032-D Thomasville Blvd.<br>Tallahassee, FL 32308<br>Telephone: (850) 385-1551<br>Facsimile: (850) 385-6008<br>tw@nettally.com<br><br>*Counsel for Plaintiffs* |