# SEYFARTH SHAW LLP
ATTORNEYS

131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000
fax (312) 460-7000
www.seyfarth.com

Writer's direct phone
(312) 460-5965

Writer's e-mail
gmaatman@seyfarth.com

July 3, 2008

<u>Via Facsimile (212) 805-7935 and ECF</u>

The Honorable Jed S. Rakoff, U.S.D.J.
United States District Court
500 Pearl Street
New York, New York 10007

        Re:    Jock, *et al.* v. Sterling Jewelers Inc. ("Sterling")
             <u>Docket No.: SSX-L-618-04</u>

Dear Judge Rakoff:

      Sterling Jewelers Inc. seeks certification pursuant to 28 U.S.C. § 1292(b) for interlocutory appeal of this Court's attached June 18, 2008 order (the "Order"). (Dkt. 52). Although an interlocutory appeal right may not be triggered by the Order, out of an abundance of caution, Sterling submits this certification now, and requests that it be permitted to supplement any application, if necessary, once the Court issues its reasons for its ruling, or otherwise. Specifically, Sterling seeks interlocutory review of whether, pursuant to *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003) and its progeny, Sterling and the individual plaintiffs' contractual agreement and the arbitration rules of Sterling's RESOLVE dispute resolution program require that this Court decide the procedural issues that grow out of and bear on the parties' agreement to arbitrate their disputes. Sterling also requests that this Court stay all RESOLVE proceedings at the American Arbitration Association while any petition for an interlocutory appeal is pending and during any subsequent appeal.

      Certain individual plaintiffs' agreements and the RESOLVE rules provide that:
" … <u>where a party has already initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter</u> (e.g., one (1) year for filing a claim). (*See* Dkt. 35, Amended Counterclaim, Exs. A and S) (emphasis added). Because each of the plaintiffs "initiated a judicial proceeding" by filing this lawsuit, Sterling sought in its Counterclaim, as amended, a judgment declaring that: (1) any arbitrations conducted under RESOLVE must be conducted on an individual basis and not as a class or collective action; (2) the claims of certain counterclaim defendants are time-barred or waived pursuant to the terms of RESOLVE; and (3) the limitations period and/or period of liability for claims of alleged violations of the Equal Pay Act begins two or three years (for an alleged willful violations) from the date that each employee filed her own action or appropriately filed an opt-in notice of consent. (Dkt. 19, 30, 31 and 36).

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



    This Court may certify for interlocutory appeal an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion" where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); See *Fox v. Bank Mandiri (In re Perry H. Koplik & Sons, Inc.)*, No. 02-B-40648, 377 B.R. 69; 2007 U.S. Dist. LEXIS 76810, at *9 (Bankr. S.D.N.Y. Oct. 10, 2007). Whether RESOLVE mandates that arbitrations must be conducted on an individual, and not a class or collective basis, and the applicable Equal Pay Act limitations period will affect the entire litigation. A reversal of the Order would also impact other dispute resolution programs like RESOLVE, and dictate provisions of countless future alternative dispute resolution programs as well. Moreover, because there is no need to engage in discovery or weigh the evidence, the Second Circuit can decide these issues quickly and without having to study an extensive record.

    Additionally, substantial grounds for difference of opinion exist because whether parties may contract to have a court decide procedural issues is a matter of first impression in the Second Circuit. Sterling asserts the Supreme Court's holdings in *Green Tree*, 539 U.S. at 447, 451-52, and *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83, 86 (2002), permit the parties to contract that procedural issues be decided by a court. This Court presumably rejected this notion in the Order. The parties' ability to contract to have a court decide certain procedural issues is a matter of first impression in the Second Circuit, and, as such, substantial grounds for difference of opinion exist. See *Thomas v. iStar Fin., Inc.*, 520 F. Supp. 2d 478, 482-83 (S.D.N.Y. 2007); *Morris v. Flaig*, 511 F. Supp. 2d 282, 317 (E.D.N.Y. 2007).

    Finally, exceptional circumstances exist justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment. See *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990). A Second Circuit opinion going *either way* will clarify whether parties have the ability to contract to have a court, not an arbitrator, decide procedural issues and avoid a proliferation of forum shopping, inducing a "race to the courthouse" in jurisdictions favorable to the moving party. See *United Steel Workers of Am. v. Saint Gobain Ceramics & Plastics, Inc.*, 505 F.3d 417, 424 (6th Cir. 2007).

    For these reasons, Sterling respectfully requests certification of the Order for interlocutory appeal, and stay all RESOLVE proceedings while any petition for an interlocutory appeal is pending and during any subsequent interlocutory appeal.

                                Very truly yours,

                                SEYFARTH SHAW LLP

                                Gerald L. Maatman, Jr.

Enc.
cc: Plaintiffs' counsel via facsimile and ECF (w/enc.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
LARYSSA JOCK, JACQUELYN BOYLE,          :
CHRISTY CHADWICK, LISA FOLLETT, MARIA   :
HOUSE, DENISE MADDOX, LISA McCONNELL,   :     08 Civ. 2875 (JSR)
GLORIA PAGAN, JUDY REED, LINDA RHODES   :
KHRISTINA RODRIGUES, NINA               :     ORDER
SHAHMIRZADI, LEIGHLA SMITH, DAWN        :
SOUTO-COONS, and MARIE WOLF,            :
                                        :
            Plaintiffs,                 :
                                        :
        -v-                             :
                                        :
STERLING JEWELERS, INC.,                :
                                        :
            Defendant.                  :
------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-19-08

JED S. RAKOFF, U.S.D.J.

    Plaintiffs, current and former female employees of defendant Sterling Jewelers, Inc., bring this class action alleging a company-wide pattern and practice of gender discrimination in pay and promotion decisions in violation of Title VII and the Equal Pay Act. Currently before the Court are three motions: first, plaintiffs' Motion to Refer to Arbitration and Stay the Litigation ("arbitration motion"); second, defendant's Motion for Bifurcated Scheduling, Consideration, and Disposition of Legal Issues Relative to the Workplace Dispute Resolution Agreement Between Each Plaintiff and Defendant ("scheduling motion"); and third, plaintiffs' Motion to Strike Counterclaims from the Pleadings Pursuant to Rule 12(f) or, in the Alternative, Motion to Dismiss Counterclaims Pursuant to Rule 12(b)(6) ("motion to strike").

    Plaintiffs' motion to refer to arbitration is granted; defendant's motion for bifurcated scheduling is denied; and

plaintiffs' motion to strike is denied as moot. The Court hereby refers this dispute to arbitration pursuant to RESOLVE, defendant's workplace alternative dispute resolution program, and stays the instant action for all purposes. The Clerk of the Court is directed to place this action on the suspense calendar.

An opinion setting forth the reasons for this ruling will follow in due course.

SO ORDERED.

Dated: New York, NY
June 18, 2008

JED S. RAKOFF, U.S.D.J.