LAW OFFICES

# BURR & SMITH

LIMITED LIABILITY PARTNERSHIP

442 W. KENNEDY BOULEVARD
SUITE 300
TAMPA, FLORIDA 33606

TELEPHONE (813) 253-2010
FACSIMILE (813) 254-8391
www.burrandsmithlaw.com

July 8, 2008

The Honorable Jed S. Rakoff, U.S.D.J.   <u>Via Facsimile (212) 805-7935 and ECF</u>
United States District Court
500 Pearl Street
New York, New York 10007

Re:   *Jock, et al. v. Sterling Jewelers Inc.*

Dear Judge Rakoff:

The Plaintiffs' submit this letter in opposition to Sterling's letter dated July 3, 2008, requesting certification for interlocutory appeal of this Court's Order referring this case to arbitration and staying judicial proceedings, Dkt. 52 (June 18, 2008) (hereinafter referred to as the "Order"). In seeking certification of an interlocutory appeal, Sterling mischaracterizes the basis for the Court's Order granting Plaintiffs' motion to refer the case to arbitration. Sterling asserts that by granting Plaintiffs' motion to refer and stay of litigation, this Court was in effect ruling that the parties cannot contract to have a court decide procedural rules that would otherwise be decided by an arbitrator. We do not view the Court as issuing such a ruling. Instead, as the Court made clear during the hearing, we understand the Court to have concluded that the agreement granted the Court discretion to rule on certain procedural issues and the Court exercised its discretion to refer these issues for adjudication in arbitration.

Nor has Sterling satisfied the prerequisites of interlocutory review. Absent "exceptional circumstances," appellate review should be delayed until after final judgment is entered. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990); *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). No exceptional circumstances exist here.

First, Sterling has failed to show the order referring this matter to arbitration implicates a controlling question of law, as section 1292(b) requires. The ruling simply prescribes the forum in which the issues raised by Sterling will be decided. It does not decide the underlying legal issues nor can its disposition terminate the action. *See Klinghoffer*, 921 F.2d at 24.

Second, Sterling has failed to show there is substantial ground for difference of opinion. It is hard to conceive that other courts may interpret the term "may" to require, rather than permit, the Court to decide the issues presented. There is no serious difference of opinion that "may" is anything but permissive pursuant to Ohio law, which is controlling over the interpretation of Defendant's RESOLVE program. *See Russell*

*Realty Co. v. Feghali*, 121 Ohio App. 3d 291, 295 (Ohio Ct. App., Cuyahoga County 1997) (use of the term "may" as opposed to "shall" in a lease termination clause agreement clearly and unambiguously meant the leaseholder had the *choice* to exercise this option); *Donahue v. Silberstein*, 1990 Ohio App. LEXIS 4540 (Ohio Ct. App., Franklin County Oct. 16, 1990) (noting that in interpreting statutes, the use of may indicates permissiveness).

Third, Sterling has failed to show an immediate appeal from the order could materially advance the ultimate termination of the litigation. There is no basis to conclude that, were the Order referring this case to arbitration subject to immediate appeal, that it would "advance the time for trial or to shorten the time required for trial." *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998). If anything, an immediate appeal would delay arbitration and prolong the resolution of this case.

Indeed, the very course of action Sterling seeks to pursue has been rejected by courts within this Circuit. *See Martens v. Smith Barney, Inc.*, 238 F.Supp.2d 596, 602 (S.D.N.Y.2002) (denying section 1292(b) motion following order to stay litigation and compel arbitration, noting: "the Court of Appeals did not consider that there could be an appeal of the order compelling arbitration until the arbitration had been concluded."); *accord Ryan v. Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003) (An important policy consideration is the "pro-arbitration tilt" of the governing statute, the Federal Arbitration Act).

Nor can Sterling support its request for a stay of the arbitration proceedings before the AAA. The factors considered in determining whether to grant a stay pending appeal are (1) the likelihood of success on the merits; (2) irreparable injury suffered if a stay is denied; (3) substantial injury suffered by the party opposing the imposition of the stay; and (4) any public interest implicated. *.Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir.2002). Sterling has not provided evidence sufficient to establish any of these factors, nor can it. Indeed, this Court previously acknowledged courts typically decline to stay arbitration in situations such as this. *See Woodlawn Cemetery v. Local 365, Cemetery Workers & Greens Attendants Union*, 1990 U.S. Dist. LEXIS 12938, **8-9 (S.D.N.Y. Oct. 2, 1990) (citing *Paine Webber Inc. v. Farnam*, 843 F.2d 1050, 1051-52 (7th Cir. 1988).

Accordingly, Sterling's request for certification for appeal and stay of arbitration proceedings should be denied.

Very truly yours,

Sam J. Smith
Counsel for the Plaintiffs

cc: Counsel for the Defendant via Facsimile/ECF