```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
LARYSSA JOCK, JACQUELYN BOYLE,          :
CHRISTY CHADWICK, LISA FOLLETT, MARIA   :
HOUSE, DENISE MADDOX, LISA McCONNELL,   :    08 Civ. 2875 (JSR)
GLORIA PAGAN, JUDY REED, LINDA RHODES   :
KHRISTINA RODRIGUES, NINA               :    MEMORANDUM ORDER
SHAHMIRZADI, LEIGHLA SMITH, DAWN        :
SOUTO-COONS, and MARIE WOLF,            :
                                        :
               Plaintiffs,              :
                                        :
          -v-                           :
                                        :
STERLING JEWELERS, INC.,                :
                                        :
               Defendant.               :
---------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

      Plaintiffs, current and former female employees of defendant Sterling Jewelers, Inc. ("Sterling"), a nationwide specialty jeweler, brought this class action alleging sex discrimination in pay and promotion, in violation of Title VII, 42 U.S.C. § 2000e et seq., and the Equal Pay Act, 29 U.S.C. § 206(d). The parties then filed three motions, all concerning a single question: whether, as plaintiffs believe, the Court promptly should refer the entire action to arbitration, or, as Sterling believes, the Court must first rule on certain threshold procedural issues. Because the parties' arbitration agreement could not more clearly grant the Court discretion as to whether to decide or refer the procedural claims, and because the Court believes these procedural questions are better suited to resolution by the arbitrator, the Court, by Order dated June 18, 2008, granted in full plaintiffs' Motion to Refer to Arbitration and Stay the Litigation ("arbitration motion"). In

addition, the Court denied defendant's Motion for Bifurcated Scheduling, Consideration, and Disposition of Legal Issues Relative to the Workplace Dispute Resolution Agreement Between Each Plaintiff and Defendant ("scheduling motion"), and denied as moot plaintiffs' Motion to Strike Counterclaims from the Pleadings Pursuant to Rule 12(f) or, in the Alternative, Motion to Dismiss Counterclaims Pursuant to Rule 12(b)(6) ("motion to strike").  This Memorandum Order gives the reasons for these rulings and denies defendant's recent motion for certification.

In June 1998, Sterling put in place a three-step alternative dispute resolution program, called "RESOLVE," for dealing with employment disputes.  See Counterclaims ¶ 10.  Step three of RESOLVE provides for binding arbitration of such disputes, with the arbitration to be conducted by the American Arbitration Association ("AAA"), in accordance with AAA rules as amended by certain RESOLVE-specific rules.  See RESOLVE Agreement of Maria House ("House Agreement"), Ex. A to Answer, Affirmative Defenses, and Amended Counterclaim of Defendant Sterling Jewelers Inc. ("Answer"); RESOLVE Guidelines, Ex. G. to Answer.  While the RESOLVE Agreement presented to various employees for signature appears to have undergone at least some revisions over time, the most recent version of the Agreement, signed by at least one and possibly three of the instant plaintiffs, contains the following language:

> [P]rocedural questions, which grow out [of] the dispute
> and bear on the final disposition, are . . . matters for
> the arbitrator.  However, where a party already has

> <u>initiated a judicial proceeding, a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter</u> (e.g., one (1) year for filing a claim).

House Agreement at 2 (emphasis added).[1]  The RESOLVE Program Rules contain an identical provision.  <u>See</u> Sterling Jewelers Inc. RESOLVE Program Arbitration Rules ("Rules"), Ex. C to Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Refer to Arbitration and Stay the Litigation ("Pl. Mem. - Arb.").

Plaintiffs filed this action on March 18, 2008, and, around the same time, initiated a claim for arbitration with the AAA pursuant to Step 3 of the RESOLVE Program.  <u>See</u> Letter from Joseph Sellers, dated March 24, 2008, Ex. E to Pl. Mem. - Arb.  Plaintiffs took these alternative steps, according to plaintiffs' counsel's contemporaneous correspondence (as well as his subsequent credible explanation to this Court), because plaintiffs had some doubts about the enforceability of RESOLVE and so sought to protect their rights by commencing both kinds of proceedings.[2]  Shortly after plaintiffs

---

[1] It is unclear whether the plaintiffs who signed earlier versions of the Agreement, or who (because they were hired prior to June 1998) never signed any agreements but were bound by RESOLVE as a condition of their continued employment, are bound by the most recent version of the Agreement and the most recent RESOLVE Rules.  But, even though the earlier versions do not appear to contain the quoted language regarding judicial resolution of procedural issues, nonetheless, because the Court finds that even under the most recent version of the Agreement it would refer the entire case to arbitration, it need not determine which plaintiffs are bound by which RESOLVE-related rules.

