UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------
LARYSSA JOCK, et al.,

        Plaintiffs,         :

        -v-             :    08 Civ. 2875 (JSR)

                     :

STERLING JEWELERS, INC.,    :    OPINION AND ORDER

                     :

        Defendant.        :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

    On March 18, 2008, plaintiffs Laryssa Jock et al. filed suit in this Court on behalf of themselves and all persons similarly situated, alleging sex discrimination in the promotion and compensation policies and practices of defendant Sterling Jewelers, Inc. ("Sterling"). See Complaint, Dkt. 1. On May 5, 2008, plaintiffs moved to refer the matter to arbitration, pursuant to the "RESOLVE" dispute resolution agreement signed by Sterling's employees. See Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Refer to Arbitration and Stay the Litigation, Dkt. 26. The Court granted this motion in an order dated June 18, 2008. Dkt. 52. Since then, however, the matter has been the subject of interminable litigation (familiarity with which is here presumed) before the Arbitrator, this Court, and the Second Circuit Court of Appeals. Regretfully, the matter is still not at an end.

    Most recently, following over three years of discovery and other proceedings before the Arbitrator, the Arbitrator, on February 2, 2015, issued a Class Determination Award that, in relevant part,

-1-

certified a class for the adjudication of plaintiffs' Title VII disparate impact claims with respect to declaratory and injunctive relief, but declined to certify plaintiffs' Title VII disparate impact claims with respect to monetary damages or plaintiffs' Title VII disparate treatment claims. See Declaration of Gerald L. Maatman, Jr., Exhibit 1 ("Class Determination Award") at 118. As discussed below, this much was unassailable. But the Arbitrator went further and permitted members of the class to opt out from the putative declaratory and injunctive relief. This, regretfully, exceeded her authority, as well as manifestly disregarding settled law.

Pending at present before this Court is the motion of defendant Sterling to vacate the Arbitrator's Class Determination Award on the grounds that the Arbitrator exceeded her authority by, first, "purporting to bind absent class members who did not express their consent to be bound" and, second, "permitting opt-out rights in a mandatory Rule 23(b)(2) class." See Defendant's Memorandum of Law in Support of Its Motion to Vacate the Arbitrator's Class Determination Award ("Defs. Br.") at i. The Federal Arbitration Act provides that a district court may vacate an arbitration award "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . . ; (3) where the arbitrators were guilty of misconduct . . . or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). Courts read 9 U.S.C. §

10(a)(4) very narrowly. <u>See, e.g.</u>, <u>ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.</u>, 564 F.3d 81, 86 (2d Cir. 2009)("If the parties agreed to submit an issue for arbitration, we will uphold a challenged award as long as the arbitrator offers a barely colorable justification for the outcome reached." (internal quotation marks omitted)). In addition, however, the Second Circuit has recognized "a judicially-created ground [for vacatur], namely that an arbitral decision may be vacated when an arbitrator has exhibited a manifest disregard of law." <u>Jock v. Sterling Jewelers Inc.</u>, 646 F.3d 113, 121 (2d Cir. 2011).[1]

With respect to its first ground for vacatur, Sterling contends that the Arbitrator lacked authority to certify a class that included approximately 44,000 alleged class members (who were current and former female employees of defendant Sterling), beyond the 254 plaintiffs who filed opt-in notices to join the proceeding or were represented by Cohen Milstein Sellers & Toll, PLLC and its co-counsel in the arbitration proceeding. <u>See</u> Defs. Br. at 4-6 & 4 n.9. According to Sterling, individuals other than these 254 plaintiffs have not consented to join the class arbitration, and an opt-out notice to those individuals would not create consent. Defs. Br. at 5.

---

[1]Despite some uncertainty regarding the vitality of the "manifest disregard" doctrine, the Court has no reason to conclude that it has been eliminated in this Circuit. <u>See</u>, <u>e.g.</u>, <u>United Broth. of Carpenters & Joiners of America v. Tappan Zee Constructors, LLC</u>, 804 F.3d 270, 275 (2d Cir. 2015); <u>Landmark Ventures, Inc. v. InSightec, Ltd.</u>, No. 14-cv-4599, 2015 WL 6603900, at *1(2d Cir. Oct. 30, 2015) (summary order); <u>see also Incredible Foods Group, LLC v. Unifoods, S.A. de C.V.</u>, No. 14-cv-5207, 2015 WL 5719733, at *4 n.15 (E.D.N.Y. Sept. 29, 2015).

