# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

**LARYSSA JOCK, et al.,**

       Plaintiffs,

    v.

**STERLING JEWELERS INC.,**

       Defendant.

------------------------------------------------------- x

    :   1:08 CV 2875 (JSR)
    :
    :   U.S. District Judge Jed S. Rakoff

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
# ITS MOTION TO VACATE THE ARBITRATOR'S EQUAL PAY ACT COLLECTIVE
# ACTION CONDITIONAL CERTIFICATION AWARD AND ORDER RE CLAIMANTS'
# MOTION FOR TOLLING OF EPA LIMITATIONS PERIOD

SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Telephone: (212) 218-5500
Facsimile:  (212) 218-5526
Gerald L. Maatman, Jr.
gmaatman@seyfarth.com
Lorie E. Almon
lalmon@seyfarth.com
David Bennet Ross
dross@seyfarth.com
William F. Dugan
wdugan@seyfarth.com

WEIL, GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Jeffrey S. Klein
jeffrey.klein@weil.com
*Attorneys for Defendant Sterling Jewelers Inc.*

## Table Of Contents

PRELIMINARY STATEMENT ............................................................................................. 1

JURISDICTION ................................................................................................................. 2

FACTS AND PROCEDURAL HISTORY ........................................................................ 3

A.    Proceedings Before The U.S. District Court For The Southern District Of New
      York Relating To The Conditional Certification Award ...................................... 3

B.    Proceedings Before The American Arbitration Association Relating To The
      Conditional Certification Award........................................................................... 4

STANDARD OF REVIEW ................................................................................................. 7

ARGUMENT ..................................................................................................................... 9

I.    The Arbitrator Exceeded Her Powers And Manifestly Disregarded The Statutory
      Opt-In Requirements Of 29 U.S.C. § 216(d) ....................................................... 9

II.   The Arbitrator Exceeded Her Powers And Manifestly Disregarded The Law By
      Nullifying Material Terms Of The RESOLVE Program Agreement And The
      Tolling Agreement Effective October 16, 2006 ................................................... 11

III.  The Arbitrator Exceeded Her Powers And Manifestly Disregarded The Law By
      Impermissibly Extending Tolling To October 16, 2003 Based On "The Unique
      Procedural History Of This Arbitration" ............................................................. 14

      A.    The Arbitrator Manifestly Disregarded The Law Because *American Pipe*
            Tolling Does Not Apply To Plaintiffs' EPA Claims ............................................ 15

      B.    The Arbitrator Manifestly Disregarded The Law Because Plaintiffs Are
            Not Entitled To Equitable Tolling Of The EPA Claims ...................................... 18

            1.    Plaintiffs Have Not Acted With Reasonable Diligence ........................... 19

            2.    Plaintiffs Have Not Demonstrated That Any Extraordinary Circumstances
                  Justify Tolling In This Case ................................................................... 20

IV.   The Arbitrator Exceeded Her Powers And Manifestly Disregarded The Law By
      Applying "*American Pipe* Or Equitable Tolling" To Remedy Supposed
      Imprecision Regarding Her Prior Orders ............................................................ 22

      A.    The Arbitrator Separated The Issues Presented Between Title VII And
            EPA Class Claims ............................................................................................. 22

      B.    The Tolling Award Fails To Offer Even A "Barely Colorable Justification
            For The Outcome Reached"............................................................................... 23

CONCLUSION ................................................................................................................ 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Pipe v. Utah*,
414 U.S. 538 (1974) ................................................................................... *passim*

*Ameritech Ben. Plan Comm. v. Commc'n Workers of Am.*,
220 F.3d 814, 820 (7th Cir. 2000) ......................................................................17

*Barrett v. Forest Labs., Inc.*,
No. 12 Civ. 5224, 2015 WL 4111827, at *2 (S.D.N.Y. July 8, 2015).....................17

*Beckmann v. CBS, Inc.*,
192 F.R.D. 608, 617 (D. Minn. 2000)................................................................9, 17

*Bonilla v. Las Vegas Cigar Co.*,
61 F. Supp. 2d 1129, 1136-37 (D. Nev. 1999)..................................................10, 16

*Capital Pizza Huts, Inc. v. Linkovich*,
No. 15-CV-03443, 2015 WL 7576014, at *5 (W.D. Mo. Nov. 24, 2015)................3

*Crown, Cork & Seal Co., Inc. v. Parker*,
462 U.S. 345, 354 (1983) (Powell, J. concurring) ...........................................16, 17

*Del Col v. Rice*,
No. 11-CV-5138, 2013 WL 4052867, at *1 (E.D.N.Y. Aug. 12, 2013).................25

*Downey v. Clauder*,
811 F. Supp. 338, 339 (S.D. Ohio 1992) ............................................................11

*Duferco Int'l Steel Trading v. T. Klaveness Shipping*,
333 F.3d 383, 389 (2d Cir. 2003)........................................................................8

*Farmers' Nat'l Bank v. Delaware Ins. Co.*,
94 N.E. 834, 835 (Ohio 1911)............................................................................12

*Garrison v. ConAgra Foods Packaged Food, LLC*,
No. 12-CV-00737, 2013 WL 1247649, at *5 (E.D. Ark. Mar. 27, 2013) ........20, 21

*Gordon v. Kaleida Health*,
No. 08-CV-378, 2009 WL 3334784, at 13, *13-14 (W.D.N.Y. Oct. 14, 2009) ..............20, 21

*Grayson v. K-Mart Corp.*,
79 F.3d 1086, 1106 (11th Cir. 1996) ................................................................9, 17

*Hall Street Assocs., L.L.C. v. Mattel, Inc.*,
552 U.S. 576 (2008)..........................................................................................7

25565656v.5

*Halligan v. Piper Jaffray, Inc.*,
    148 F.3d 197, 201, 202, 204 (2d Cir. 1998)....................................................................7, 25

*Iowa Pub. Employees' Ret. Sys. v. Deloitte & Touche LLP*,
    973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013)..............................................................24

*Irwin v. Dep't of Veterans Affairs*,
    498 U.S. 89, 96 (1990).........................................................................................19

*Jock v Sterling Jewelers Inc.*,
    646 F.3d 113, 116-17 (2d Cir. 2011) ..................................................................12

*Koval v. Pac. Bell Tel. Co.*,
    No. 12-CV-1627, 2012 WL 3283428, at *8 (N.D. Cal. Aug. 10, 2012) .................22

*Lee v. ABC Carpet & Home*,
    236 F.R.D. 193, 200 (S.D.N.Y. 2006) .................................................................22

*Long John Silver's Rests., Inc. v. Cole*,
    514 F.3d 345 (4th Cir. 2008), *cert. denied*, 555 U.S. 815 (2008).....................10, 18

*Love v. Phillips Oil, Inc.*,
    No. 08-CV-92, 2008 WL 5157677, at *2 n. 2 (N.D. Fla. Dec. 9, 2008) ................21

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
    514 U.S. 52, 63 (1995).......................................................................................11

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
    473 U.S. 614, 628 (1985)....................................................................................11

*Muhammad v. GBJ, Inc.*,
    No. 10-CV-2816, 2011 WL 863785, at *2 (S.D. Tex. Mar. 9, 2011)................10, 16

*New Jersey Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*,
    No. 08 Civ. 5653, 2010 WL 6508190, at *2 n.1 (S.D.N.Y. Dec. 15, 2010)...........16

*Oxford Health Plans LLC v. Sutter*,
    133 S. Ct. 2064, 2066 (2013) (Alito, J., concurring) .............................................2

*Prudential Ins. Co. of Am. v. Corporate Circle, Ltd.*,
    658 N.E. 2d 1066, 1069 (Ohio Ct. App. 1995).....................................................11

*ReliaStar Life Ins. Co. of NY v. EMC Nat'l Life Co.*,
    564 F.3d 81, 85, 87-88 (2d Cir. 2009) ..................................................................7

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255, 257 (2d Cir. 1995).........................................................................24

iv

*Sikhs for Justice v. Nath*,
  893 F. Supp. 2d 598, 607 (S.D.N.Y. 2012)............................................................................24

*Stansell v. Sherwin-Williams Co.*,
  404 F. Supp. 696, 701-02 (N.D. Ga. 1975)..........................................................................17

*Stolt-Nielsen SA v. Animalfeeds Int'l Corp.*,
  435 F. Supp. 2d 382, 387 (S.D.N.Y. 2006) (Rakoff, J.), *rev'd by*, 548 F.3d 85,
  91, 93-94, 101-02 (2d Cir. 2008), *rev'd by*, 559 U.S. 662, 687 (2010) ................................2, 7

