```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LARYSSA JOCK, et al.,               :
                                    :
        Plaintiffs,                 :         08 Civ. 2875
                                    :
        -v-                         :         OPINION AND ORDER
                                    :
STERLING JEWELERS INC.,             :
                                    :
        Defendant.                  :
------------------------------------x
```



JED S. RAKOFF, U.S.D.J.

For the past eight years, defendant Sterling Jewelers Inc. ("Sterling") and plaintiffs Laryssa Jock et al. have been engaged in arbitration over plaintiffs' claims that Sterling discriminated against them in violation of both Title VII of the Civil Rights Act and the Equal Pay Act (EPA). Most recently, on March 23, 2016, defendant Sterling filed a motion seeking to vacate certain rulings issued by the Arbitrator, specifically, orders conditionally certifying a collective action under the EPA and tolling the statute of limitations for EPA claims. For the reasons stated below, the Court determines that it has no jurisdiction at this time to review Sterling's motion to vacate these rulings, since the rulings of the Arbitrator that Sterling challenges are not "final" rulings.

By way of background, on March 18, 2008, plaintiffs filed suit in this Court on behalf of themselves and all persons similarly situated, alleging sex discrimination in Sterling's promotion and compensation policies and practices in violation of both Title VII of the Civil Rights Act and the EPA, 29 U.S.C. § 206. See Complaint,

Dkt. 1. On June 18, 2008, this Court granted plaintiffs' motion to refer the matter to arbitration. See Order, Dkt. 52. There followed extensive proceedings before the Arbitrator, this Court, and the Second Circuit Court of Appeals, familiarity with which will here be presumed.

Of some incidental relevance to the present dispute, on February 2, 2015, the Arbitrator, operating under the auspices of the American Arbitration Association (AAA), issued a Class Determination Award addressing plaintiffs' motion to have opt-out classes certified for both the Title VII and the EPA claims. See Class Determination Award, Dkt. 137-1, at 1. In this ruling, the Arbitrator certified a class for plaintiffs' Title VII disparate impact claims with respect to declaratory and injunctive relief, but not for monetary damages. The Arbitrator also denied class certification for plaintiffs' Title VII disparate treatment claims. See id., Dkt. 137-3, at 118. Finally, and of relevance here, the Arbitrator's Class Determination Award denied plaintiffs' motion to certify an opt-out class for their EPA claims, but stated that this was without prejudice to plaintiffs' seeking certification of an opt-in collective action under the EPA. See id. at 115. On November 15, 2015, this Court confirmed the Class Determination Award, except the part of that award permitting opt-outs for classwide injunctive and declaratory relief. See Opinion and Order dated November 15, 2015, Dkt. 144. Defendant appealed the Court's partial confirmation

of the Class Determination Award, and that appeal is currently pending before the Second Circuit.[1]

Meanwhile, of more direct relevance here, the Arbitrator moved forward with respect to plaintiffs' EPA claims. The EPA incorporates the enforcement provisions of the Fair Labor Standards Act (FLSA).[2] See 29 U.S.C. § 216(b). The FLSA, in turn, states that employees may bring an action against their employers "for and in behalf of . . . themselves and other employees similarly situated" and that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id. Courts have interpreted these provisions to create a scheme for the preliminary certification of "collective actions" under the FLSA (and, accordingly, under the EPA) that materially differs from the procedure for certification of class actions under Fed. R. Civ. P. 23. See Myers v. Hertz Corp., 624 F.3d 537, 542 (2d Cir. 2010); Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005). Indeed, "certification" under the FLSA and EPA has a different meaning than "certification" of a class action under Rule 23, since "certification" in the FLSA collective action context refers only to "the district court's exercise of the discretionary power . . . to

---

[1] Neither side at any time questioned the Court's jurisdiction to review the Class Determination Award, and, indeed, for the reasons described infra, the Court's jurisdiction to review that determination is clear.

[2] Since the FLSA provides a mechanism for the enforcement of EPA claims, cases regarding collective certification under the FLSA are equally applicable to EPA claims. See Myers v. Hertz Corp., 624 F.3d 537, 554 n.9 (2d Cir. 2010).

