UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
**LARYSSA JOCK, et al.**,  : 1:08 Civ. 2875 (JSR)
           Plaintiffs,     :
                           : The Honorable Jed S. Rakoff
       v.                  :
                           :
**STERLING JEWELERS INC.**, :
           Defendant.      :
                           :
------------------------------------------------------- x

**DEFENDANT'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO VACATE THE ARBITRATOR'S CLASS CERTIFICATION AWARD**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................2

    A. The Arbitrator Exceeded Her Authority By Purporting To Bind Persons And Adjudicate Claims Not Before Her ..................................................2

        1. *Jock I* Does Not Support The Arbitrator's Exercise Of Jurisdiction ...........2

        2. The Arbitrator Has No Authority Over Non-Consenting, Absent Class Members .................................................................................3

        3. The Second Circuit Has Already Rejected Plaintiffs' Attempt To Argue That The Arbitrator Had Authority To "Read" Into The RESOLVE Agreements The Consent Of Non-Parties ..............................4

        4. The Court Cannot Excuse The Absence Of Consent .................................7

    B. The AAA Supplementary Rules And Rule 23 Afford No Due Process Protection To Absent Class Members Who Have Not Consented To Participate In The Arbitration ..................................................................8

    C. Arbitral Decisions Have No Preclusive Effect Where Individuals Have Not Consented To Arbitration, Leaving This Arbitrator's Decisions Vulnerable To Collateral Attack ............................................................10

III. CONCLUSION ....................................................................................................10

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amedeo Hotels LP v. New York Hotel And Motels Trade Council*,
   No. 10 Civ. 6150 (NRB), 2011 U.S. Dist. LEXIS 55032 (S.D.N.Y. 2011) ............................ 4

*Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250 (7th Cir. 1994) ............................................. 3

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995) ..................................................... 9

*Fultz & Thatcher v. Burrows Group Corp.*,
   No. CA 2005-11-126, 2006 WL 3833971 (Ohio Ct. App. Dec. 28, 2006) ............................. 9

*Granite Rock Co. v. Int'l B'hood of Teamsters, et al.*,
   130 S. Ct. 2847 (2010) ....................................................................................................... 3, 4

*Gray v. Conseco, Inc.*,
   No. 00-CV-322, 2001 WL 1081347 (C.D. Cal. Sept. 6, 2001) ............................................... 6

*Int'l B'hood of Elec. Workers, Local No. 265 v. O.K. Elec. Co.*,
   793 F.2d 214 (8th Cir. 1986) ................................................................................................. 3

*Jock, et al. v. Sterling Jewelers Inc.*,
   No. 15-3947, 2017 U.S. App. LEXIS 13243 (2d Cir. July 24, 2017) .............................. 1, 2, 6

*Jock v. Sterling Jewelers Inc.*,
   646 F.3d 113 (2d Cir. 2011) ........................................................................................ *passim*

*Nationwide Mut. Ins. Co. v. Home Ins. Co.*,
   330 F.3d 843 (6th Cir. 2003) ................................................................................................. 3

*Ohio v. Gibson*,
   No. 10-AP-1047, 2011 WL 5184211 (Ohio App. 10th Dist. Nov. 1, 2011) ............................ 9

*Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama*,
   312 F.2d 299 (2d Cir. 1963) .................................................................................................. 3

*Oxford Health Plans, LLC v. Sutter*,
   133 S. Ct. 2064 (2013) ....................................................................................................... 5, 9

*Porter v. City of Columbus, Board of Indus. Relations*,
   675 N.E.2d 1329 (Ohio Ct. App. 1996) ................................................................................. 9

*Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*,
   497 F.3d 133 (2d Cir. 2007) ............................................................................................... 3, 4

*Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*,
    489 U.S. 468 (1989) ................................................................................................... 10

**Statutes**

9 U.S.C. § 10(a)(4) ................................................................................................................ 2

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ...................................................................... 5

**Other Authorities**

1 Restatement (Second) of Contracts § 69(1) (1979) ........................................................... 9

Fed. R. Civ. P. 23 .............................................................................................................. 2, 8

American Arbitration Association Supplementary Rules For Class Arbitrations,
    Rule 3 ............................................................................................................................. 8

American Arbitration Association Supplementary Rules For Class Arbitrations,
    Rule 4 ............................................................................................................................. 8

