# EXHIBIT D

BEFORE THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| LARYSSA JOCK, CHRISTY MEIERDIERCKS, KELLY CONTRERAS, MARIA HOUSE, DENISE MADDOX, LISA McCONNELL, GLORIA PAGAN, JUDY REED, LINDA RHODES, NINA SHAHMIRZADI, LEIGHLA SMITH-MURPHY, DAWN SOUTO-COONS, and MARIE WOLF, : : : : : : : : : : : | AAA CASE NO. 11 160 00655 08 |
| Claimants, : : | Arbitrator: Hon. John Gleeson  Case Manager: Jonathan Weed |
| -against- : : | |
| STERLING JEWELERS INC., : : | |
| Respondent. | |

## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Named Claimants Laryssa Jock, Christy Meierdierks, Kelly Contreras, Maria House, Denise Maddox, Lisa McConnell, Gloria Pagan, Judy Reed, Linda Rhodes, Nina Shahmirzadi, Leighla Smith, Dawn Souto-Coons and Marie Wolf (collectively, the "Named Claimants") now move for final approval of the class and collective action settlement and release of the claims asserted in this matter. Claimants have asserted claims on behalf of themselves and other members of the Equal Pay Act (EPA) Settlement Class and the Title VII of the Civil Rights Act of 1964 (Title VII) Settlement Class (collectively, Settlement Class Members) against Respondent Sterling Jewelers Inc. (Sterling).

Upon consideration of Claimants' Motion for Final Approval of the Settlement ("Claimants' Motion"), along with the oral arguments presented at the Final Fairness Hearing held on November 15, 2022, and the entire record herein, IT IS, this 15th day of November 2022,

**ORDERED:**

1.      The Arbitrator hereby grants Claimants' Motion and finally approves the settlement as set forth in the Parties' Settlement Agreement, Dkt. 0649 (the "Settlement Agreement).

2.      The Claimants' claims to monetary relief are certified as a class pursuant to Rule 4 of the American Arbitration Association Supplementary Class Action Rules and Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only.

3.      The terms of the settlement set forth in the Settlement Agreement are hereby approved.  For the reasons set forth in Claimants' Motion, and after holding a Final Fairness Hearing on November 15, 2022, the Arbitrator finds that the Settlement Agreement is fair and adequate, and a reasonable and equitable compromise of the claims in this case; that the Settlement Agreement is the result of extensive, arm's-length bargaining between the parties, after Class Counsel had extensively investigated the class claims and become familiar with the strengths and weaknesses of the matter over fourteen years of litigation; that the Settlement Agreement is in the best interest of the Named Claimants and of the Settlement Classes they have been certified to represent; that the service awards for the Named Claimants and Special Claimants set forth in Revised Exhibit 3 to the Declaration of Joseph Sellers are fair and reasonable in recognition of their extensive efforts and time undertaken to advance the interests of the class; and that the terms of the Settlement are within the range of outcomes that would constitute a fair resolution of this matter.

4.      The absence of any objections to the overall fairness of the settlement or to the allocation of settlement proceeds further confirms that the terms of the Settlement are fair and reasonable for the class as a whole.  The single objection lodged, which expressed doubt that the practices challenged by the Claimants had an adverse effect on her, did not provide grounds to question the fairness of the Settlement Agreement.  Another class member's inquiry that she was

eligible to receive a service award, which Class Counsel treated as effectively an objection, also did not provide grounds to question the fairness of the Settlement Agreement.

5. The Arbitrator granted preliminary approval of the Settlement and approved the issuance of notice to members of the Title VII and EPA Classes on June 23, 2022, Dkt. 0651, and the Claims Administrator provided timely notice to the Settlement Classes. *See* Dkt. 0652, Exh. 1 (Declaration of Epiq Class Action & Claims Solutions, Inc. ("Epiq")). The Arbitrator approves of the revised Exhibit 1 to the Settlement Agreement, which is an updated EPA Class List. Settlement Class Members have been provided proper and adequate notice of the terms of the Settlement Agreement, as well as the applicable dates and procedure by which to submit any objections or elect to opt out of the settlement. *See* Dkt. 0649 (Class Notice). The Arbitrator finds that the Notices constituted the best practicable notice to Settlement Class Members under the circumstances of this action, constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice, and otherwise fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

6. The Arbitrator affirms that the individuals identified by the Settlement Administrator as those who submitted timely claims to opt out of the settlement are hereby excluded from the monetary provisions of this settlement, pursuant to Section IX.C. of the Settlement Agreement. *See* Epiq Declaration, Dkt. 0652, Exh. 1. All members of the Title VII Settlement Class shall be bound by the programmatic relief provisions of the Settlement Agreement.

7. Class Counsel are awarded attorneys' fees in the amount of $45,000,000.00 and reimbursement of litigation costs in the amount of $4,866,000.00.

8. The Arbitrator confirms his prior Order appointing Epiq as the Claims Administrator in this case, Dkt. 0651, and the duties Epiq was previously ordered to perform therein in conjunction with any order granting final approval to the Settlement in this action.

9. The Arbitrator approves the reservation of $500,000.00 for the reasonable costs of settlement administration, as well as the use of the Reserve Fund, as defined in the Settlement Agreement, if fees and expenses incurred by the Settlement Administrator exceed $500,000.00

10. The Settlement Agreement provides that the parties intend to jointly ask the District Court to confirm this Final Approval Award. In the event the Court confirms the Final Approval Award and no appeal is filed within 30 days, or, if an appeal is filed within 30 days of the District Court's confirmation order, 30 days after the appeal has been finally resolved (hereinafter, "the Effective Date"), the Arbitrator directs that the Respondent shall wire the Gross Settlement Fund of One Hundred Seventy-Five Million Three Hundred Sixty-Six Thousand Dollars and No Cents ($175,366,000.00) to the Qualified Settlement Fund to be established by Epiq.

11. Within ten calendar days of the Effective Date, the Settlement Administrator will wire to Class Counsel the amounts approved for payment as attorneys' fees and expenses and will issue a check or checks to each Settlement Class Member who did not timely opt out of the Settlement Agreement for their wage, interest, liquidated damages, and service payment amounts, and will make appropriate withholdings consistent with Section V.K of the Settlement Agreement.

12. The Settlement Administrator shall disseminate those checks in accordance with the procedures enumerated in Sections V.L-O of the Settlement Agreement.

13. If there is any balance remaining in the Class Settlement Fund after the 120-day period for cashing the second distribution checks has expired, *see* Section V.O of the Settlement Agreement, 25 percent of any unclaimed funds will be paid to a fund dedicated to promoting

diversity, equity, and inclusion to support female associates at Sterling ("DEI Fund"), and the remaining 75 percent of such funds will be distributed *cy pres* to one or more charities selected by Class Counsel and agreed to by Sterling and subject to the approval of the Arbitrator.

14. By operation of this Order and upon the Effective Date, the Named Claimants, Special Claimants, and Settlement Class Members shall have fully, finally, and forever released, relinquished, and discharged all of their claims against the Released Parties as set forth in Section V.III of the Settlement Agreement.

15. Pursuant to Section V.II.D.2 of the Settlement Agreement, the Arbitrator will retain jurisdiction over this Settlement Agreement for a period of three years from the effective date of the Settlement Agreement to adjudicate any unresolved disputes regarding its provisions, which will be final and binding on the parties. On the expiration of that date, this action is automatically dismissed with prejudice.

SO ORDERED, this the 15th day of November 2022.

_____
JOHN GLEESON
Arbitrator