[2] Specifically, plaintiffs believed that the RESOLVE Rules, which prohibited the arbitrator from "modify[ing] Company rules, policies, and procedures," Rules at 1, were in apparent conflict with the RESOLVE Agreement, which provided that the arbitrator would "shall have the power to award any types of legal or

3

filed the complaint in this action, Sterling made representations to plaintiffs' counsel that satisfied plaintiffs' counsel that his concerns regarding RESOLVE's enforceability were no longer founded. See Letter from Joseph Spagnola, dated April 1, 2008, Ex. H to Pl. Mem. - Arb.  Immediately thereafter, plaintiffs proposed to Sterling that they enter a joint stipulation to refer the entire action to arbitration, but Sterling declined to enter such a stipulation.  See Declaration of Joseph Sellers ¶ 3.

On April 30, 2008, Sterling filed an Answer and Counterclaims.  The counterclaims sought a declaration that this Court, rather than the arbitrator, resolve three procedural issues before referring the substantive disputes to RESOLVE: first, whether plaintiffs may proceed as a class in arbitration or must arbitrate their cases individually, see Counterclaims ¶ 51(a)-(b); second, whether claims of certain of the named plaintiffs are time-barred under RESOLVE, see id. ¶¶ 53-57; and third, when the limitations period for the plaintiffs' Equal Pay Act claims began, see id. ¶ 60.

The parties' subsequently filed the three instant motions: plaintiffs' arbitration motion, asking the Court to refer plaintiffs' claims to RESOLVE arbitration and stay the federal action; Sterling's scheduling motion, asking the Court to bifurcate these proceedings

---

equitable relief that would be available under applicable law," Agreement at 1.  Consequently, plaintiffs believed there was some doubt as to whether the arbitrator would be able to grant the type of relief plaintiffs sought - viz., changes to Sterling's hiring and promotion policies.  Plaintiffs also had concerns about whether plaintiffs would bear costs in arbitration that exceeded those charged in federal court.  See Pl. Mem. - Arb. at 1-2.

and consider the procedural issues before referral; and plaintiffs' motion to strike the three counterclaims described above.

The Supreme Court has held that where a contract refers "all disputes" to an arbitrator, without specifically providing for the resolution of procedural issues such as class arbitrability, such procedural issues are typically for arbitrators, not courts, to decide. See Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452-53 (2003) (reasoning that such procedural issues are not among the "limited" types of questions – such as "whether the parties have a valid arbitration agreement at all" – generally intended for judicial resolution, and that "[a]rbitrators are well situated to answer" such procedural issues because they turn on "contract interpretation and arbitration procedures"). Here, however, the agreement does specifically address the resolution of procedural issues where one party already has initiated a lawsuit, stating that in such circumstances "a court may decide procedural questions that grow out of the dispute and bear on the final disposition of the matter." House Agreement at 2 (emphasis added). Green Tree is therefore inapposite, and the question becomes one of contract interpretation. See, e.g., Howsam v. Dean Witter Reynolds, 537 U.S. 79, 83 (2002); John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 546 (1964). But the interpretation is simple because the language of the RESOLVE Agreement is crystal clear: by providing that the Court "may" decide procedural questions, it grants the Court discretion as to whether to

5

decide them or not.³

Sterling's imaginative arguments to the contrary are all unavailing. First, Sterling contends that the quoted provision in the RESOLVE Agreement not only cancels Green Tree's presumption that where a contract is silent procedural issues go to the arbitrator, it inverts it – i.e., it requires that such issues instead go to a court. While the Court agrees that Green Tree's presumption does not operate here, Sterling's position fails to take the further step of looking to see what the contract in fact provides: here, not for compulsory judicial resolution but for judicial discretion.

Second, Sterling argues that plaintiffs may not petition the Court for referral to arbitration because, having filed this action, they are not "aggrieved" parties within the meaning of the Federal Arbitration Act. See 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States District Court . . . for an order directing that such arbitration proceed . . . ."). Since, however, Sterling vigorously opposed plaintiffs' motion to refer this case to arbitration, the Court fails to see how Sterling was not thereby "refus[ing] . . . to arbitrate" within the statute's meaning, notwithstanding either party's prior conduct.