Defendant further argues that absent class members may then seek to collaterally attack the arbitration, forcing Sterling to face numerous individual claims. Defs. Br. at 7-8.

The Court finds, however, that defendant's argument on this point is foreclosed by earlier rulings in this case. The Second Circuit stated in Jock v. Sterling Jewelers Inc., 646 F.3d 113 (2d Cir. 2011) that "there is no question that the issue of whether the agreement permitted class arbitration was squarely presented to the arbitrator." Jock, 646 F.3d at 124. "Agreement" here refers to the RESOLVE agreements between Sterling and its employees, id., assent to which was a mandatory condition of employment. Id. at 116. All members of the class certified by the Arbitrator signed the RESOLVE agreements; the Arbitrator interpreted these agreements to permit class arbitration; and the Second Circuit upheld the Arbitrator's authority to do so. Given that holding, this Court sees no basis for vacating the Class Determination Award on the ground that the Arbitrator has now exceeded her authority in purporting to bind absent class members.[2]

---

[2] In raising this challenge to the Arbitrator's Class Determination Award, Sterling relies heavily on Justice Alito's concurrence in Oxford Health Plans v. Sutter, in which a unanimous Supreme Court held that an arbitrator did not exceed his powers in finding that the parties' contract authorized class arbitration. Oxford Health Plans, 133 S. Ct. at 2067. In his concurrence, Justice Alito, who was joined by Justice Thomas, expressed concern that "absent members of the plaintiff class never conceded that the contract authorizes the arbitrator to decide whether to conduct class arbitration" and that "it is far from clear that [the absent class members] will be bound by the arbitrator's ultimate resolution of this dispute." Id. at 2071 (Alito, J., concurring). However, Justice Alito indicated that he joined the Court's opinion because of Oxford Health Plans's

-4-

As to defendant's second challenge to the arbitration award,
however, the Court agrees that the Arbitrator acted outside her
authority in certifying an opt-out class for injunctive and
declaratory relief in the Class Determination Award.[3] As detailed
below, the Arbitrator purported to certify the class under Rule
23(b)(2). But it is settled law that, as the Supreme Court most
recently stated in <u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541,
2558 (2011), "Rule [23] provides no opportunity for (b)(1) or (b)(2)
class members to opt out." But even if one were to accept plaintiffs'
dubious claim that the Arbitrator could be said to have certified the
class on grounds other than Rule 23(b)(2), <u>see</u> Opposition to
Defendant's Motion to Vacate the Arbitrator's Class Determination
Award ("Pl. Opp. Br.") at 11, the Court would still hold that the
Arbitrator exceeded her authority in permitting class members to opt

---

"concession below," namely, the fact that "petitioner consented
to the arbitrator's authority by conceding that he should decide
in the first instance whether the contract authorizes class
arbitration." <u>Id.</u> at 2071-72. While the Court finds ample support
for rejecting defendant Sterling's first ground for vacatur in
the prior history of this case, the Court also notes that the
parties in the instant case appear to be covered by Justice
Alito's explanation for his agreement to join the majority
opinion in <u>Oxford Health Plans</u>, since the Second Circuit held
that "there is no question that the issue of whether the
agreement permitted class arbitration was squarely presented to
the arbitrator." <u>Jock</u>, 646 F.3d at 124.

[3] Plaintiffs suggest that Sterling waived this argument by
not raising the challenge before the Arbitrator, <u>see</u> Pl. Opp. Br.
at 10 n.11. However, Sterling stated in a footnote to its
Memorandum of Law submitted to the Arbitrator that "23(b)(2)
actions are not opt-out classes . . ." <u>See</u> Defs. Reply Brief in
Further Support of Its Motion to Vacate the Arbitrator's Class
Determination Award ("Defs. Reply Br.") at 6; Supplemental
Declaration of Gerald L. Maatman, Jr., Exhibit 1.

out of injunctive and declaratory relief that necessarily affects all
class members.