*Tennie v. City of N.Y. Dep't of Social Servs. of N.Y. City Human Resources Admin.*,
  No. 83 Civ. 0884, 1987 WL 6156, at *1 n.3 (S.D.N.Y. Jan. 30, 1987)..............................9, 17

*Thompson v. Sawyer*,
  678 F.2d 257, 269 (D.C. Cir. 1982) ....................................................................................17

*Tidd v. Adecco USA, Inc.*,
  No. 07-11214, 2008 WL 4286512, at *5 (D. Mass. Sept. 17, 2008) ......................................21

*In Re Tyson Foods, Inc.*,
  No. 07-MD-1844, 2008 WL 4613654, at *4-5 (M.D. Ga. Oct. 15, 2008)..............................21

*Vargas v. Gen. Nutrition Ctrs., Inc.*,
  No. 10-CV-867, 2012 WL 5336166, at *7-9 (W.D. Pa. Oct. 26, 2012)..................................21

*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*,
  489 U.S. 468, 479 (1989).....................................................................................................11

*Wallace v. Kato*,
  549 U.S. 384, 396 (2007).....................................................................................................18

*Yahraes v. Restaurant Associates Events Corp.*,
  No. 10-CV-935, 2011 WL 844963, at *3 (E.D.N.Y. Mar. 8, 2011) ......................................21

*Zerilli-Edelglass v. New York City Transit Auth.*,
  333 F.3d 74, 80, 80-81 (2d Cir. 2003) .............................................................................18, 19

**Statutes**

9 U.S.C. § 9.............................................................................................................................2

9 U.S.C. § 10(a) ......................................................................................................................3

29 U.S.C. § 206....................................................................................................................1, 5, 17

29 U.S.C. § 206(d), *et seq.*...................................................................................................3, 5

29 U.S.C. § 216(b) ........................................................................................................... *passim*

29 U.S.C. § 216(d) ............................................................................................2, 10

29 U.S.C. § 256 ....................................................................................9, 13, 16, 17

Equal Pay Act ................................................................................................ *passim*

Fair Labor Standards Act ............................................................................... *passim*

Fair Labor Standards Act § 16(b) ........................................................................17

Federal Arbitration Act, 9 U.S.C. § 10(a)(4) ...................................................1, 2, 7

Federal Arbitration Act § 10(a)(3) ........................................................................7

Title VII of the Civil Rights Act of 1964 ........................................................ *passim*

**Other Authorities**

AAA Rule 4(b) .......................................................................................................5

Fed. R. Civ. P. 23(b)(3) .................................................................................. *passim*

Fed. R. Civ. P. 23(b)(3) .........................................................................................5

25565656v.5

## PRELIMINARY STATEMENT

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(4), Defendant Sterling Jewelers Inc. ("Sterling") respectfully submits this Memorandum Of Law In Support Of Its Motion To Vacate the Equal Pay Act Collective Action Conditional Award and Order Re Claimants' Motion For Tolling Of EPA Limitations Period issued by the Arbitrator in this matter on February 29, 2016.  (These companion orders are collectively referred to herein as the "Conditional Certification Award".)[1]  In so doing, Sterling seeks relief from this Court because the Arbitrator's Conditional Certification Award was rendered by the Arbitrator both in excess of her authority and in manifest disregard of the law.  Sterling respectfully requests that this Court vacate the Conditional Certification Award insofar as it tolls to October 16, 2003 the statute of limitations for claims brought under the Equal Pay Act, 29 U.S.C. § 206 ("EPA").

Sterling submits that the Arbitrator specifically exceeded her powers[2] under the RESOLVE Program arbitration agreements, and manifestly disregarded the law by:

---

[1] In issuing the Equal Pay Act Conditional Certification Award and Order Re Claimants' Motion For Tolling of EPA Limitations Period (true and accurate copies of which are attached as Exhibits 1 and 2 of the Declaration of Gerald L. Maatman, Jr. ¶¶ 4, 5) ("Maatman Decl. ¶ __"), the Arbitrator addressed the request brought in Claimants' Motion For Conditional Certification Of Claimants' Equal Pay Act Claims And Authorization Of Notice ("Claimants' EPA Mot.") "…for an order equitably tolling the running of the statute of limitations on the EPA claims of the putative class…for the time period from June 2, 2002 to the date notice of the EPA claims is provided to the putative class members."  (*See* Maatman Decl. ¶ 6; Ex. 3 at 3.)  The Award also purports to adopt portions of Claimants' EPA Motion and Claimants' Reply In Support Of Motion For Conditional Certification Of Claimants' Equal Pay Act Claims And Authorization Of Notice, excerpts of which are provided for the Court's reference.  (*See id.* at ¶ 6; Ex. 3; ¶ 7; Ex. 4.)

[2] Sterling's Motion to Vacate discusses numerous ways in which the Arbitrator exceeded her authority and acted in manifest disregard of the law by granting the equitable relief of tolling to October 16, 2003.  Sterling urges that even in the context of conditional certification of a collective action, the Arbitrator misapplied class action principles to unlawfully exercise jurisdiction over and grant equitable relief to potentially tens of thousands of individuals who have not filed notices of consent to properly "opt-in" to the collective claim, and who are not properly subject to treatment as a class under The RESOLVE Program arbitration agreement

(a)     exercising jurisdiction over individuals who have not consented in writing to join claims brought in this arbitration under the EPA, and tolling their claims, if any in contravention of 29 U.S.C. § 216(d);

(b)     exercising jurisdiction over individuals who have not consented in writing to join the claims brought in this arbitration under the EPA, and tolling their claims, if any, in contravention of The RESOLVE Program arbitration agreement between Sterling and its employees, as well as the Tolling Agreement, effective October 16, 2006 executed between Sterling and certain Charging Parties;

(c)     impermissibly applying *American Pipe v. Utah*, 414 U.S. 538 (1974), and equitable tolling to extend tolling of the EPA claims to October 16, 2003; and

(d)     finding that a supposed failure by the Arbitrator "to carefully separate the issues presented between Title VII and EPA class claims" permits "the application of *American Pipe* or equitable tolling" to all claims brought under the EPA.

## JURISDICTION

This Court has previously entertained jurisdiction in this case, *Jock v. Sterling Jewelers Inc.*, No. 08 Civ. 2875 (S.D.N.Y.), and, having referred this matter to arbitration, retained jurisdiction of the matter on its suspense calendar pending the conclusion of the arbitration. (Dkt. No. 56.)  The Court subsequently dismissed the matter without prejudice subject to being refiled if necessary upon the resolution of arbitration proceedings.  (Dkt. No. 133.)  Vacatur, and more specifically, vacatur of the Conditional Certification Award, is properly heard by this Court.  *See Stolt-Nielsen SA v. Animalfeeds Int'l Corp.*, 435 F. Supp. 2d 382, 387 (S.D.N.Y. 2006) (Rakoff, J.) (partial final clause construction award vacated and remanded for proceedings consistent with the court's opinion and order), *rev'd by*, 548 F.3d 85, 101-02 (2d Cir. 2008) (reversing vacatur of clause construction award), *rev'd by*, 559 U.S. 662, 687 (2010) (reversing the judgment of the Court of Appeals and upholding conclusions of the district court); *see also* 9 U.S.C. § 9 (under FAA, "if no court is specified in the agreement of the parties [for confirmation of an arbitration award], then such application may be made to the United States Court in and for

---

underlying these arbitration proceedings.  *See Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2066 (2013) (Alito, J., concurring).

the district within which such award was made"); *see also Capital Pizza Huts, Inc. v. Linkovich*, No. 15-CV-03443, 2015 WL 7576014, at *5 (W.D. Mo. Nov. 24, 2015) (exercising jurisdiction to adjudicate motion brought under 9 U.S.C. § 10(a) to vacate clause construction award and order granting conditional certification of a collective action under Section 216(b) of the Fair Labor Standards Act).[3]

## FACTS AND PROCEDURAL HISTORY

In light of the lengthy procedural history of this matter, Sterling presumes the Court's familiarity with the factual allegations and legal claims brought by Plaintiffs.  Sterling thus confines its discussion in this Section to a brief summary of proceedings relevant to the Arbitrator's decision to toll the claims of non-consenting individuals to the EPA collective action dating back to October 16, 2003, in connection with the Conditional Certification Award.[4]

**A.      Proceedings Before The U.S. District Court For The Southern District Of New York Relating To The Conditional Certification Award**

On March 18, 2008, Plaintiffs filed this class action lawsuit in this Court alleging multiple class claims under Title VII of the Civil Rights Act of 1964 and a collective action claim under the EPA (Dkt. No. 1).  From April 1, 2008 through April 15, 2008, Plaintiffs filed four (4) notices attaching written consents for a combined total of ten (10) additional plaintiffs.[5] Plaintiffs alleged in their First Amended Class Action Complaint, filed April 24, 2008 (Dkt. No. 11) ("FAC"), that "Plaintiffs bring this action pursuant to 29 U.S.C. §§ 206(d), *et seq.*, on behalf

---

[3] In denying the motion, the District Court in *Linkovich* reasoned that its task on vacatur was to determine whether the arbitrator strayed from the task of interpreting the parties' particular contract, and that the Eighth Circuit does not recognize manifest disregard of the law as grounds for vacatur.  2015 WL 7576014, at *3-5.