3

facilitate the sending of notice to potential class members." Myers, 624 F.3d at 555 n.10; see also Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989). In every material respect, therefore, certification of a collective action is a preliminary determination that requires only a modest showing. Certification under Rule 23 is a more or less final determination that all the mandatory requirements of Rule 23(a) – numerosity, commonality, typicality, and adequacy – as well as at least one of the additional requirements of Rule 23(b) have been satisfied.

Put differently, "certification" of a collective action means only that an initial "first step" has been taken that, unlike class certification of a Rule 23 kind, involves only the most preliminary kind of determination. As the Second Circuit states:

> The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred. The court may send this notice after plaintiffs make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law. . . . The modest factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist . . . At the second stage, the district court will, on a fuller record, determine whether a so-called "collective action" may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs. The action may be de-certified if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice.

Myers, 624 F.3d at 555 (internal citations and quotation marks omitted).

4

Reflective of the difference between the full and largely final showings needed for certification of a class under Rule 23[3] and the very modest and highly preliminary showing needed for "certification" of a collective action under the EPA, the Arbitrator in the instant case, while denying in her Class Determination Award, plaintiffs' motion to certify, for their EPA claims, an opt-out class pursuant to Fed. R. Civ. P. 23 and the AAA Supplementary Rules for Class Actions,[4] expressly left open the possibility that plaintiffs could seek opt-in certification of a collective action for their EPA claims. See Class Determination Award at 114-15. Consequently, plaintiffs, on March 6, 2015, filed before the Arbitrator a motion for conditional certification of an opt-in EPA collective action (i.e., the "first step" of the FLSA enforcement procedure described supra). See Claimants' Motion for Conditional Certification of Claimants' Equal Pay Act Claims and Authorization of Notice, Dkt. 148-3.

In response, on February 29, 2016, the Arbitrator issued the rulings that Sterling challenges in the instant motion. First, the Arbitrator conditionally certified an opt-in collective action for plaintiffs' EPA claims, thereby allowing notice to be sent. See Equal Pay Act Collective Action Conditional Certification Award

---

[3] While certification of a class under Rule 23 is theoretically subject to reconsideration later in the case, it is so clearly final in most situations that Rule 23 allows immediate appeal from the class certification. See Fed. R. Civ. P. 23(f).

[4] As discussed infra, the standards for certification of a class action under the AAA Supplementary Rules largely mirror those of Fed. R. Civ. P. 23.

5

("Conditional Certification Award"), Dkt. 148-1. Second, in determining to whom notice should be sent, the Arbitrator tolled the statute of limitations for the EPA claims and issued a separate Order explaining why. See Order re Claimants' Motion for Tolling of EPA Limitations Period ("Tolling Order"), Dkt. 148-2. Specifically, the Arbitrator tolled the statute of limitations on plaintiffs' EPA claims so that individuals could opt in to the EPA collective action if their claims arose on or after October 16, 2003. See Conditional Certification Award at 4; Tolling Order at 3-6.

On March 23, 2016, defendant Sterling moved in this Court to vacate the Arbitrator's Conditional Certification Award and Order on Tolling insofar as these rulings tolled the statute of limitations for plaintiffs' EPA claims. See Notice of Defendant's Motion to Vacate the Arbitrator's Equal Pay Act Collective Action Conditional Certification Award and Order re Claimants' Motion for Tolling of EPA Limitations Period, Dkt. 146. On April 11, 2016, plaintiffs filed opposition papers. See Opposition to Defendant's Motion to Vacate the Arbitrator's Equal Pay Act Collective Action Conditional Certification Award and Order re Claimants' Motion for Tolling of EPA Limitations Period ("Pl. Opp. Br."), Dkt. 149. In addition to challenging defendant's arguments on the merits, plaintiffs contended that this Court lacked jurisdiction to review the challenged rulings because these rulings were not "final." See Pl. Opp. Br. at 4-8. Defendant replied on April 20, 2016, see Defendant's Reply in Support of Its Motion to Vacate the