I.     INTRODUCTION

The inquiry before the Court on remand is straightforward: whether the Arbitrator "had the authority to certify a class that included absent class members, i.e., employees other than the named plaintiffs and those who have opted into the class," given that absent class members "never consented to the arbitrator determining whether class arbitration was permissible under the RESOLVE agreement in the first place." *Jock, et al. v. Sterling Jewelers Inc.*, No. 15-3947, at 3, 2017 U.S. App. LEXIS 13243, at *3 (2d Cir. July 24, 2017) ("Summary Order"). Having ruled, the Second Circuit determined that the question of the Arbitrator's power to bind such absent class members in this arbitration was never an issue addressed in *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113 (2d Cir. 2011) ("*Jock I*"). Summary Order at 3.

Despite the Second Circuit's clear direction to this Court, Plaintiffs argue in their Opposition that the Court should conduct a highly deferential review of the Award[1] that asks only whether the Arbitrator exceeded her authority when construing the Named Plaintiffs' RESOLVE agreements. Plaintiffs' very obvious attempt to divert the Court's attention from the Second Circuit's finding of a failure of consent required to submit a claim or issue to arbitration, blatantly ignores both the Second Circuit's unequivocal finding, and its directive that the Court must determine whether the Arbitrator had authority to bind absent class members to the Award.

All of Plaintiffs' arguments in opposition flow from the false premise that under the purported authority of *Jock I*, absent class members consented to the Arbitrator's exercise of jurisdiction and subsequent issuance of the Award. (Plaintiffs' Opposition To Defendant's Renewed Motion To Vacate The Arbitrator's Class Certification Award ("Opp.") at 3.) Given the Second Circuit's finding to the contrary, however, the Court must vacate the Award as an

---

[1] ECF No. 137, Exhibits 1-3.

unauthorized exercise of jurisdiction that exceeds the Arbitrator's authority under the RESOLVE agreements and the submission of the parties actually before her.

## II. ARGUMENT

### A. The Arbitrator Exceeded Her Authority By Purporting To Bind Persons And Adjudicate Claims Not Before Her

Plaintiffs go to great lengths to insulate from this Court's scrutiny the Arbitrator's wrongful issuance of an award over non-parties who did not consent to the Arbitrator's determination of class arbitration, much less submission to a binding class certification Award. Plaintiffs argue that the Award is entitled to an extremely deferential standard of review applicable to substantive arbitral rulings generally – that is, that this Court may not review whether the Arbitrator's ruling was correct, but may inquire only whether her ruling was based on a construction of the RESOLVE agreements (and, if it was, must confirm without any further inquiry). Plaintiffs contend that in certifying a Title VII class that included absent class members, the Arbitrator merely interpreted the RESOLVE agreements before her in light of the AAA Rules and Fed. R. Civ. P. 23, and the Court therefore should give deference to that interpretation under 9 U.S.C. § 10(a)(4) and confirm the Award. (Opp. at 15-17.) This argument, however, is based on a fundamental misunderstanding of the sole issue on review: whether the Arbitrator "exceeded her authority in certifying a class that contained absent class members who have not opted in [to the arbitration]." Summary Order at 4.

#### 1. *Jock I* Does Not Support The Arbitrator's Exercise Of Jurisdiction

Despite the Second Circuit's unmistakable finding that absent class members did not consent to the Arbitrator's determination of class arbitration, Plaintiffs artfully rely on *Jock I* to make the astonishing claim that each absent RESOLVE agreement signatory "…agreed that she would participate in a class that the Arbitrator found to satisfy the requirements for certification."

2

(Opp. at 3.)  In *Jock I*, however, the Second Circuit reviewed the Arbitrator's decision on a clause construction issue jointly placed before her by the Parties to the arbitration – that is, the Named Plaintiffs and Sterling only.  The issue was discrete and specific:  whether class mechanisms are available under Plaintiffs' RESOLVE agreements.  *See Jock,* 646 F.3d at 115, 124.  Whether the Arbitrator could consider non-submitted claims and bind absent class members through a class certification award was not an issue jointly placed before her by the Parties.  Thus the Arbitrator in actuality, and without authority, resolved a "question of arbitrability" that must be resolved by the Court in the first instance, absent the joint delegation of that issue to the Arbitrator that did not occur here.  *See Granite Rock Co. v. Int'l B'hood of Teamsters, et al.*, 130 S. Ct. 2847, 2857 (2010) ("[a]rbitration is strictly a 'matter of consent,'… and thus 'is a way to resolve those disputes – *but only those disputes* – that the parties have agreed to submit to arbitration'") (internal citations omitted).  Having made without authority a determination reserved to the Court, the Award is not entitled to deference and must be vacated.