---

³ Bafflingly, Sterling took the position both in its papers and at oral argument that "'may' means must." See Tr. 6/12/08. Equally mysteriously, plaintiffs contended in their papers that "may" means "must not," though plaintiffs backed away from this view at oral argument. See id. One may only hope that counsel will henceforth become better acquainted with the English language.

6

Third and relatedly, Sterling contends that by initiating this suit, plaintiffs repudiated the arbitration agreement and have therefore waived the right to compel arbitration. The Second Circuit, however, has held that courts should find such a waiver only if a party "engages in protracted litigation that results in prejudice to the opposing party." In re S&R Co. of Kingston v. Latona Trucking, Inc., 159 F.3d 80, 83 (2d Cir. 1998) (internal quotation marks omitted). Here, the three factors identified by the Second Circuit – "the time elapsed from the commencement of litigation to the request for arbitration," "the amount of litigation," and "proof of prejudice," id. – all strongly dictate a finding that plaintiffs have not waived their right to arbitrate. Moreover, plaintiffs' initial decision to initiate both arbitral and judicial proceedings while doubts remained about RESOLVE's enforceability was perfectly reasonable.[4]

Because the parties' contract clearly grants this Court discretion either to resolve procedural issues or to refer them to the arbitrator, as it sees fit, the only remaining question for the Court is which body is better suited to evaluating the procedural issues identified here. As an initial matter, the Court notes that

---

[4] At oral argument, Sterling argued that even if plaintiffs' initial filing was reasonable, their decision to file an amended complaint, made after Sterling provided assurances about RESOLVE's enforceability, was in bad faith. See Tr. 6/12/08. Plaintiffs countered that at the time they proposed a stipulation to refer the case to arbitration, Sterling had yet to file its Answer and Counterclaims, and so Sterling suffered no prejudice from either the initial or subsequent filing. See id. The Court need not resolve this issue here, however, because it does not bear on the instant motions.

7

it has not, in the course of reviewing the parties' motions, had occasion to consider the legal merits or factual basis of any of plaintiffs' underlying claims.  Particularly against that backdrop, all three of the procedural issues described in Sterling's counterclaims are ones more appropriately directed to the arbitrator. The first counterclaim goes to whether claimants may arbitrate as a class; this type of question – i.e., "what kind of arbitration proceeding the parties agreed to," Green Tree, 539 U.S. at 452 – is answered by interpreting contract language and arbitration rules, precisely the tasks an arbitrator undertakes.  The second counterclaim, which concerns whether certain plaintiffs timely initiated RESOLVE, is also better-suited to the arbitrator charged specifically with enforcing RESOLVE.  The third counterclaim, concerning when the limitations period under the Equal Pay Act commenced in this case, appears likely to involve at least some factual discovery related to when each plaintiff initiated RESOLVE, even if purely legal issues are also implicated.  Thus an arbitrator is better situated to address that claim as well.

     For all of these reasons, the Court, in its June 18 Order, granted plaintiffs' motion to refer this case to arbitration and stayed the instant action; it likewise denied Sterling's motion to bifurcate scheduling.  In light of the immediate referral to arbitration, moreover, plaintiffs' motion to strike Sterling's counterclaims was rendered moot, and so the Court denied it as such.

     Subsequently, Sterling moved the Court to certify the issues presented by these motions for interlocutory appeal under 28 U.S.C.

§ 1292(b), and to stay the arbitration proceedings before the AAA. Apparently impervious to the Court's reasoning at oral argument, Sterling continues to insist that the Court could only refer these issues to arbitration out of the (erroneous) belief that, under <u>Green Tree</u>, parties <u>are not permitted</u> to contract for judicial resolution of procedural issues. <u>See</u> Letter from Gerald Maatman, Jr., dated July 3, 2008, at 2. As this Memorandum reiterates, however, the Court holds no such belief, and defers entirely to the contractual language approved by the parties. This language, as noted, grants the Court complete discretion on whether to refer the procedural issues. Indeed, rarely has the Court seen a more straightforward issue of contract interpretation. Consequently, the request for certification is denied. <u>See</u> 28 U.S.C. § 1292(b) (permitting certification for interlocutory appeal when, among other requirements, the issue of law is one "as to which there is substantial ground for difference of opinion").

    The Court therefore reaffirms its June 18 rulings, denies the motion for certification, and directs the Clerk to place this case on the Court's suspense calendar pending conclusion of the arbitration.

    SO ORDERED.

Dated: New York, NY
       July 15, 2008

JED S. RAKOFF, U.S.D.J.

9