To elaborate, Rule 23(b)(2) describes a type of class action in
which "the party opposing the class has acted or refused to act on
grounds that apply generally to the class, so that final injunctive
relief or corresponding declaratory relief is appropriate respecting
the class as a whole." Fed. R. Civ. P. 23(b)(2). In Wal-Mart v.
Dukes, the Supreme Court stated that "[c]lasses certified under
(b)(1) and (b)(2)" are "mandatory classes: The Rule provides no
opportunity for (b)(1) or (b)(2) class members to opt out, and does
not even oblige the District Court to afford them notice of the
action." Wal-Mart, 131 S. Ct. at 2558. The Supreme Court reasoned
that in the case of 23(b)(2) classes, "the relief sought must
perforce affect the entire class at once." Id.

It is clear from the Arbitrator's award that her purported basis
for permitting opt-outs was pursuant to Rule 23(b)(2). Although she
also mentioned AAA Supplementary Rule 4, she stated that "AAA
Supplementary Rule 4 essentially tracks the requirements of Fed. R.
Civ. P. 23" and that "[i]n this case Claimants seek certification of
their claims for declaratory and injunctive relief pursuant to Rule
23(b)(2) and certification of their claims for monetary damages
pursuant to Rule 23(b)(3)." Class Determination Award at 6. The
Arbitrator then granted class certification for plaintiffs' Title VII
disparate impact claims with respect to declaratory and injunctive
relief and denied class certification with respect to plaintiffs'
claims for monetary damages. See id. at 8; see also id. at 118. The

-6-

clear inference is that the 23(b)(2) class was the one certified.

Confirming this point, the Arbitrator, in summarizing her award, stated: "I find that the adjudication of Claimants' Title VII disparate impact claims with respect to declaratory and injunctive relief may be maintained as a class arbitration pursuant to AAA Supplementary Rule 4 and Rule 23(b)(2) and Rule 23(c)(4). Claimants' motion for class certification of their Title VII disparate impact claims with respect to monetary damages pursuant to AAA Supplementary Rule 4 and Rule 23(b)(3) is denied." id. at 8, see also id. at 118. Further, the Arbitrator indicated that "I have determined that this case may proceed as a class action solely with respect to Claimants' disparate impact claims for declaratory and injunctive relief, based upon Rule 23(b)(2) and Rule 23(c)(4)." Id. at 103.

Having thus certified only a 23(b)(2) class, the Arbitrator then went on to write that, even though "[t]he members of the proposed class are unlikely to have any interest in individually controlling the prosecution of Claimants' claims for declaratory and injunctive relief," "to the extent a putative class member wishes to do so, she will be afforded an opportunity to opt out of the class arbitration." Class Determination Award at 109-10. The Arbitrator also directed counsel to submit a proposed form of opt-out notice, id. at 118. It is clear, therefore, that the Arbitrator purported to permit opt-outs from a Rule 23(b)(2) class. But she had no power to do so, as the relief sought in the certification of a Rule 23(b)(2) class "must perforce affect the entire class at once." Wal-Mart, 131 S. Ct. at 2558.

Plaintiffs urge, however, that since the Arbitrator elsewhere found that the claimants satisfied the requirements of AAA Supplementary Rule 4(a) and 4(b), and these rules track the language of Fed. R. Civ. P. 23(a) and 23(b)(3), respectively, "the invocation of Rule 23(b)(2) is not necessary to sustain the Class Determination Award." Pl. Opp. Br. at 10. The Arbitrator did indeed state that the claimants "have satisfied the requirements of Supplementary Rules 4(a) and 4(b) with respect to their Title VII claims based upon a disparate impact theory of liability for purposes of declaratory and injunctive relief . . ." Class Determination Award at 112. But as the foregoing discussion indicates, the Arbitrator found AAA Supplementary Rules 4(a) and 4(b) were satisfied because she determined that Rule 23(b)(2) - that is, "one of the provisions of Rule 23(b)," id. at 6 - was satisfied.[4] Thus, these determinations do not vitiate the Arbitrator's clear statements that she was permitting individuals to opt out of a class certified under Rule 23(b)(2).