[4] Specific exhibits already of Record in this action shall be referenced by their docket number.

[5] Plaintiffs filed consents on behalf of Susan Ballard, Carol King, Carolyn Morse, Sherry Robinson, Sharon Scroggins, Tana Shiver (Dkt. No. 3); Leighla Smith (Dkt. No. 4); Darlene Cerlanek, Ellen Hack (Dkt. No. 5); and Dorelle Raphael-Fishkin (Dkt. No. 6).

of themselves and all other women similarly situated." (*See* FAC ¶ 44.) Plaintiffs further alleged:

> Written Consents To Join this Equal Pay Act collective action are attached hereto for Plaintiffs Laryssa Jock, Jacquelyn Boyle, Christy Chadwick, Kelly Contreras, Maria House, Denise Maddox, Lisa McConnell, Judy Reed, Linda Rhodes, Nina Shahmirzadi, Leighla Smith, Dawn Souto-Coons, and Marie Wolf….

(*Id.* ¶ 10, Ex. 2.) Plaintiffs also alleged that they "have satisfied the requirements of a collective action pursuant to 29 U.S.C. § 216(b)." (*Id.* ¶ 45.)

Between April 28, 2008 and May 5, 2008, Plaintiffs filed four (4) additional notices attaching written consents to join the EPA claim for a combined total of eight (8) additional plaintiffs.[6] Plaintiffs then moved the Court to refer their claims to arbitration and to stay the litigation. (Dkt. No. 25.) Even after filing their motion, Plaintiffs continued to file between May 16, 2008 and June 16, 2008 four (4) additional notices attaching consents to join the EPA claim for an additional fifteen (15) plaintiffs,[7] bringing the total number of consents filed to forty-five (45). On June 18, 2008, this Court granted Plaintiffs' motion to refer to arbitration and stay litigation. (Dkt. No. 52.) No additional consents were filed with the Court after that date.

**B.     Proceedings Before The American Arbitration Association Relating To The Conditional Certification Award**

On June 26, 2008, Plaintiffs filed their First Amended Class Arbitration Complaint with the Arbitrator in AAA Case No. 111600065508, which materially altered their allegations with respect to their EPA claim. (Dkt. Nos. 78-8, 78-9.) Specifically, Plaintiffs deliberately chose to

---

[6] Plaintiffs filed consents on behalf of Michele Guyer (Dkt. No. 12); Wendy Hamilton, Vicki Osborn and Antoinette Roberts (Dkt. No. 13.); Maureen Gianni (Dkt. No. 20); Susan Bailey, Duana ConGin, and Katie Jennings (Dkt. No. 24).

[7] Plaintiffs filed consents on behalf of Noreen Arena, Erica Caldwell, Katherine Christy, Susan E. Crump, Fonda Droz-Schwartz, Dawna Gold, Ashley Kalemba, Jennifer Molina, Bridget Roy (Dkt. No. 32); Kristi Kopacka, Alexandra Temples (Dkt. No. 44); Veronica DeMarco, Catherine Malone (Dkt. No. 47); Lisa Follett and Cynthia Gorham (Dkt. No. 50).

4

replace the collective action EPA claim asserted before this Court with a purported class action

EPA claim in arbitration.  (Dkt. 78-9 ¶¶ 373-76.)  Plaintiffs stated:

> Plaintiffs also bring this action on behalf of themselves and all similarly situated women as a class arbitration pursuant to the AAA Supplementary Rules for Class Arbitrations challenging the willful denial of equal pay for equal work under the Equal Pay Act, 29 U.S.C. § 206.

(*See* Dkt. No. 78-7 at ¶ 3.)  Plaintiffs also alleged:

> With respect to their Equal Pay Act claim, Plaintiffs bring this action pursuant to 29 U.S.C. §§ 206(d), *et seq.* and seek certification of a class pursuant to Rule 4 of the AAA Supplementary Rules for Class Arbitrations, on behalf of themselves and all other women similarly situated.  The members of the class are all female Retail Sales Employees employed in the United States by Sterling on or any time after February 27, 2003 until the first day of trial in this action.

(*Id.* at ¶ 50.)

On June 21, 2013, Plaintiffs moved the Arbitrator for class certification of all claims

under Title VII and the EPA and specifically moved for certification of a single, opt-out "class

for all issues under AAA Rule 4(b) and Fed. R. Civ. P. 23(b)(3)."  (*See* Motion for Class

Certification; Maatman Decl. ¶ 8, Ex. 5 at 1.)  The Arbitrator granted Plaintiffs' motion for class

certification in part and denied it in part on February 2, 2015.  (*See* Dkt. Nos. 137-1, 137-2, 137-

3.)  With respect to tolling of the EPA claims, the Arbitrator rejected Plaintiffs' argument that the

filing of an initial charge by Plaintiff Laryssa Jock on June 2, 2005 tolled the EPA claims in the

arbitration to three years prior under the statute of limitations for willful violation (or June 2,

2002), and instead found "that Jock's EEOC charge does not toll the statute of limitations for

claims of the putative EPA class, and that Claimants' collective claims under the EPA must

proceed on an 'opt-in' basis."  (Dkt. No. 137-3 at 113.)

As such, the Arbitrator rejected Plaintiffs' request for certification of an opt-out class on

their EPA claims wholesale, finding that Plaintiffs were required to make a motion for

5

conditional certification of an opt-in collective action under Section 216(b), if at all.  (*Id*. at 113-114.)  Specifically, the Arbitrator found that Sterling's RESOLVE Program did not waive statutory opt-in requirements, and nothing in the AAA Supplementary Rules suggested that its procedures were intended to effect a waiver of statutory opt-in requirements.  (*Id*. at 115.)

On March 6, 2015, Plaintiffs filed their Motion for Conditional Certification of Claimants' Equal Pay Act Claims and Authorization of Notice.  (*See* Maatman Decl. ¶ 6; Ex. 3.)  In so moving, Plaintiffs reasserted their class tolling argument by requesting that the Arbitrator equitably "toll the running of the statute of limitations on the EPA claims of the putative class . . . for the time period from June 2, 2002 to the date notice of the EPA claims is provided to the putative class members."  (*Id*. at Ex. 3 at 3.)  On February 29, 2016, the Arbitrator issued the Conditional Certification Award.  While recognizing that similarly-situated women **"must affirmatively 'opt-in'** to become members of a putative collective action,"** (*see id*. at ¶ 5; Ex. 2 at 1-2) (emphasis added)), the Arbitrator erroneously tolled the statute of limitations for the EPA claims for individuals who have never filed consents to join the EPA claim either in this Court or in the arbitration, and she tolled any EPA claims of these non-parties from October 16, 2003 through 90 days after notice is issued to putative class members.  (*Id*. ¶ 4; Ex. 1; *see also* ¶ 5; Ex. 2 at 5-6.)

Although the Arbitrator rejected Plaintiffs' contention that the EPA claims should be tolled to the date Sterling received the first EEOC Charge by Plaintiff Laryssa Jock (June 2, 2005), (*id*. ¶ 5; Ex. 2, 2-3), she also erroneously found that "based upon the RESOLVE Agreement and Rules . . . tolling commenced for Ms. Jock and other *Named* Plaintiffs on the date of filing of a Step 1 Claim Form."  (*Id*.) (Emphasis added.)  She further stated: "I find the

tolling commenced upon the filing of a Step 1 RESOLVE Claim Form,[8] or the effective date of

the Tolling Agreement (October 16, 2006), which I find tolled the limitations period for *potential*

*class claimants* as well as Charging Parties."  (*Id*. at 5.) (emphasis added.)