6

Arbitrator's Equal Pay Act Collective Action Conditional Certification Award and Order re Claimants' Motion for Tolling of EPA Limitations Period ("Def. Reply Br."), Dkt. 150, and the Court heard oral argument on May 11, 2016. Having considered the parties' submissions and arguments, the Court finds that it has no jurisdiction to review the Arbitrator's Conditional Certification Award and Tolling Order at this juncture in the proceedings, because these rulings are not "final." The Court therefore expresses no view on the merits of defendant's motion to vacate these rulings.[5]

The Federal Arbitration Act (FAA) provides that "at any time within one year after the [arbitration] award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. The Second Circuit has held that "[t]he language of the [Federal Arbitration] Act is unambiguous: it is only after an award has been made by the arbitrators that a party can seek to attack any of the arbitrators' determinations in court, by moving either to vacate the award . . . or to modify or correct it." Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 414 (2d Cir. 1980). Therefore, a court "lacks authority to confirm an award that is interim, not final."

---

[5] On April 4, 2016, the Arbitrator denied Sterling's motion to stay proceedings pending this Court's resolution of the instant motion. See Order re Sterling's Renewed Motion to Stay, Dkt. 149-3. In doing so, the Arbitrator characterized her Conditional Certification Award and Tolling Order as "non-final." Id.

7

Daum Global Holdings Corp. v. Ybrant Digital Ltd., No. 13-cv-3135, 2014 WL 896716, at *2 (S.D.N.Y. Feb. 20, 2014).

Further, "an arbitration award, to be final, must resolve all the issues submitted to arbitration, and . . . it must resolve them definitively enough so that the rights and obligations of the two parties, with respect to the issues submitted, do not stand in need of further adjudication." Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 157 F.3d 174, 176 (2d Cir. 1998).[6] The Second Circuit has explained the logic behind the finality doctrine as follows:

> Policy considerations, no less than the language of the Act and precedent construing it, indicate that district courts should not be called upon to review preliminary rulings of arbitrators. Most of the advantages inherent in arbitration are dissipated by interlocutory appeals to a district court. . . . [A] district court should not hold itself open as an appellate tribunal during an ongoing arbitration proceeding, since applications for interlocutory relief result only in a waste of time, the interruption of the arbitration proceeding, and . . . delaying tactics in a proceeding that is supposed to produce a speedy decision.

Michaels, 624 F.2d at 414 (internal quotation marks omitted). Or, as the Seventh Circuit put it, "the courts are naturally reluctant to invite a judicial proceeding every time the arbitrator sneezes." Smart v. Int'l Bhd. of Elec. Workers, Local 702, 315 F.3d 721, 725 (7th Cir. 2002).

---

[6] The Second Circuit has also stated that "an award which finally and definitely disposes of a separate independent claim may be confirmed although it does not dispose of all the claims that were submitted to arbitration." Metallgesellschaft A.G. v. M/V Capitan Constante, 790 F.2d 280, 283 (2d Cir. 1986). But in this case, the Arbitrator's Conditional Certification Award and Tolling Order have not "finally and definitely" disposed of any of plaintiffs' EPA claims.

8

In this case, it is obvious that the Arbitrator's Conditional Certification Award and Tolling Order are not "final" arbitration awards.[7] Indeed, the Second Circuit, in Myers, addressed, albeit in a non-arbitration context, almost the same question as presented here, and concluded that it lacked appellate jurisdiction over a district court decision denying conditional certification of a FLSA collective action. As the Second Circuit noted, the first step of a FLSA collective action requires plaintiffs only to make a "modest factual showing that potential plaintiffs existed who were similarly situated to themselves" – a considerably "lower standard" than is required for certification of a class action under Fed. R. Civ. P. 23. Myers, 624 F.3d at 555-56 (internal quotation marks omitted). Consequently, as the Arbitrator in the instant case expressly recognized, only at the "second stage" of an EPA collective action (i.e., after notice is sent out and potential EPA claimants opt in) will a decision be made as to "whether . . . a 'collective action' may go forward." Conditional Certification Award at 2-3; see Myers, 624 F.3d at 555. Following conditional certification, then, issues such as the basic makeup of the collective action and the fundamental viability of the collective action mechanism remain "in need of further adjudication." Rocket Jewelry Box, 157 F.3d at 176.