### 2. The Arbitrator Has No Authority Over Non-Consenting, Absent Class Members

It is well-settled that an arbitrator may not determine either the rights or obligations of non-parties to the arbitration, or claims not submitted for arbitration.  *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 140-41 (2d Cir. 2007); *Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama*, 312 F.2d 299, 301 (2d Cir. 1963); *see also Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 846-47 (6th Cir. 2003) (*citing Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1256 (7th Cir. 1994)); *Int'l B'hood of Elec. Workers, Local No. 265 v. O.K. Elec. Co.*, 793 F.2d 214, 216 (8th Cir. 1986).  Plaintiffs have offered to the Court nothing in the Record to establish that any of the 70,000 non-consenting, absent class members actually:  (1) submitted gender discrimination claims to Sterling's

3

RESOLVE Program; (2) manifested consent either to place the issue of clause construction before the Arbitrator; or (3) affirmatively consented to participate in the underlying arbitration before this Arbitrator.  In short, none of these non-consenting, absent class members ever agreed to this Arbitrator binding them to an arbitration to which they are strangers.

"Whether a party has agreed to 'submi[t] a particular dispute to arbitration' is typically an issue for judicial determination." *Granite Rock*, 130 S. Ct. at 2855.  This Court has previously ruled that where an arbitrator "goes beyond [the] self-limiting [arbitration] agreement between consenting parties it acts inherently without power, an award ordered under such circumstances must be vacated." *Amedeo Hotels LP v. New York Hotel And Motels Trade Council*, No. 10 Civ. 6150 (NRB), 2011 U.S. Dist. LEXIS 55032, at *22 (S.D.N.Y. 2011) (quoting *Porzig*, 497 F.3d at 140).  Here, absent class members placed no claims before the Arbitrator and they did not consent to the Arbitrator's determination to proceed with a class action purporting to bind them.  The Arbitrator thus had no source from which to draw authority over the claims of these absent class members.  Traditional deference does not constrain the Court from vacating an Award issued outside of the Arbitrator's authority.  *Id*.  Because the Arbitrator lacked the authority to certify a class that included absent class members who did not consent to the Arbitrator's determination of class arbitration in the first instance, the Award must be vacated.

### 3. The Second Circuit Has Already Rejected Plaintiffs' Attempt To Argue That The Arbitrator Had Authority To "Read" Into The RESOLVE Agreements The Consent Of Non-Parties

Ignoring the Second Circuit's unequivocal finding that absent class members did not consent to this Arbitrator determining the availability of class arbitration on their behalf, Plaintiffs remarkably still try to argue that absent class members did, in fact, consent to her deciding that question and issuing the Award, and that their "consent" is somehow rooted in the Arbitrator's interpretation of the RESOLVE agreements and AAA Rules.  (Opp. at 8-11.)  There

4

is absolutely no basis for Plaintiffs' argument in light of the Second Circuit's Summary Order. Plaintiffs posit that because the Arbitrator has interpreted the RESOLVE agreements as expressing intent on behalf of the absent class members, the Arbitrator functioned in an "interpretive" role and is entitled to have the Award confirmed under the deferential standard of review. Simply stated, to allow the Arbitrator now to reach through the RESOLVE agreements to exercise arbitral authority over individuals – who have neither submitted claims in the underlying arbitration nor subsequently consented to participate in the arbitration now before her – vitiates the fundamental requirement of consent for arbitrations regulated by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. *Oxford Health Plans, LLC v. Sutter*, 133 S. Ct. 2064, 2071 (2013) (Alito, J., concurring). Whether the Arbitrator interpreted a contract, or interpreted it correctly, is irrelevant to this inquiry where, as here, the Second Circuit has found already that these absent class members never consented to the Arbitrator determining whether class arbitration was permissible under the agreement in the first place. As Justice Alito explained in *Oxford Health*, "an arbitrator's erroneous interpretation of contracts that do not authorize class arbitration *cannot bind someone who has not authorized the arbitrator to make that determination*." *Oxford Health*, 133 S. Ct. at 2071 (emphasis added).