The Court's task is to determine whether the Arbitrator has "offer[ed] a barely colorable justification for the outcome reached," ReliaStar, 564 F.3d at 86 (emphasis added), not whether the party satisfied by the Arbitrator's decision can devise a post hoc

---

[4] The fact that some of the Arbitrator's inquiries, such as her analyses of "predominance" and "superiority," see Class Determination Award at 108-09, are part of AAA Supplementary Rule 4 and Fed. R. Civ. P. 23(b)(3), and not Fed. R. Civ. P. 23(b)(2), does not prove that the Arbitrator certified the class under Rule 23(b)(3), since the Arbitrator also noted that "[a]lthough under Rule 23, the predominance and superiority requirements apply only to claims certified under Rule 23(b)(3), the predominance and superiority requirements of AAA Supplementary Rule 4(b) must be met in all cases." Id. at 6 n.4.

-8-

justification for her ruling. To ignore the Arbitrator's stated
account in the Class Determination Award of what she was doing in
certifying the class would not be to grant substantial deference.

Moreover, even if plaintiffs' argument that the Arbitrator
certified an opt-out class under provisions other than Rule 23(b)(2)
were somehow to be accepted, the Court would still hold that the
Arbitrator failed to present a "barely colorable justification" for
her ruling. The Arbitrator both (1) certified a class for the purpose
of seeking class-wide injunctive relief and (2) permitted some
putative class members to opt out. As the Arbitrator states, the
answers to questions regarding an adverse effect on female employees
at Sterling "will determine whether Claimants are entitled to class-
wide declaratory and injunctive relief 'in one stroke' . . . " Class
Determination Award at 98. Plaintiffs indicate that "as members of a
certified class they seek injunctive relief to redress the policies
and practices that they intend to show at trial had an impermissible
adverse impact on women sales associates at Sterling Jewelers." Pl.
Opp. Br. at 11-12.[5] Specifically, "the class would seek to ensure the

_____

[5]At oral argument in front of the Arbitrator, plaintiffs
expanded on the forms of relief they were seeking, such as
"injunctive relief directing that Sterling conduct a proper job
analysis of the positions at issue here and determine the
particular kinds of knowledge, skills, and abilities" and
injunctive relief enjoining "Sterling . . . from using any
factors setting starting pay rates not shown to be job-related .
. ."; and relief directing Sterling "to create a process for
identifying and selecting candidates for promotion that afford
employees full and fair notice of vacancies . . ." Pl. Opp. Br.
Exhibit 2 (Transcript of Arbitration Proceedings on Feb. 26,
2014), 223:6-224:13. These remedies would necessarily affect all
class members by virtue of their membership in their class.

criteria for making pay and promotions have been validated and to modify the criteria used in making those personnel decisions." Pl. Opp. Br. at 12-13. These remedies are plainly types of relief that "must perforce affect the entire class at once." Wal-Mart, 131 S. Ct. at 2558.

Plaintiffs attempt to draw a distinction between the types of equitable relief that would be pursued by class members, on the one hand, and individuals who opt out, on the other. See Pl. Br. at 12-13. Plaintiffs argue that while the class would seek to validate and modify criteria used in making pay and promotion decisions, "individuals who opt out would be eligible to seek a promotion they would have received in the absence of discrimination or an adjustment to their pay rate to eliminate a disparity with a similarly-situated male that cannot be justified." Id. At oral argument on the instant motion, plaintiffs suggested that "the remainder of the class can seek the broad injunctive relief, but those who remain in the class would not be eligible to seek the kind of individualized injunctive relief that those who opt out could." Transcript of Proceedings dated May 4, 2015 at 11:18-21. Plaintiffs fail to explain, however, how individuals who opt out would not be bound by the "broad injunctive relief" sought by "the remainder of the class." If the Arbitrator decides that Sterling must change its criteria for making promotion decisions, for example, it is unclear how some Sterling employees would not be subject to such a determination - even if certain employees who opt out are also able to pursue individualized equitable remedies.