## STANDARD OF REVIEW

The "review of arbitration awards is generally governed by the FAA."  *Halligan v. Piper*

*Jaffray, Inc.*, 148 F.3d 197, 201 (2d Cir. 1998).  "The FAA provides that an award may be

vacated where . . . the arbitrators exceeded their powers, or so imperfectly executed them that a

mutual, final, and definite award upon the…matter submitted was not made."  *Id.* at n.3; *see also*

9 U.S.C. § 10(a)(4).  Arbitrators exceed their powers when their awards do not draw their

essence from the underlying agreement to arbitrate.  *See ReliaStar Life Ins. Co. of NY v. EMC*

*Nat'l Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009) (citing *187 Concourse Assocs. v. Fishman*, 399

F.3d 524, 527 (2d Cir. 2005)).  "While a broad arbitration clause affords arbitrators considerable

discretion …, they may not 'exceed the power granted to them by the contract itself.'"  *Reliastar*,

564 F.3d at 87-88 (quoting *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d

255, 262 (2d Cir. 2003)).

The Second Circuit "has also recognized that an arbitration award may be vacated if it is

in 'manifest disregard of the law.'"  *Halligan,* 148 F.3d at 202 (district court decision not to

vacate was reversed where appeals court found arbitrators manifestly disregarded the law)

(citations omitted); *see also Stolt-Nielsen SA*, 548 F.3d at 91.[9]  Manifest disregard "means more

---

[8] The Arbitrator found that Plaintiff Laryssa Jock filed her Step 1 RESOLVE Claim Form on
May 2, 2006.  (*Id.* at 2.)

[9]  The Second Circuit has explained that the "manifest disregard" standard was subsumed in
FAA § 10(a)(3) and (4) authorizing vacatur when  arbitrators were "guilty of misconduct" or
"exceeded their powers," and therefore is consistent with the Supreme Court's decision in *Hall*
*Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).  *Stolt-Nielsen*, 548 F.3d at 93-94.
This Court has stated that "[d]espite some uncertainty regarding the vitality of the 'manifest

7

than error or misunderstanding with respect to the law." *Id.* (quotation omitted). "To modify or vacate an award on this ground, a court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Id.* (citations omitted). Manifest disregard often involves "an arbitral decision that exceeded the legal powers of the arbitrators." *See Duferco Int'l Steel Trading v. T. Klaveness Shipping*, 333 F.3d 383, 389 (2d Cir. 2003) (noting that most of the Second Circuit cases that found manifest disregard also determined that the arbitrators exceeded their powers). As this Court stated in partially vacating the Class Determination Award, an arbitrator's award will be upheld as long there is a "barely colorable justification for the outcome reached." (*See* Dkt. 144 at 3 (internal quotations omitted).) However, the Second Circuit has recognized "a judicially-created ground [for vacatur], namely that an arbitral decision may be vacated when an arbitrator has exhibited a manifest disregard of the law." *Id.* (internal quotations omitted).

In this case, the Arbitrator was fully aware of the governing legal principles regarding both statutory opt-in requirements to join claims brought under the EPA and the circumstances justifying the tolling of such claims. Nevertheless, in her Conditional Certification Award, the Arbitrator failed to state any colorable justification for "equitably" tolling the statute of limitations for EPA claims of all "putative class members"[10] to October 16, 2003.

---

disregard' doctrine, the Court has no reason to conclude that it has been eliminated in this Circuit." (*See* Dkt. No. 144 at 3, n.3 (internal citations omitted).)

[10] (*See* Maatman Decl. ¶ 4, Ex. 1 at 4.) Although the Arbitrator does not define the collective action in the Conditional Certification Award, the Notice appended thereto identifies its recipients as "all current and former female employees who have worked in Sterling Jewelers Inc.'s retail stores and sales associates, department managers, assistant managers, or store managers since October 16, 2003." (*See id.* at Ex. 1-1 at 1.)

## ARGUMENT

**I.    The Arbitrator Exceeded Her Powers And Manifestly Disregarded
The Statutory Opt-In Requirements Of 29 U.S.C. § 216(d)**

Jock's claim did not toll the statute of limitations on the claims of any potential collective action members, and the Arbitrator's finding in her Conditional Certification Award to the contrary runs counter to well-established law and her prior rulings.  Under the EPA, the statute of limitations continues running on the claims of potential opt-ins until they file notices of consent to join the litigation.  The EPA incorporates the enforcement provisions of the FLSA, and the FLSA contains an enforcement procedure that expressly mandates that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).

The Arbitrator's Class Determination Award expressly recognized this very statutory requirement for "each potential plaintiff [to] file a written consent to 'opt in' to the action."  (*See* Dkt. No. 137-3 at 114.)  For these reasons, the Arbitrator held – as other courts consistently have held – that plaintiffs cannot pursue EPA actions as "opt-out" class actions under Rule 23.[11]  *Id.* at 114-15.  Rather, consistent with the plain language of the statute, individual collective action members must file notices of consent to commence suit and toll the statute of limitations on their individual claims.[12]  The Arbitrator also noted that even Claimants acknowledged that their

---

[11] *See, e.g.*, *Beckmann v. CBS, Inc.*, 192 F.R.D. 608, 617 (D. Minn. 2000) (holding that an EPA claim could not be maintained as a class action because Rule 23's requirements are "inconsistent with [the] FLSA's requirement that participants 'consent in writing'") (citation omitted); *Tennie v. City of N.Y. Dep't of Social Servs. of N.Y. City Human Resources Admin.*, No. 83 Civ. 0884, 1987 WL 6156, at *1 n.3 (S.D.N.Y. Jan. 30, 1987) ("Claims under the Equal Pay Act may not go forward as class actions under Rule 23, but the Act provides its own mechanism for joint actions").

[12] 29 U.S.C. § 256 ("[I]n the case of a collective or class action instituted under the Fair Labor Standards Act . . . it shall be considered to be commenced in the case of any individual claimant . . . on the subsequent date on which such written consent is filed."); *Grayson v. K-Mart Corp.*, 79

request for tolling "has been uniformly rejected by the courts."[13]  Moreover, the Arbitrator

explained that Plaintiffs' reliance on *Long John Silver's Rests., Inc. v. Cole*, 514 F.3d 345 (4th

Cir. 2008), *cert. denied*, 555 U.S. 815 (2008), is misplaced because the Fourth Circuit in that

case had upheld an opt-out class under the EPA based only upon the peculiar language for the

specific arbitration agreement in that case.  (*See* Dkt. No. 137-3 at 114-15.)  In contrast, here, the

Arbitrator unequivocally found that "nothing in the AAA Supplemental Rules suggests that its

procedures were intended to effect a waiver of statutory opt-in requirements" (*see id.* at 115),

and that Sterling's incorporation of AAA Rules in The RESOLVE Program did not constitute "a

voluntary and intentional waiver of the EPA requirement."  (*Id.*)

Despite her earlier ruling, the Arbitrator's Conditional Certification Award erroneously

characterizes potential EPA opt-in claimants as a "class" and manifestly disregards the EPA's

express requirements for joinder in tolling the claims of tens of thousands of individuals over

more than a decade who have submitted no consent whatsoever to join the EPA claims in this

arbitration.  In doing so, the Arbitrator also exceeded her authority by exercising jurisdiction

over the EPA claims of tens of thousands of individuals who never opted in to the EPA claims

under 29 U.S.C. § 216(d).  For this reason, this Court should vacate the tolling provisions of the

Conditional Certification Award.

---

F.3d 1086, 1106 (11th Cir. 1996) ("[O]nly a written consent to opt-in will toll the statute of
limitations on an opt-in plaintiff's cause of action."); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp.
2d 1129, 1136-37 (D. Nev. 1999) ("Because all potential Claimants to § 216(b) actions *must* file
their consent to the suit to toll the statute of limitations, there [are] no time or resource saving
concerns which would justify tolling the statute of limitations from the time the Complaint is
filed in a § 216(b) action until some formal 'certification' decision is made."); *Muhammad v.
GBJ, Inc.,* No. 10-CV-2816, 2011 WL 863785, at *2 (S.D. Tex. Mar. 9, 2011) ("In FLSA
collective actions, by contrast, § 216(b) affirmatively requires repetitious filings.  The reason for
[tolling] the statute of limitations as a matter of course under Rule 23 is not present in the FLSA
context.").

[13] *See* Dkt. No. 137-3 at 114 ("Claimants acknowledge that this approach has been uniformly
rejected by the courts.").