---

[7] While the analysis below (and in the case law) focuses on the finality of the Arbitrator's ruling conditionally certifying a collective action, the Court sees no reason to apply a separate analysis to the Tolling Order (and neither, it seems, do the parties). The Conditional Certification Award itself tolls the statute of limitations and notes that this decision is explained in the Tolling Order issued on the same day, so that the two are inextricably intertwined. See Conditional Certification Award at 4.

An arbitration award that "conditionally certifies a class of plaintiffs and outlines the procedures to be followed in notifying and defining the class" is hence not final, and this Court has no jurisdiction to review it. Int'l Bancshares Corp. v. Lopez, 15-cv-173, 2015 WL 6799783, at *3 (S.D. Tex. Nov. 5, 2015).

The fact that courts sometimes exercise jurisdiction over a limited group of other kinds of interlocutory arbitral rulings is not to the contrary. For instance, courts (including this Court) have reviewed arbitrators' "clause construction awards," where, e.g., they are threshold rulings determining whether the parties' arbitration agreement even permits class arbitration. See, e.g., Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662 (2010);[8] Jock v. Sterling Jewelers, Inc., 677 F. Supp. 2d 661, 665 (S.D.N.Y. 2009). But judicial review of clause construction awards constitutes a "limited exception" to the general rule that non-final arbitration awards are not subject to review. Int'l Bancshares Corp., 2015 WL 6799783, at *2. This exception "does not give courts blanket jurisdiction over all arbitral orders concerning collective action.

---

[8] Defendant Sterling notes that in Stolt-Nielsen, the Supreme Court's decision to review the clause construction award did not depend on finding that the clause construction award was final; rather, the Supreme Court found that the Clause Construction award was ripe for review. See Def. Reply Br. at 3-4; see also Stolt-Nielsen, 559 U.S. at 670 n.2. But the Supreme Court would not have reached the ripeness issue if it lacked jurisdiction. Similarly, this Court also previously examined ripeness in determining that it could review the Arbitrator's Clause Construction Award in the instant case. See Jock, 677 F. Supp. 2d at 664. However, these findings that clause construction awards were ripe for review do not remotely suggest that finality is no longer relevant when a court faces the question of whether to review determinations by an arbitrator made after the clause construction ruling is rendered – in this case, the Arbitrator's Conditional Certification Award and Tolling Order.

10

Rather, it gives courts limited jurisdiction to consider an arbitrator's ruling on a particular threshold issue," namely, whether class arbitration is permissible under the parties' arbitration agreement. Id. The fact that courts may review clause construction awards does not remotely suggest that courts may also review arbitral rulings that, as in the case of rulings on the first step of an EPA collective action, are expressly "conditional" and require only a "low standard of proof."

Likewise, numerous courts have reviewed arbitrators' rulings on class action certification under the AAA Supplementary Rules (which, as noted, largely mirror Rule 23 in this respect) and/or have approved of such review. See, e.g., Southern Commc'ns Servs., Inc. v. Thomas, 720 F.3d 1352, 1354, 1360 (11th Cir. 2013); Long John Silver's Restaurants, Inc. v. Cole, 514 F.3d 345 (4th Cir. 2008); Dealer Computer Servs., Inc. v. Randall Ford, Inc., No. 08-cv-2033, 2009 WL 277557, at *5 (S.D. Tex. Feb. 4, 2009); Haro v. NCR Corp., No. 04-cv-328, 2008 WL 5156461 (S.D. Ohio Dec. 8, 2008); Sutter v. Oxford Health Plans, LLC, No. 05-cv-2198, 2005 WL 6795061, at *3-4 (D.N.J. Oct. 31, 2005), aff'd, 227 F. App'x 135 (3d Cir. 2007). Indeed, as noted, on November 15, 2015, this Court in the instant case confirmed in part the Arbitrator's Class Determination Award certifying some of plaintiffs' Title VII claims for class action treatment. Jock, 2015 WL 7076011. But this is largely because AAA Supplementary Rule 5(d) expressly provides for such an appeal, similarly to Fed. R. Civ. P. 23(f) and for the same reasons. Indeed,