Notwithstanding, Plaintiffs argue that the Arbitrator found that "each member of the class agreed to submit all employment discrimination claims to binding arbitration when they signed the same RESOLVE Agreement, which endowed the Arbitrator with the 'power to award any types of legal or equitable relief that would be available in a court.'" (Opp. at 9-10, citing *Jock*, 646 F.3d at 126-27.) Plaintiffs' argument is circular, as it eradicates the notion of consent entirely by foreclosing the contractual right of each non-party to assert claims – or not – as she deems fit. More importantly, Plaintiffs' argument ignores the Second Circuit's Summary Order.

5

Plaintiffs also suggest that, in *Jock I*, the Second Circuit affirmed the legal rationale underlying the Arbitrator's clause construction decisions, laying the foundation for an Award implicating the rights and obligations of the absent class members. (Opp. at 3, 9-10.) Plaintiffs' reliance on *Jock I* is misplaced. The Second Circuit clearly held in its Summary Order that *Jock I* did not address the precise issue that has been presented to this Court on remand. (Summary Order at 3.) Rather, in *Jock I*, the Second Circuit held that because the Parties had submitted to the Arbitrator the clause construction question of the availability of class mechanisms under the similar RESOLVE agreements signed by Plaintiffs, the Arbitrator acted within the bounds of her authority and Sterling was bound by that determination. *Jock*, 646 F.3d at 115, 124 ("Under our precedent it is not for the district court to decide whether the arbitrator 'got it right' when the question has been properly submitted to the arbitrator …."). *Jock I* merely determined whether the RESOLVE agreements allowed for the named Plaintiffs to make use of class mechanisms but did not address whether the Arbitrator had the authority to bind absent, non-consenting class members. *Id.* at 127. The question before this Court is not whether Sterling is bound by the Award, but whether the Arbitrator exceeded her authority by purporting to bind absent class members to the Award.

Moreover, the considerations reviewed in *Jock I*, namely, silence with respect to class arbitration and the existence of a garden variety remedies clause, begs – but does not answer – the question of whether absent class members agreed to class procedures here. *See*, *e.g.*, *Gray v. Conseco, Inc.*, No. 00-CV-322, 2001 WL 1081347, at *2-3 (C.D. Cal. Sept. 6, 2001) (refusing to order class arbitration because arbitration agreement allowing arbitrator to award "all legal and equitable remedies" did not provide for class arbitration). More importantly, Plaintiffs' invocation of the clause construction decisions and *Jock I* sidesteps the central point in Sterling's

6

renewed motion vis-à-vis the 70,000 non-consenting, absent class members: the Arbitrator's clause construction decisions and ruling on Sterling's motion to dismiss cannot bind absent class members because while the Parties submitted the clause construction question to the Arbitrator and are bound by that decision, the 70,000 non-consenting absent class members did not. Those rulings are binding on the parties who consented to the Arbitrator making those determinations (which Sterling does not dispute), but the same rationale does not apply to absent class members who have not authorized the Arbitrator to make the determination as to them. The Arbitrator's "contractual interpretation" of the RESOLVE agreements on behalf of the named Plaintiffs, therefore, is no proxy for the consent of absent class members (which the Second Circuit already has found is lacking), and *Jock I* affords no "law of the case" authorizing otherwise.[2]

### 4. The Court Cannot Excuse The Absence Of Consent

Finally, Plaintiffs repeatedly offer an argument that echoes the notion of excusable neglect; namely, that absent class members did not join the arbitration because they relied on the 2009 clause construction clarification rulings and 2010 order denying Sterling's motion to dismiss as relieving them of the obligation to do so. (Opp. at 14 (class members should not have to opt in because they "abandoned filing consent to join forms altogether in reliance on these rulings[]").) This is fiction. Tellingly, Plaintiffs submit no declaration or other evidence to

---

[2] Further, in asserting their misplaced "law of the case" argument that the Arbitrator has previously ruled that putative class members did not need to consent or opt-in to the arbitration to be bound by the Arbitrator's rulings, Plaintiffs misrepresent the extent of the Arbitrator's previous clause construction clarification and motion to dismiss decisions. Both of those decisions addressed only the obligations of putative class members to exhaust the conditions precedent to arbitration of Steps 1 and 2 of the RESOLVE process (*i.e.*, Step 1: filing a RESOLVE claim with Sterling's RESOLVE Program Administrator; and Step 2: filing an appeal form). ECF Nos. 58-9; 58-13. Neither decision reached the question of whether a class member had to file an arbitration demand (*i.e.*, Step 3) or otherwise opt-in to the arbitration. *Id.* Accordingly, there is no "law of the case" that class members did not have to file arbitration claims or otherwise opt-in to this arbitration proceeding.