-10-

Plaintiffs' briefing does suggest that courts have certified both (1) a Rule 23(b)(2) class for the purposes of pursuing classwide declaratory and injunctive relief and (2) a Rule 23(b)(3) class for the pursuit of individualized equitable and monetary relief. See Notice of Supplemental Authority in Support of Plaintiff's Opposition to Sterling's Motion to Vacate, Dkt. 143, enclosing Chi. Teachers Union, Local No. 1, Am. Fed'n of Teachers, AFL-CIO v. Bd. of Educ. of the City of Chicago, 14-2843, slip op. at 27 (7th Cir. Aug. 7, 2015); see also, e.g., Easterling v. Conn. Dep't of Correction, 278 F.R.D. 41, 51 (D. Conn. 2011). However, plaintiffs cite no cases in which a court permitted individuals to opt out of a class certified to seek injunctive or declaratory relief that would necessarily affect the class as a whole. Changes to Sterling's criteria for making pay and promotion decisions, among other forms of relief that plaintiffs seek, would do precisely that. Therefore, in finding that some Sterling employees could opt out of a class certified to seek class-wide injunctive or declaratory relief, the Arbitrator failed to present a "barely colorable justification for the outcome reached." ReliaStar, 564 F.3d at 86.[6]

---

[6] Further, AAA Supplementary Rule 5(c) indicates that "[t]he Class Determination Award shall state when and how members of the class may be excluded from the class arbitration. If an arbitrator concludes that some exceptional circumstance, such as the need to resolve claims seeking injunctive relief . . . makes it inappropriate to allow class members to request exclusion, the Class Determination Award shall explain the reasons for that conclusion." AAA Supplemental Rules for Class Arbitrations 5(c). This statement suggests that the AAA Supplementary Rules themselves contemplate a potential conflict between class-wide injunctive relief and opt-outs, although it does not provide conclusive proof and is not the provision upon which the Court's

The Court additionally notes that the Arbitrator's decision to
certify an opt-out class for classwide injunctive relief was made in
"manifest disregard of law." Jock, 646 F.3d at 121. In order to find
that an arbitrator has acted in manifest disregard of the law, first,
"the governing law alleged to have been ignored by the arbitrators"
must have been "well defined, explicit, and clearly applicable," and
second, "[t]he arbitrator must appreciate[] the existence of a
clearly governing legal principle but decide[]to ignore or pay no
attention to it." Westerbeke Corp. v. Daihatsu Motor Co., Ltd., 304
F.3d 200, 209 (2d Cir. 2002) (alterations in the original; internal
quotation marks omitted).

Here, the governing law that the Arbitrator chose to disregard -
the principle that opt-out classes may not be certified for the
purposes of seeking classwide injunctive relief - was clearly
mandated by the United States Supreme Court in Wal-Mart v. Dukes. As
to the Arbitrator's appreciation of this principle, the Arbitrator
cited Wal-Mart at length and drew significantly on Wal-Mart's
similarities and distinctions from the instant case in making her
class determination decision. See, e.g., Class Determination Award at
86-93. Given the Arbitrator's extensive familiarity with Wal-Mart,
the Court declines to find that the Arbitrator somehow remained
unaware of its statement that Rule 23(b)(2) classes do not permit
opt-outs or of the reasoning that with Rule 23(b)(2) classes, "the
relief sought must perforce affect the entire class at once" -

---

decision to vacate the arbitration award relies.

-12-

reasoning that applies to any attempted certification of an opt-out class seeking classwide injunctive relief. Therefore, though the Court's ruling is sustained by the absence of a "barely colorable justification" for the Arbitrator's ruling, the Court also finds that the Arbitrator acted in "manifest disregard of law."

To conclude, the Court is not unmindful of the high standard for vacating an arbitration award. But deference to arbitrators is not without its limits; and the Court declines to hold that a ruling lacking "barely colorable justification" in black-letter law or common sense must be upheld purely because it issued from an arbitrator's pen. The Court therefore grants Sterling's motion to vacate the Arbitrator's class determination award to the extent that it permits individuals to opt out of a class certified for the purposes of seeking classwide injunctive and declaratory relief. In all other respects, the award is confirmed.

The Clerk of Court is directed to close docket number 136.

SO ORDERED.

Dated: New York, NY
November 15, 2015

JED S. RAKOFF, U.S.D.J.