25565656v.5

**II.    The Arbitrator Exceeded Her Powers And Manifestly Disregarded
The Law By Nullifying Material Terms Of The RESOLVE Program
Agreement And The Tolling Agreement Effective October 16, 2006**

The Arbitrator also ignored the constraints imposed on her authority under The

RESOLVE Program arbitration agreement and a subsequent Tolling Agreement entered into

between Sterling and the charging parties who would later become named plaintiffs in this

matter.  Arbitrators serving under the FAA may not reform arbitration agreements, but must

"rigorously enforce" them as written, and in doing so, must give "effect to the contractual rights

and expectations of the parties," *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior

Univ.*, 489 U.S. 468, 479 (1989) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221

(1985)), even if strictly enforcing the agreement as written reduces some of the usual advantages

of arbitration, such as "simplicity, informality, and expedition."  *Mitsubishi Motors Corp. v.

Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).  In this respect, a contract should be

read to give effect to all of its provisions and to render them consistent with each other.  *See

Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63 (1995) (citations omitted).

Under Ohio law specifically (the governing law here), "[i]t is well settled that contracts must be

read as a whole, and they must be interpreted in such a manner as to give effect to every

provision."  *Prudential Ins. Co. of Am. v. Corporate Circle, Ltd.*, 658 N.E. 2d 1066, 1069

(Ohio Ct. App. 1995).  "Furthermore, an interpretation which gives a reasonable, lawful, and

effective meaning to all the terms is preferred to an interpretation which leaves a part of the

contract unreasonable, unlawful, or of no effect."  *Downey v. Clauder*, 811 F. Supp. 338, 339

(S.D. Ohio 1992) (citations omitted).  As stated by the Ohio Supreme Court, if a proposed

construction of a contract would render contract language meaningless, and "it is possible to give

it another construction that would give it meaning and purpose, then the latter construction <u>must</u>

11

obtain." *Farmers' Nat'l Bank v. Delaware Ins. Co.*, 94 N.E. 834, 835 (Ohio 1911) (emphasis added).

Here, the Arbitrator exceeded her powers under The RESOLVE Program arbitration agreement in manifest disregard of the law, by nullifying the express and material provisions of the agreement constraining her authority to those claims submitted to RESOLVE and to those forms of legal and equitable relief available in a court of competent jurisdiction:

> I hereby utilize the Sterling RESOLVE program to pursue any dispute, claim, or controversy ("claim") against Sterling… regarding any alleged unlawful act regarding my employment or termination of my employment which could have otherwise been brought before an appropriate government or administrative agency or in a [sic] appropriate court, including but not limited to, claims under … Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991, … the Fair Labor Standards Act…. I understand that by signing this Agreement I am waiving my right to obtain legal or equitable relief (e.g., monetary, injunctive or reinstatement) through any government agency or court, and I am also waiving my right to commence any court action.  I may, however, seek and be awarded equal remedy through the RESOLVE program.

> \* \* \*

> The Arbitrator shall have the power to award any types of legal or equitable relief that would be available in a court of competent jurisdiction….

*Jock v Sterling Jewelers Inc.*, 646 F.3d 113, 116-17 (2d Cir. 2011).  By tolling the EPA claim in this arbitration to October 16, 2003, the Arbitrator exceeded her authority by granting equitable relief to thousands of individuals who have no standing to pursue EPA claims either under The RESOLVE Program agreement or under the EPA itself.

In support of this extraordinary and unprecedented relief, the Arbitrator stated that the Tolling Agreement "can only be reasonably read to toll all class claims, including EPA claims…"  (*See* Maatman Decl. ¶ 5, Ex. 2 at 3.)  The Arbitrator provided no basis, however, for applying her purported "reasonable" construction rather than the plain language of the Tolling Agreement itself, and adopted Plaintiffs' erroneous argument that "the parties entered into a

12

Tolling Agreement that tolled the running on the *class EPA claims* for the period October 16, 2006 to March 1, 2008." (*Id*. at ¶ 6, Ex. 3 at 33.)[14]  The Tolling Agreement on which Plaintiffs rely provides for no such relief.

In the Tolling Agreement, the parties agreed to toll the claims of specifically identified individuals who filed charges of discrimination with the EEOC.  The parties agreed as follows:

> The Parties further agree that the limitations period pertaining to any complaint, claim or cause of action that has been, or could be, brought against Sterling *by Charging Parties* shall be tolled and suspended during the term of this Tolling Agreement.

(*See* Dkt. 60-2 at 2 (emphasis added).) The parties defined "Charging Parties" as 16 specific Claimants, plus "clients" of "counsel for Charging Parties" who "file charges of discrimination with the EEOC within the term of [] this Tolling Agreement."  (*Id*.)  The parties as expressly defined in the Tolling Agreement clearly do not include any mere potential member of an EPA collective action claim who has not opted in.

To bring EPA claims against Sterling in this arbitration, any potential collective action member must submit her own individual consent to join the suit.[15]  Contrary to the Arbitrator's pure speculation that it is "inconceivable" that Plaintiffs would have agreed to prolonged settlement discussions without a tolling agreement that included such EPA collective action claims, Plaintiffs manifested a clear understanding of what the law requires by filing their own signed consents with this Court before this matter was referred to arbitration.  The parties' agreement to toll the statute of limitations period for the Charging Parties expressly only applies

---

[14] *See also* Dkt. Nos. 60-2, 60-3 for text of Tolling Agreement and Second Amendment to Tolling Agreement.

[15] As the statute provides, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party," 29 U.S.C. § 216(b), and "in the case of a collective or class action instituted under the Fair Labor Standards Act . . . it shall be considered to be commenced in the case of any individual claimant . . . on the subsequent date on which such written consent is filed in the court in which the action was commenced."  29 U.S.C. § 256.

to the 16 specific Charging Parties identified therein and persons represented by Claimants' counsel who filed charges of discrimination from October 16, 2006 through March 1, 2008.  It has no application to individuals not identified in the Tolling Agreement, the Arbitrator has identified no basis to support her reading of the Tolling Agreement to include collective EPA claims as well, and thus, the Arbitrator exceeded her authority by finding the terms of the Tolling Agreement a sufficient basis to extend tolling to an entire "class" to October 16, 2003.

### III.     The Arbitrator Exceeded Her Powers And Manifestly Disregarded The Law By Impermissibly Extending Tolling To October 16, 2003 Based On "The Unique Procedural History Of This Arbitration"

Recognizing that under well-settled law, the statute of limitations continues to run on the claims of potential EPA opt-ins until they file notices of consent to join the litigation, Plaintiffs' EPA Motion invited the Arbitrator to "break from traditional EPA jurisprudence."  (*See* Maatman Decl. ¶ 6, Ex. 3 at 29.)  The Arbitrator erroneously accepted that invitation, adopting Plaintiffs' arguments in their entirety, *despite* having expressly recognized that it "is well-established that" the tolling principles flowing from *American Pipe & Const. Co. v. Utah*[16] and its progeny *do not apply* to "EPA claims of similarly-situated women . . . ."  (*See* Maatman Decl. ¶ 5; Ex. 2 at 1-2 & n.2.)  Thus, despite her dispositive acknowledgement of the inapplicability of *American Pipe* to EPA claims, the Arbitrator impermissibly – and in manifest disregard of the law – applied *American Pipe* tolling to Plaintiffs' EPA claims.  The Arbitrator justified her actions based on her finding that "the unique procedural history of this arbitration and the resulting potential prejudice to EPA class claimants present extraordinary circumstances that warrant the application of *American Pipe* or equitable tolling to avoid inequitable circumstances."  (*Id.* ¶ 5, Ex. 2 at 5.)  However, neither *American Pipe* tolling nor equitable

---

[16] 414 U.S. 538, 554 (1974).

tolling applies to Plaintiffs' EPA claims, and the Arbitrator's Award thus was in manifest disregard of "well-established" law.

### A. The Arbitrator Manifestly Disregarded The Law Because *American Pipe* Tolling Does Not Apply To Plaintiffs' EPA Claims

The Arbitrator's finding that Plaintiffs "understandably interpreted [her] rulings as a confirmation of the application of *American Pipe* to their EPA class claims" (*see id.*) cannot justify tolling Plaintiffs' EPA claims under *American Pipe*. The Arbitrator erroneously adopted the argument that because Plaintiffs "reasonably relied" for their EPA *collective* claims on an inapplicable theory of certification under Rule 23, they should receive the tolling benefit Rule 23 would have provided. That logic misapprehends the purpose of tolling under *American Pipe*. Such tolling does not spring from "reasonable reliance,"[17] and even if it did, any "reliance" by Plaintiffs here was unreasonable as a matter of law.