11

in the related context of appellate review of district court rulings, the Second Circuit, as previously noted, has distinguished between its having jurisdiction over district courts' rulings on class certification and its lacking jurisdiction over district courts' rulings on conditional certification of FLSA collective actions. Similarly, other Courts of Appeals have found that they lacked appellate jurisdiction over district court rulings on conditional certification of collective actions pursuant to the FLSA on the basis that these rulings were not final. See McElmurry v. U.S. Bank Nat. Ass'n, 495 F.3d 1136, 1138 (9th Cir. 2007);[9] Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 549 (6th Cir. 2006); Baldridge v. SBC Commc'ns, Inc., 404 F.3d 930, 931-32 (5th Cir. 2005).

Defendant nonetheless argues that the AAA Supplementary Rules should apply to any class-like determination, including determinations regarding collective actions. But defendant's argument is unpersuasive. The same established distinction between certification of an opt-out class and a conditional certification of a collective action applies here. The AAA Supplementary Rules governing class arbitrations make no mention of conditional certification of a collective action. Rather, AAA Supplementary Rule 4, titled "Class Certification," identifies criteria for the

---

[9] The Ninth Circuit case McElmurry did not discuss "conditional certification" explicitly; rather, the appellate court considered whether it had jurisdiction over the district court's decision not to issue notice of a collective action under the FLSA. McElmurry, 495 F.3d at 1138. However, the Second Circuit has noted that "certification" pursuant to the FLSA refers simply to the district court's decision to send notice to potential opt-ins. Myers, 624 F.3d at 555 n.10.

12

maintenance of a "Class Arbitration" that largely track the requirements of Fed. R. Civ. P. 23. Likewise, AAA Supplementary Rule 5, titled "Class Determination Award," states that "(a) The arbitrator's determination concerning whether an arbitration should proceed as a class arbitration shall be set forth in a reasoned, partial final award (the 'Class Determination Award'), which shall address each of the matters set forth in [AAA Supplementary] Rule 4." Rule 5 then indicates that "[t]he arbitrator shall stay all proceedings following the issuance of the Class Determination Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Class Determination Award." AAA Supplementary Rule 5(d).

   The AAA Supplementary Rules, therefore, expressly designate as "partial final awards" arbitrators' "class determination awards" and provide a mechanism for parties to move in court for confirmation or vacatur of class determination awards. These features of the AAA Supplementary Rules, which mimic the approach of Rule 23(f) of the Federal Rules of Civil Procedure, may not definitively settle the question of federal courts' jurisdiction to review class determination awards (a question this Court need not definitively reach here in any event). But while these features strongly suggest a basis for treating an arbitrator's class determination awards as subject to judicial review, there exists no parallel provision in the AAA Supplementary Rules for conditional certification of collective actions under the FLSA (or the EPA).

Defendant Sterling points out that the Arbitrator noted in her Tolling Order that "under Supplementary Rule 4 all class arbitrations are treated like Rule 23 opt-out class actions." Def. Reply Br. at 2; Tolling Order at 4. According to defendant, the Arbitrator thereby signaled that she was treating the Conditional Certification Award, just as she treated her Class Determination Award, as a "partial final award" subject to judicial review. Def. Reply Br. at 3. But this reads far too much into the Arbitrator's actual, limited words. Indeed, if the Arbitrator's intentions as to the finality of the Conditional Certification Award and Tolling Order were ever in doubt, the fact that the Arbitrator labelled these rulings "non-final" in her order denying a stay during the pendency of the instant motion would put these doubts convincingly to rest. See Order re Sterling's Renewed Motion to Stay. In any event, an individual Arbitrator has no power to create federal court jurisdiction where it does not otherwise exist.

For all these reasons, the Court holds that it lacks jurisdiction to review the Arbitrator's Conditional Certification Award and Tolling Order. The Clerk of Court is directed to close docket entry 146.

SO ORDERED.

Dated: New York, NY
      May 22, 2016

                                       JED S. RAKOFF, U.S.D.J.