7

support their sweeping assertion that tens of thousands of women falling within the Title VII class definition knew about the existence of the private arbitration, much less these rulings, and relied upon them as expression of their affirmative consent to participate in the Title VII class action claim pending in the arbitration.[3]

> **B.   The AAA Supplementary Rules And Rule 23 Afford No Due Process Protection To Absent Class Members Who Have Not Consented To Participate In The Arbitration**

Plaintiffs urge that the Award should be upheld because the AAA Supplementary Rules for Class Arbitration, coupled with Fed. R. Civ. P. 23, afford due process protections for the absent class members who affirmatively indicate that they do not want to participate in the class claims.  This argument is without merit.  The RESOLVE agreement does not reference or incorporate the American Arbitration Association Supplementary Rules For Class Arbitrations.  Further, the Supplementary Rules cannot be used to authorize class proceedings, much less class proceedings binding non-parties.  Indeed, the Supplementary Rules themselves state their existence does not demonstrate assent to class arbitration and Plaintiffs have offered no response to this point in their Opposition.  *See* Supp. R. 3.  ("In construing the applicable arbitration clause, the arbitrator shall not consider the existence of these Supplementary Rules, or any other AAA rules, to be a factor either in favor of or against permitting the arbitration to proceed on a class basis.").  Simply stated, the Supplementary Rules do not carry the force of law as to provide jurisdiction over non-parties.

---

[3] Moreover, absent class members could not have relied on those rulings to decide to not act because, as discussed *supra*, the rulings do not even apply to the filing of an arbitral claim. Instead, those rulings relate only to whether claimants must comply with Steps 1 and 2 of The RESOLVE Program, preliminary steps required before an arbitral claim can be filed.  It is not surprising, therefore, that Plaintiffs provide no citations to the Record to demonstrate this supposed reliance by absent class members.

8

Moreover, the representation by Plaintiffs' counsel that pursuant to Supplementary Rule 4 and Rule 23, they will ensure the protection of the due process rights of the absent class members by sending them an opt-out notice, is of no legal effect and little assurance. Plaintiffs contend if the Arbitrator somehow reverses course and adjudicates monetary damages on a class-wide basis, an opt-out notice would cure the lack of consent on the part of absent class members. (Opp. at 2-3, 17-18.) This is beside the point because a class member who literally does nothing after receiving a class notice cannot be said to have entered into an agreement to submit claims to, and be bound by, an arbitrator. In fact, this was Justice Scalia's exact point in *Oxford Health*: silence in response to such a notice is insufficient to constitute consent to an arbitrator's authority to resolve a submitted dispute. *Oxford Health*, 133 S. Ct. at 2071 ("The distribution of opt-out notices does not cure this fundamental flaw in the class arbitration proceeding in this case. '[A]rbitration is simply a matter of contract between the parties,' and an offeree's silence does not normally modify the terms of a contract[.]") (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (citing 1 Restatement (Second) of Contracts § 69(1) (1979)).

Plaintiffs' contrary view – that this silence should bind an absent class member to the outcome of the arbitration – is completely at odds with the law governing contracts which applies here. *Ohio v. Gibson*, No. 10-AP-1047, 2011 WL 5184211, at *3 (Ohio App. 10th Dist. Nov. 1, 2011) ("[g]enerally, one party's silence after receiving an offer does not constitute acceptance of an offer").[4]

---

[4] *See Fultz & Thatcher v. Burrows Group Corp.*, No. CA 2005-11-126, 2006 WL 3833971, at *6 (Ohio Ct. App. Dec. 28, 2006) (Ohio court may not rewrite contract that did not address a particular foreseeable contingency); *Porter v. City of Columbus, Board of Indus. Relations*, 675 N.E.2d 1329, 1332 (Ohio Ct. App. 1996) ("[C]ourts will exercise great caution not to include in the contract, by construction, something which was intended to be excluded.") (quotation omitted).