*American Pipe* cannot support the Arbitrator's Conditional Certification Award for the fundamental and dispositive reason that, as the Arbitrator recognized, *American Pipe* tolling concerns actions under Rule 23 only. *American Pipe* tolling is inapplicable in the EPA context, and the Arbitrator acted in manifest disregard of the law by applying it to Plaintiffs' EPA claims. In *American Pipe*, the Supreme Court upheld tolling for absent class members because under the amended Rule 23, "[a] federal class action is no longer 'an invitation to joinder' but a truly representative suit designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions."[18] In contrast, an action under the EPA is not just an "an invitation to

---

[17] *American Pipe*, 414 U.S. at 551-52 ("We think no different a standard should apply to those members of the class who did not rely upon the commencement of the class action (or who were even unaware that such a suit existed) . . . . Rule 23 is not designed to afford class action representation only to those who are active participants in or even aware of the proceedings in the suit prior to the order that the suit shall or shall not proceed as a class action.").

[18] *Id.* at 550.

15

joinder."  The statute necessitates the "filing of repetitious papers," demanding individual participation.[19]  As the court explained in *Bonilla v. Las Vegas Cigar Co.*:

> [T]he concerns which led the Supreme Court to suspend the statute of limitations in a Rule 23 class action do not apply to a § 216(b) action . . . . While Rule 23 was designed to avoid 'unnecessary filing of repetitious papers and motions,'… § 216(b) affirmatively *requires* repetitious filings.  Because all potential plaintiffs to § 216(b) actions *must* file their consent to the suit to toll the statute of limitations, there is no time or resource saving concerns [sic] which would justify tolling the statute of limitations from the time the Complaint is filed in a § 216(b) action until some formal 'certification' decision is made.[20]

For these reasons, *American Pipe* simply does not and cannot be applied to collective actions under the EPA, and thus the Arbitrator acted in manifest disregard of the law by her "application of *American Pipe*" here.  (*See* Maatman Decl. ¶ 5; Ex. 2 at 5.)  By holding otherwise in her Tolling Award, the Arbitrator has effectively not only countenanced the seeking of collective relief under inapplicable procedures, but also condoned the sort of gamesmanship the Supreme Court warned against.[21]

---

[19] 29 U.S.C. § 256 (requiring each individual claimant to file a "written consent" to join the action).

[20] 61 F. Supp. 2d at 1136-37 (internal citation omitted); *see also Muhammad*, 2011 WL 863785, at *2 ("The statute is tolled for Rule 23 cases because otherwise parties would file protective filings to join or intervene in the suit, precisely the multiplicity of activity which Rule 23 was designed to avoid.  In FLSA collective actions, by contrast, § 216(b) affirmatively requires repetitious filings").

[21] *See American Pipe*, 414 U.S. at 561 (Blackmun, J. concurring) ("Our decision, however, must not be regarded as encouragement to lawyers in a case of this kind to frame their pleadings as a class action, intentionally, to attract and save members of the purported class who have slept on their rights"); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983) (Powell, J. concurring) (noting "[t]he tolling rule of American Pipe is a generous one, inviting abuse"); *see also, e.g., New Jersey Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, No. 08 Civ. 5653, 2010 WL 6508190, at *2 n.1 (S.D.N.Y. Dec. 15, 2010) ("If *American Pipe* applied in situations where the dismissed plaintiff was found by the court to lack standing, this would clearly encourage attempts to circumvent the statute of limitation by filing a lawsuit without an appropriate plaintiff and then searching for one who can later intervene with the benefit of the tolling rule. This is an untenable result.") (citation and internal quotation marks omitted).

16

Indeed, any supposed reliance on the ability to pursue their EPA claims under a Rule 23 "opt-out" theory was objectively unreasonable as a matter of law, and the Arbitrator acted in manifest disregard of the law by finding otherwise.  The EPA is clear and the law is well-settled that EPA actions cannot be pursued as "opt-out" class actions under Rule 23.[22]  Under the EPA, the statute of limitations continues to run on the claims of potential EPA collective action opt-ins until they file notices of consent to join the litigation,[23] even when a tandem Title VII Rule 23 class is sought.[24]  Plaintiffs themselves acknowledged that their tolling theory "has been uniformly rejected by the courts," and initially pursued their EPA claims on behalf of a proposed "opt-in" collective action.[25]

---

[22] *See, e.g.*, *Ameritech Ben. Plan Comm. v. Commc'n Workers of Am.*, 220 F.3d 814, 820 (7th Cir. 2000) (holding that "[t]here is no such thing as a Rule 23 class action in an Equal Pay Act case," and the EPA, by incorporating the requirements of the FLSA, "compels the use of a more restrictive 'opt-in' procedure"); *Thompson v. Sawyer*, 678 F.2d 257, 269 (D.C. Cir. 1982) (holding that, under the EPA, "members of the class may recover only if they file consents to join the class" under section 216(b)); *Beckmann*, 192 F.R.D. at 617 (holding that an EPA claim could not be maintained as a class action because Rule 23's requirements are "inconsistent with [the] FLSA's requirement that participants 'consent in writing'"); *Tennie*, 1987 WL 6156, at *1 n.3 ("Claims under the Equal Pay Act may not go forward as class actions under Rule 23, but the Act provides its own mechanism for joint actions"); *Stansell v. Sherwin-Williams Co.*, 404 F. Supp. 696, 701-02 (N.D. Ga. 1975) ("Inasmuch as the EPA is enforced  under Section 16(b) of the FLSA and no written consents have been filed with the Clerk of this Court, plaintiff [] cannot maintain her class action under the EPA as a matter of law.").

[23] 29 U.S.C. § 256 ("[I]n the case of a collective or class action instituted under the Fair Labor Standards Act . . . it shall be considered to be commenced in the case of any individual claimant . . . on the subsequent date on which such written consent is filed"); *Grayson*, 79 F.3d at 1106 ("[O]nly a written consent to opt-in will toll the statute of limitations on an opt-in plaintiff's cause of action.").

[24] *See, e.g.*, *Barrett v. Forest Labs., Inc.*, No. 12 Civ. 5224, 2015 WL 4111827, at *2 (S.D.N.Y. July 8, 2015) ("while Plaintiffs' bringing this action automatically tolls the claims of potential Title VII class members" brought under Rule 23, "it does not do so for potential EPA collective action members") (citing *Crown, Cork & Seal Co.*, 462 U.S. at 345).

[25] *See* Dkt. No. 1 ¶ 3 ("Plaintiffs also bring this action on their own behalf and pursuant to 29 U.S.C. § 216(b) as representatives of a proposed collective action of similarly situated employees who have been willfully denied equal pay for equal work under the Equal Pay Act, 29 U.S.C. § 206."); *accord* FAC ¶ 3 (same).  Claimants did not contend that they could pursue EPA claims

Moreover, even apart from the dispositive notion that EPA claims cannot be pursued on an "opt-out" basis, Plaintiffs' reliance on *Long John Silver's* was obviously misplaced.[26]  As the Arbitrator already found, "[t]he decision in *Long John Silver's*" is "limited to the arbitrator's interpretation of the parties' arbitration agreement in that case", and "nothing in the AAA Supplemental Rules suggests that its procedures were intended to effect a waiver of statutory opt-in requirements."[27]  Nonetheless, the Arbitrator's Award blessed Plaintiffs' obviously misplaced reliance on *Long John Silver's*, with no legal or factual basis for doing so, and thus acted in manifest disregard of the law.

### B.    The Arbitrator Manifestly Disregarded The Law Because Plaintiffs Are Not Entitled To Equitable Tolling Of The EPA Claims

The Arbitrator's finding that equitable tolling is available to Plaintiffs was likewise in manifest disregard of the law.  "[E]quitable tolling is only appropriate in [ ] rare and exceptional circumstance[s] . . . in which a party is prevented in some extraordinary way from exercising his rights."[28]  In considering a request for equitable tolling, a court "must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the

---

on a Rule 23 opt-out basis until June 26, 2008, and did not seek a ruling on their novel theory until June 21, 2013, nearly five years later, when they acknowledged the dubious nature of their claims.  (*See* Dkt. No. 137-3 at 114.)  In essence, Claimants' counsel took a gamble and lost. Such gamesmanship cannot justify tolling.

[26] 514 F.3d 345 (4th Cir. 2008).

[27] *See* Dkt. No. 137-3 at 114-15 (emphasis added).

[28] *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotations and citations omitted); *see also Wallace v. Kato*, 549 U.S. 384, 396 (2007) (equitable tolling is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs").