9

**C.     Arbitral Decisions Have No Preclusive Effect Where Individuals Have Not Consented To Arbitration, Leaving This Arbitrator's Decisions Vulnerable To Collateral Attack**

Plaintiffs contend that "rulings on class claims brought in arbitration are equally binding as such rulings issued in the courts," and this somehow justifies the Arbitrator's power. (Opp. at 22.) This argument once again ignores the fundamental premise of the Second Circuit's Summary Order, namely, that these absent class members have not consented to have their claims adjudicated in this arbitration before this Arbitrator. Sterling recognizes that final arbitral awards undoubtedly have preclusive effect where the parties have consented to that arbitration. But where parties have not consented to arbitration, such as here, there can be no preclusive effect. Arbitration, after all, "is a matter of consent, not coercion." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989).

Here, absent class members never participated in this proceeding by affirmatively joining it, as did the parties at issue. Further, the absent class members have incentives to collaterally attack the Award because Plaintiffs' counsel stipulated that they would not seek compensatory damages on behalf of class members. (Award, Ex. 1 to Maatman Dec. (ECF No. 137), at 106.) Accordingly, absent class members will not necessarily be collaterally estopped from bringing individual claims that do not comport with the Arbitrator's rulings.

**III.    CONCLUSION**

The issue before the Court is not one of contract interpretation, or even one of legal error. The issue before the Court is whether an arbitrator's fundamental authority, derived from a contract between parties before her, is exceeded when the arbitrator attempts to bind absent individuals who have not invoked or consented to that arbitration or the rulings of that arbitrator. Without that authority, any attempt by the Arbitrator to bind absent class members is invalid, and the Award must be vacated.

10

**Dated:  September 11, 2017**

>Respectfully submitted,
>
>SEYFARTH SHAW LLP
>
>By:  /s/ Gerald L. Maatman, Jr.
>    Gerald L. Maatman, Jr.
>     gmaatman@seyfarth.com
>    Lorie E. Almon
>     lalmon@seyfarth.com
>    David Bennet Ross
>     dross@seyfarth.com
>    620 Eighth Avenue, 32nd Floor
>    New York, New York 10018-1405
>    Telephone: (212) 218-5500
>    Facsimile: (212) 218-5526
>
>    WEIL, GOTSHAL & MANGES, LLP
>    Jeffrey S. Klein
>     jeffrey.klein@weil.com
>    767 Fifth Avenue
>    New York, New York 10153-0119
>    Telephone: (212) 310-8000
>    Facsimile: (212) 310-8007
>
>    *Attorneys for Defendant,*
>    *Sterling Jewelers Inc.*

40820798v.4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                                        :    1:08 CV 2875 (JSR)
                                        :
**LARYSSA JOCK, et al.,**                :    U.S. District Judge Jed S. Rakoff
                                        :
      Plaintiffs,                   :
                                        :
      v.                            :
                                        :
**STERLING JEWELERS INC.,**              :
                                        :
      Defendant.                    :
---------------------------------------------------------X

## CERTIFICATE OF SERVICE

    I hereby certify that on September 11, 2017 I electronically filed the foregoing DEFENDANT'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO VACATE THE ARBITRATOR'S CLASS CERTIFICATION AWARD with the Clerk of the United States District Court, Southern District of New York using the CM/ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| Joseph M. Sellers | Sam J. Smith |
| Kalpana Kotagal | Loren B. Donnell |
| Shaylyn Cochran | Burr & Smith, LLP |
| Cohen Milstein Sellers & Toll PLLC | 442 West Kennedy Blvd., Suite 300 |
| 1100 New York Avenue, N.W. | Tampa, FL 33606 |
| Suite 500, West Tower | ssmith@burrandsmithlaw.com |
| Washington, D.C. 20005 | ldonnell@burrandsmithlaw.com |
| jsellers@cohenmilstein.com | |
| kkotagal@cohenmilstein.com | Thomas A. Warren |
| scochran@cohenmilstein.com | The Law Offices of Thomas A. Warren |
| | 2032-D Thomasville Road |
| John Douglas Richards | Tallahassee, FL 32308 |
| Cohen Milstein Sellers & Toll PLLC | P.O. Box 1657 |
| 88 Pine Street | tw@nettally.com |
| 14th Floor | |
| New York, NY 10005 | |
| drichards@cohenmilstein.com | |

*Attorneys for Plaintiffs*

                                        /s/   Gerald L. Maatman, Jr.
                                        Gerald L. Maatman, Jr.