18

circumstances are so extraordinary that the doctrine should apply."[29]  Because Plaintiffs did not demonstrate that they acted with reasonable diligence, and because there was no legal or factual basis to conclude that extraordinary circumstances are present to justify equitable tolling, the Arbitrator exceeded her authority and acted in manifest disregard of the law by her "application of . . . equitable tolling" here.  (*See* Maatman Decl. ¶ 5; Ex. 2 at 5.)

### 1. Plaintiffs Have Not Acted With Reasonable Diligence

Because the Arbitrator applied equitable tolling without finding that Plaintiffs "acted with reasonable diligence during the time period" to be tolled, she acted in manifest disregard of the law.  The Arbitrator made no finding whatsoever with regard to Plaintiffs' reasonable diligence, and indeed, could not have found that Plaintiffs acted with the requisite reasonable diligence.  Rather, Plaintiffs themselves are the primary source of any litigation delay, and the Arbitrator did not, and could not have reasonably held otherwise.  In their initial Complaint, filed on March 18, 2008, and in their Amended Complaint, filed April 24, 2008, Plaintiffs asserted that they brought their action "pursuant to 29 U.S.C. § 216(b)" as representatives of a proposed collective action under the EPA.[30]  As early as June 26, 2008, Plaintiffs in their First Amended Class Arbitration Complaint contended that they could maintain their action for violation of the EPA on an opt-out class basis under Rule 23.[31]  However, Plaintiffs did not seek to test their "Hail Mary pass" theory until nearly five years later, on June 21, 2013.

---

[29] *Zerilli-Edelglass*, 333 F.3d at 80-81 (citation and internal quotation marks omitted); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (finding equitable tolling appropriate in extraordinary circumstances where the potential plaintiff "actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where [he] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass").

[30] *See* Dkt. No. 1 ¶ 3; Dkt. No. 11 ¶ 3..

[31] *See* Dkt. No. 78-9 ¶ 3.

Plaintiffs, rather than the Arbitrator or Sterling, are the source of any litigation delay. Having filed their claims on an opt-in basis in March 2008, Plaintiffs were aware that the statute of limitations continued to run on the claims of any potential opt-ins.  Instead of asking the Court or Arbitrator to facilitate notice, they made tactical decisions to assert an unprecedented "opt-out class action" theory, to delay seeking any ruling as to the viability of that theory, and to forego assertion of any alternative "opt-in collective action" theory until March 6, 2015.  Equitable tolling is not applicable to save parties from the folly of unsuccessful litigation tactics.

### 2.    Plaintiffs Have Not Demonstrated That Any Extraordinary Circumstances Justify Tolling In This Case

The Arbitrator further acted in manifest disregard of the law in her "application of . . . equitable tolling to avoid inequitable circumstances" because Plaintiffs cannot demonstrate, and indeed, the Arbitrator did not find, any extraordinary circumstances that warrant such relief.  In the Second Circuit, "[c]ases in which tolling was granted have involved either: a court-imposed stay pending the Court's resolution of a dispositive motion, a stipulation among the parties to toll the statute, tolling only for plaintiffs who already had filed consents, or the employer's failure to post required notices advising employees of their FLSA rights."[32]  Plaintiffs have not demonstrated that any of these circumstances exist here.

Asserted delays in the litigation process are insufficient to show "extraordinary circumstances."  For example, in *Garrison v. ConAgra Foods Packaged Food, LLC*, the court held that "there is nothing extraordinary about a motion for conditional certification and the delay in notice while that motion is pending and to hold otherwise would be to opine that equitable tolling should be granted in every § 216(b) case as a matter of course during the

---

[32] *Gordon v. Kaleida Health*, No. 08-CV-378, 2009 WL 3334784, at *13 (W.D.N.Y. Oct. 14, 2009) (citations omitted) (denying equitable tolling where "[n]one of those circumstances appear to exist").

pendency of a conditional class certification request, thereby transforming this extraordinary remedy into a routine, automatic one."[33]

Other than the "the unique procedural history of this arbitration and the resulting potential prejudice to EPA class claimants," the Arbitrator identified no "extraordinary circumstances" as would be required to apply equitable tolling, and the procedural history of the Arbitration is no such extraordinary circumstance.  Neither the Arbitrator nor Sterling "lulled" potential opt-in EPA collective action members into inaction; nothing prevented individuals from pursuing their own individual or collective action.  The cases cited by Plaintiffs below do not compel a different result, and none of the extraordinary circumstances justifying equitable tolling are present here.[34]  The Arbitrator acted in manifest disregard of the law to hold otherwise.

---

[33] No. 12-CV-00737, 2013 WL 1247649, at *5 (E.D. Ark. Mar. 27, 2013) (internal quotations omitted); *see also Gordon*, 2009 WL 3334784 at *13-14 ("time for consideration of the conditional certification and related motions is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes"); *Vargas v. Gen. Nutrition Ctrs., Inc.*, No. 10-CV-867, 2012 WL 5336166, at *7-9 (W.D. Pa. Oct. 26, 2012) (finding litigation delays, including eleven-month delay between motion for conditional certification and court's order conditionally certifying the class, "were not overly burdensome and certainly not extraordinary" so as to justify tolling); *Tidd v. Adecco USA, Inc.*, No. 07-11214, 2008 WL 4286512, at *5 (D. Mass. Sept. 17, 2008) ("The plaintiffs have not alleged any extraordinary circumstance to warrant equitable tolling nor have they pointed to any wrongdoing by the defendants that would justify a tolling order.  Indeed, . . . acceptance of the plaintiffs' argument would essentially mean that equitable tolling should occur in every FLSA collective action, changing the principle of equitable tolling from the exception to the norm."); *Love v. Phillips Oil, Inc.*, No. 08-CV-92, 2008 WL 5157677, at *2 n. 2 (N.D. Fla. Dec. 9, 2008) (declining to apply equitable tolling to nine-month delay, finding "no suggestion that any potential opt-in plaintiffs who, if they acted with diligence, could not discover they might have a colorable claim for relief and file actions within the limitations period"); *In Re Tyson Foods, Inc.*, No. 07-MD-1844, 2008 WL 4613654, at *4-5 (M.D. Ga. Oct. 15, 2008) (finding that a delay of over six years did not justify equitable tolling because, inter alia, "no action of the [prior, related] court lulled the potential [ ] opt-in plaintiffs into inaction.  Thus, no compelling equitable reason exists to allow their stale claims to be rescued").

[34] *See, e.g.*, *Yahraes v. Restaurant Associates Events Corp.*, No. 10-CV-935, 2011 WL 844963, at *3 (E.D.N.Y. Mar. 8, 2011) (granting equitable tolling where "defendants' actions – re-briefing the certification motion, seeking to defer certification in anticipation of dispositive motions, and failing to produce documents in connection with the NYSDOL investigation – []

**IV.  The Arbitrator Exceeded Her Powers And Manifestly Disregarded
The Law By Applying "*American Pipe* Or Equitable Tolling" To
Remedy Supposed Imprecision Regarding Her Prior Orders**

The Arbitrator's Tolling Order held that due to some perceived failure "to carefully

separate the issues presented between Title VII and EPA class claims, particularly with respect to

the law pertaining to tolling," Plaintiffs "understandably interpreted my rulings as a confirmation

of the application of *American Pipe* to their EPA class claims."  (*See* Maatman Decl. ¶5, Ex. 2 at

5.)  In effect, the Arbitrator held not only that Plaintiffs were confused by her prior orders, but

also that the Arbitrator was to blame for Plaintiffs' confusion, and thus the statute of limitations

should be tolled for the EPA claims to 2003.  As a matter of law, any purported imprecision or

confusion has no bearing on the *American Pipe* analysis because *American Pipe* does not apply

to claims under the EPA.

**A.  The Arbitrator Separated The Issues Presented Between Title VII And EPA
Class Claims**

Contrary to the Arbitrator's self-critique in the Tolling Order, there was no failure to

separate Title VII and EPA issues.  The Class Determination Award is crystal clear:

> Jock's EEOC charge does not toll the statute of limitations for claims of the
> putative EPA class, and that Claimants' collective claims under the EPA must
> proceed on an 'opt-in' basis.

(Dkt. No. 137-3 at 113.)  The Arbitrator completely separated the Title VII and EPA issues.  At

oral argument, Plaintiffs argued that the Arbitrator's June 26, 2009 Clarification Of Clause

---

frustrated plaintiffs' diligent attempts to ensure that claims did not expire."); *Lee v. ABC Carpet
& Home*, 236 F.R.D. 193, 200 (S.D.N.Y. 2006) (permitting equitable tolling "because of the
unique procedural posture of the case, whereby the Court directed Plaintiff after he had filed his
Complaint to postpone any motions for collective or class action until after its decision regarding
summary judgment"); *Koval v. Pac. Bell Tel. Co.*, No. 12-CV-1627, 2012 WL 3283428, at *8
(N.D. Cal. Aug. 10, 2012) (granting equitable tolling of a federal case while a parallel state case
proceeded "[b]ecause the Court cho[se] to use its discretion to stay the federal case at
[Defendant's] request").

22

Construction Award entitled "the class members to rely on the principle that they don't have to file their own individual claims, that tolling is available to them."  (*See* Maatman Decl. ¶ 9, Ex. 6, 12/18/15 Hrg. Tr. at 36:1-8.)  Plaintiffs' logic is flawed because it ignores the genesis of the Arbitrator's Clarification, in response to *Sterling's* request for clarification:

> Sterling, therefore, seeks clarification regarding whether, under RESOLVE, the named Claimants and/or putative class members (relative to the Title VII claims) and potential opt-in claimants (relative to Equal Pay Act claims) must have each completed the first two steps of the three-step program under RESOLVE *before seeking to join* and/or certify a class action arbitration for the Title VII claims and/or *collective action arbitration for the Equal Pay Act claims*.

(Dkt No. 58-11 ¶ 9 (emphases added).)  Thus, the question before the Arbitrator was not whether potential EPA opt-in claimants "have to file their own individual claims" – which the EPA clearly demands – but whether potential EPA opt-in claimants were required to complete "the first two steps of the three-step program under RESOLVE" prior to being eligible to opt-in to the putative EPA collective.  (*See id.*)  The Arbitrator clarified that "The RESOLVE Arbitration Agreements do not require that every claimant complete RESOLVE Steps 1 and 2 *prior to participating in a class arbitration*."  (Dkt No. 58-11 ¶ 2 (emphasis added).)  Plaintiffs cannot have "understandably interpreted" the Clarification of Clause Construction Award otherwise.

**B.**     **The Tolling Award Fails To Offer Even A "Barely Colorable Justification For The Outcome Reached"**

Even if Plaintiffs could have "understandably" interpreted the Arbitrator's rulings as confirming the application of *American Pipe* to their "EPA class [sic] claims," that flawed understanding provides no basis for equitable tolling, and the Arbitrator acted in manifest disregard of the law in holding otherwise.  The Arbitrator provided no explanation for why any such confusion on Plaintiffs' part – whether actual, understandable, or imagined *post hoc* – would permit invocation of equitable tolling principles, even *if* it resulted from imprecision by the Arbitrator.

Moreover, even if a perceived failure to separate the Title VII and EPA issues provided a colorable justification for Plaintiffs' purported confusion, that would not warrant the Arbitrator's *sua sponte* reversal of her prior holding.  In her Class Determination Award, the Arbitrator rejected Plaintiffs' contention that "Jock's EEOC charge tolls the statute of limitations for the claims of the putative class under the EPA," and acknowledged that Plaintiffs' approach "has been uniformly rejected by the courts." (*See* Dkt. No. 137-3 at 114.)  The Arbitrator specifically held that the EPA imposes a statutory opt-in procedure, that Sterling did not waive its right to insist upon compliance with such requirement, that "Jock's EEOC charge does not toll the statute of limitations for claims of the putative EPA class, and that Claimants' collective claims under the EPA must proceed on an 'opt-in' basis."  (*Id*. at 113.)

In essence, the Arbitrator's reversal amounted to reconsideration of the Arbitrator's findings in the Class Determination Award, without such relief being sought by Plaintiffs or the standard for reconsideration being met.  Reconsideration requires satisfaction of a strict legal standard.  Plaintiffs did not attempt to show – and could not show – that reconsideration of the tolling findings in the Class Determination Award was appropriate.  "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[35]  The standard for granting reconsideration is "strict," and reconsideration generally will be denied unless the moving party can point to "controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[36]

---

[35] *Iowa Pub. Employees' Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013) (internal quotation and citation omitted).

[36] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 607 (S.D.N.Y. 2012) ("The Plaintiffs['] disagreement with the Court's previous opinion is an insufficient basis for a motion for reconsideration") (quotation

24

Plaintiffs did not attempt to meet the standard for reconsideration and did not identify any "controlling decisions or data" that the Arbitrator "overlooked" or that reasonably might be expected to alter her decision that Jock's EEOC charge did not toll the limitations period for potential collective action members and that the EPA claims had to proceed on an opt-in basis.

The Arbitrator did not explain whether or how the standard for reconsideration had been met, or the "controlling decisions or data" that she overlooked. The Arbitrator likewise provided no explanation as to how Plaintiffs' supposed confusion about her clear orders could permit invocation of equitable tolling principles. This Court can consider the Tolling Order's silence on these scores as support for the Arbitrator's manifest disregard of the law. *See, e.g.*, *Halligan*, 148 F.3d at 204 ("the absence of explanation may reinforce the reviewing court's confidence that the arbitrators engaged in manifest disregard").

## CONCLUSION

The Arbitrator exceeded her authority under RESOLVE and the Tolling Agreement between the Named Plaintiffs and Sterling, manifestly disregarded both the statutory requirements of joinder and limitations of actions under the EPA, and failed to provide a colorable justification for granting equitable tolling of Plaintiffs' EPA claims to October 16, 2003. For these reasons, this Court should vacate the Conditional Certification Award and allow only Plaintiffs who filed their consents and those individuals who opt-in timely to proceed in the collective action.

---

omitted); *Del Col v. Rice*, No. 11-CV-5138, 2013 WL 4052867, at *1 (E.D.N.Y. Aug. 12, 2013) (noting that a motion for reconsideration does not provide "an occasion for repeating old arguments previously rejected or an opportunity for making new arguments that could have previously been made") (quotation omitted).

**Dated: March 23, 2016**                    Respectfully submitted,

                                             SEYFARTH SHAW LLP

                                             By:   /s/ Gerald L. Maatman, Jr.
                                                   Gerald L. Maatman, Jr.
                                                     gmaatman@seyfarth.com
                                                   Lorie E. Almon
                                                     lalmon@seyfarth.com
                                                   David Bennet Ross
                                                     dross@seyfarth.com
                                                   William F. Dugan
                                                     wdugan@seyfarth.com
                                                   620 Eighth Avenue, 32nd Floor
                                                   New York, New York 10018-1405
                                                   Telephone: (212) 218-5500
                                                   Facsimile: (212) 218-5526

                                                   WEIL, GOTSHAL & MANGES, LLP
                                                   Jeffrey S. Klein
                                                     jeffrey.klein@weil.com
                                                   767 Fifth Avenue
                                                   New York, New York 10153-0119
                                                   Telephone: (212) 310-8000
                                                   Facsimile: (212) 310-8007

                                                   *Attorneys for Defendant,*
                                                   *Sterling Jewelers Inc.*

26

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

|  |  |
|---|---|
| **LARYSSA JOCK, et al.,** | : 1:08 CV 2875 (JSR) |
|  | : |
|  | : U.S. District Judge Jed S. Rakoff |
| , | : |
|  | : |
| v. | : |
|  | : |
| **STERLING JEWELERS INC.,** | : |
|  | : |
| Defendant. | : |
|  | : |

----------------------------------------------------------- X

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2016, I electronically filed the foregoing DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO VACATE ARBITRATOR'S EQUAL PAY ACT COLLECTIVE ACTION CONDITIONAL CERTIFICATION AWARD AND ORDER RE CLAIMANTS' MOTION FOR TOLLING OF EPA LIMITATIONS PERIOD with the Clerk of the United States District Court, Southern District of New York using the CM/ECF system, which sent notification of such filing to the following:

Joseph M. Sellers
Kalpana Kotagal
Shaylyn Cochran
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
jsellers@cohenmilstein.com
kkotagal@cohenmilstein.com
scochran@cohenmilstein.com

John Douglas Richards
Cohen Milstein Sellers & Toll PLLC
88 Pine Street
14th Floor
New York, NY 10005
drichards@cohenmilstein.com

Sam J. Smith
Loren B. Donnell
Burr & Smith, LLP
442 West Kennedy Blvd., Suite 300
Tampa, FL 33606
ssmith@burrandsmithlaw.com
ldonnell@burrandsmithlaw.com

Thomas A. Warren
The Law Offices of Thomas A. Warren
2032-D Thomasville Road
Tallahassee, FL 32308
P.O. Box 1657
tw@nettally.com

*Attorneys for Plaintiffs*

/s/   Gerald L. Maatman, Jr.
Gerald L. Maatman, Jr.